VANESSA L. HOLTON (111613)
ROBERT G. RETANA (148677)
SUZANNE C. GRANDT (304794)
MARC A. SHAPP (266805)
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA  94105-1639
Telephone: 415-538-2000; Facsimile: 415-538-2517
Email: Suzanne.grandt@calbar.ca.gov

Attorneys for Defendant State Bar of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENA | Case No. 1:22-mc-00043-EPG |
| in the matter of | Underlying Litigation: 8:18-ap-01065-SC |
| In re LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT | *Albert v. Farfan, et al.* |
| Debtor. | U.S. Bankruptcy Court for the Central District of California |
| LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT, | **AFFIDAVIT OF SUZANNE C. GRANDT IN SUPPORT OF DEFENDANT STATE BAR OF CALIFORNIA'S MOTION TO COMPEL** |
| Plaintiff, | **(L.R. 251(d))** |
| v. | **HEARING:** |
| MARICRUZ FARFAN, et al., | DATE:    April 8, 2022 TIME:     10:00 AM PLACE:  Courtroom 10, Fresno JUDGE:  Magistrate Judge Erica Grosjean |
| Defendants. | |

I, Suzanne C. Grandt, hereby declare:

Introduction

1.  I am an attorney licensed to practice before this Court. I am an Assistant General Counsel for Defendant and moving party State Bar of California ("State Bar"), and I represent the State Bar in this subpoena enforcement action and the underlying action in the United States Bankruptcy Court for the Central District of California, *Albert v. Farfan*, et al., Case No. 8:18-ap-01065-SC.

2.  I make this declaration in support of the State Bar's Motion to Compel (ECF No. 1) pursuant to Local Rule 251(d) due to Non-Party Witness Leslie Westmoreland's refusal to meet and confer (*see,* ¶¶ 20-23, *infra.*). I have personal knowledge of all matters stated herein, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

3.  As set forth more fully below, the Motion to Compel is being brought because Leslie Westmoreland (an attorney admitted to practice before this Court) is a witness in an upcoming trial who has evaded and refused to comply with a lawfully issued and validly served subpoena. Fact discovery in the underlying matter is set to close on April 15, 2022, and therefore a court order is necessary for the State Bar to obtain Mr. Westmoreland's deposition testimony prior to that date.

4.  Mr. Westmoreland has provided no valid grounds whatsoever for his refusal to comply with the subpoena, and he has furthermore violated this Court's rules by refusing to meet and confer despite multiple requests. Therefore, the Court should issue an order compelling Mr. Westmoreland to comply with the subpoena by testifying and producing documents, or be subject to contempt sanctions pursuant to Rule 45(g) of the Federal Rules of Civil Procedure and Civil Local Rule 110.

The Subpoena Issued to Leslie Westmoreland in *Albert v. Farfan et al.*

5.  The subpoena the State Bar seeks to enforce in this action was issued in relation to *Albert v. Farfan, et al.*, Bankr. C.D. Cal. Case No. 8:18-ap-01065-SC. The plaintiff in that matter, Lenore Albert, has disclosed Leslie Westmoreland as an individual likely to have discoverable information relevant to Albert's claims. A true and correct copy of Albert's Amended Supplemental Rule 7026 Disclosure of Plaintiff Lenore Albert is attached hereto as **Exhibit 1**.  *See*, ¶ 19 of the Disclosure.

6.  Due to Plaintiff Lenore Albert's disclosure of Mr. Westmoreland as a potential witness, the State Bar seeks discovery to identify the evidence that Mr. Westmoreland is purportedly to provide.

7.  On December 17, 2021, Mr. Westmoreland was personally served with a subpoena commanding him to appear on January 12, 2022 at 9:30 a.m. and to produce records, pursuant to Rule 45 of the Federal Rules of Civil Procedure. The State Bar also tendered to Mr. Westmoreland a check in the amount of $40.00 for witness fees. A true and correct of the December 17, 2021 subpoena served on Mr. Westmoreland is attached hereto as **Exhibit 2**.

Mr. Westmoreland's Numerous Delays of the Deposition.

8.  On December 17, 2021, Mr. Westmoreland called me and stated that he could not attend the deposition on January 12, 2022 due to his wife's surgery and that he could do any other date in January. We had a brief telephone conversation, in which I told Mr. Westmoreland that I would email him with alternative dates. Mr. Westmoreland agreed to accept email service of an amended subpoena. Accordingly, on December 20, 2022, I emailed Mr. Westmoreland asking him to confirm whether he was available on January 18, 2022. Mr. Westmoreland responded that same day confirming that this date worked for him. A true and correct copy of my December 20, 2022

email correspondence with Mr. Westmoreland is attached hereto as **Exhibit 3**.

9. On December 22, 2021, Mr. Westmoreland requested that the deposition be moved to the month of February 2022 due to family reasons. The State Bar agreed to Mr. Westmoreland's request and confirmed that he would be able to be deposed on February 1, 2022. A true and correct copy of my December 22, 2022 email correspondence with Mr. Westmoreland is attached hereto as **Exhibit 4**.

10. On January 4, 2022, the State Bar served Mr. Westmoreland the First Amended Subpoena commanding him to appear for deposition on February 1, 2022, a true and correct copy of which is attached hereto as **Exhibit 5.**

11. On January 27, 2022, Mr. Westmoreland emailed State Bar counsel stating that he could not attend the February 1, 2022 deposition due to family reasons. On January 28, 2022, my co-counsel, Marc Shapp, offered to reschedule Mr. Westmoreland's deposition, and suggested a date during the week of February 28 through March 4. Mr. Westmoreland did not respond to this January 28 correspondence. A true and correct copy of this January 27-28, 2022 correspondence (and the subsequent correspondence referred to in ¶¶ 12, 13, 14 and 15 below) is attached hereto as **Exhibit 6**.

12. On February 1, 2022, Mr. Shapp wrote Mr. Westmoreland again to reiterate the State Bar's offer to reschedule the deposition pursuant to his request. A true and correct copy of the February 1, 2022 correspondence from Mr. Shapp to Mr. Westmoreland is attached hereto as **Exhibit 6**.  Mr. Westmoreland did not respond to this correspondence either.

13. On February 10, 2022, Mr. Shapp wrote Mr. Westmoreland to advise that he had received no response to his January 28 and February 1 correspondence. In this correspondence, Mr. Shapp further informed Mr. Westmoreland that,

due to Mr. Westmoreland's failure to cooperate in scheduling a mutually agreeable deposition, the State Bar reserved its right to issue a subpoena setting a deposition on a date of the State Bar's choosing. A true and correct copy of the February 10, 2022, correspondence from Mr. Shapp to Mr. Westmoreland is attached hereto as **Exhibit 6**.

14. Mr. Shapp informed me that he spoke with Mr. Westmoreland on February 10, 2022, and Mr. Westmoreland stated that he agreed to be deposed during the week of February 28, 2022.

15. On February 11, 2022, in follow-up to the February 10 telephone conversation referenced above, Mr. Shapp wrote Mr. Westmoreland to confirm the deposition time and date of March 4, 2022, at 9:30 a.m. Mr. Westmoreland replied the same day to confirm his agreement, stating "Thank you so much Mark that date is fine with me." A true and correct copy of this February 11, 2022 correspondence is attached hereto as **Exhibit 6**.

16. On February 11, 2022, the State Bar served Mr. Westmoreland the Second Amended Subpoena setting a deposition date and time of March 4, 2022, at 9:30 a.m., a true and correct copy of which is attached hereto as **Exhibit 7**. Mr. Westmoreland responded via email on February 12, 2022, confirming that he received the Second Amended Subpoena. A true and correct copy of Mr. Westmoreland's February 12, 2022 email response is attached hereto as **Exhibit 8.**

17. On March 1, 2022, Mr. Westmoreland left Mr. Shapp a voicemail requesting an additional delay of the deposition, with no explanation as to why Mr. Westmoreland could not attend the deposition or produce records.

18. By letter of March 1, 2022, Mr. Shapp responded and explained that the State Bar had already accommodated two requests by Mr. Westmoreland to

reschedule the deposition, and that the March 1 request was made without any explanation or excuse. Mr. Shapp informed Mr. Westmoreland that the State Bar therefore would not agree to further delay in the taking of Mr. Westmoreland's deposition. A true and correct copy of Mr. Shapp's March 1, 2022 email to Mr. Westmoreland is attached hereto as **Exhibit 9**. The State Bar received no response to Mr. Shapp's letter.

<u>Mr. Westmoreland's Tardy Appearance and Refusal to Provide Testimony at the March 4, 2022 Deposition.</u>

19. At the date and time specified in the Second Amended Subpoena, on March 4, 2022, at 9:30 a.m., the State Bar attempted to commence Mr. Westmoreland's deposition. However, Mr. Westmoreland did not appear. I attempted to call Mr. Westmoreland at approximately 9:40 a.m., but the call went to his voicemail, which was full.

20. At 9:41 a.m., I wrote Mr. Westmoreland an email informing him that the parties were awaiting his attendance and that the Zoom link would remain open until 10:00 a.m. A true and correct copy of my March 4, 2022 email to Mr. Westmoreland is attached hereto as **Exhibit 10.**

21. At or around 9:50 a.m., Plaintiff Lenore Albert informed me that she was able to reach Mr. Westmoreland and that Mr. Westmoreland had told Ms. Albert that he was unable to attend the deposition due to illness.

22. At 9:58 a.m., Mr. Westmoreland emailed me and stated: "I am ill, weeks now, and so is my wife. I've asked for more time, but hae npt [sic] heard back. Ijust [sic] need more timbar.e [sic]; please understand, and I thnk [sic] the bar." A true and correct copy of Mr. Westmoreland's March 4, 2022 email to me is attached hereto as **Exhibit 11.**

23. Mr. Westmoreland then appeared at the Zoom deposition at approximately 10:00 a.m. and stated that he was allegedly too ill to move forward with the

deposition. I asked Mr. Westmoreland if he knew what date he would be ready to be deposed, and he stated that he did not know. A true and correct copy of the Reporter's Transcript of the March 4, 2022 deposition is attached hereto as **Exhibit 12**.

24. Although each subpoena issued by the State Bar to Mr. Westmoreland, including the Second Amended Subpoena, also commanded Mr. Westmoreland to produce records, to date, Mr. Westmoreland has not produced any records nor has he provided any objections.

Mr. Westmoreland's Refusal to Meet and Confer Regarding This Motion.

25. Due to Mr. Westmoreland's refusal to comply with the Second Amended Subpoena, the State Bar was required to file this Motion to Compel. The Motion was filed in this judicial district because the subpoena is sought to be enforced in Fresno, California (where Mr. Westmoreland resides).

26. On March 14, 2022, I filed the instant Motion to Compel (ECF No. 1) and served it on Mr. Westmoreland with a cover letter explaining the reasons for the Motion and requesting Mr. Westmoreland's agreement to a stipulated resolution, or alternatively requesting a meet and confer pursuant to Local Rule 251(b). A true and correct copy of my March 14, 2022 letter to Mr. Westmoreland is attached hereto as **Exhibit 13**.

27. Mr. Westmoreland acknowledged service of the Motion to Compel in a March 16, 2022 email response. However, Mr. Westmoreland did not provide a date and time to meet and confer pursuant to Local Rule 251(b), as I had requested. Therefore, I replied the same day to Mr. Westmoreland's email and requested that he either agree to the stipulated resolution I had proposed in my March 14, 2022 letter or that he provide a date and time at which he would meet and confer with me as required by Local Rule 251(b).

A true and correct copy of my March 16, 2022 email correspondence with Mr. Westmoreland is attached hereto as **Exhibit 14**.

28. Having received no further response from Mr. Westmoreland, I wrote him again on March 21, 2022, reiterating my request for a meet and confer and informing him that if he failed to respond, the State Bar would proceed in the manner provided by Local Rule 251(d) by filing this Affidavit. A true and correct copy of my March 21, 2022 letter to Mr. Westmoreland is attached hereto as **Exhibit 15**.

29. On March 22, 2022 at 6:37 p.m., Mr. Westmoreland e-mailed me stating "I don't even Know why I'm being deposed and I have received no notice of why I'm being deposed please explain that just as a courtesy and I respect." I responded on March 23, 2022 at 12:03 p.m. informing Mr. Westmoreland that the State Bar was seeking his deposition because Plaintiff Lenore Albert listed him in her disclosures as an individual having knowledge of facts relevant to her claims in this litigation. I also informed Mr. Westmoreland that Ms. Albert has refused to engage with the State Bar in any meaningful way to eliminate the need for his deposition.  A true and correct copy of our March 22-23, 2022 e-mail correspondence is attached hereto as **Exhibit 16**.

<u>Due to Mr. Westmoreland's Non-Compliance with the Subpoena, the State Bar Seeks an Order Compelling Westmoreland to Comply or be Held in Contempt.</u>

30. As explained above, Mr. Westmoreland was properly served with a lawfully issued subpoena but has continually refused to comply. Therefore, a court order is appropriate and necessary to compel Mr. Westmoreland's compliance.

31. Rule 45(g) of the Federal Rules of Civil Procedure states: "The court for the district where compliance is required . . . may hold in contempt a person

1   who, having been served, fails without adequate excuse to obey the

2   subpoena or an order related to it."

3   32. Here, Mr. Westmoreland has provided no adequate excuse to obey the

4   subpoena. Mr. Westmoreland has never provided any legal objections to the

5   subpoena. Although Mr. Westmoreland claims to have personal and family

6   reasons for refusing to testify, the State Bar has attempted to reasonably

7   accommodate Mr. Westmoreland's averred personal issues by agreeing to

8   reschedule the deposition numerous times over a period of two months.

9   Despite this, Mr. Westmoreland continues to evade the subpoena.

10   33. The State Bar must be able to secure Mr. Westmoreland's deposition

11   testimony now because fact discovery in the underlying matter is set to close

12   on April 15, 2022.  A true and correct copy of the scheduling order in this

13   case is attached hereto as **Exhibit 17.**

14   34. Mr. Westmoreland's refusal to meet and confer in relation to this Motion

15   also provides a separate and additional basis for summarily granting the

16   State Bar's motion and for issuing sanctions. *See* Local Rule 251(d)

17   ("Refusal of any counsel to participate in a discovery conference, or refusal

18   without good cause to execute the required joint statement, shall be grounds,

19   in the discretion of the Court, for entry of an order adverse to the party

20   represented by counsel so refusing or adverse to counsel."); Local Rule 110

21   ("Failure of counsel or of a party to comply with these Rules or with any

22   order of the Court may be grounds for imposition by the Court of any and all

23   sanctions authorized by statute or Rule or within the inherent power of the

24   Court.").

25   <u>Conclusion.</u>

26   35. Therefore, for the reasons set forth above, the State Bar respectfully asks the

27   Court to enter the [Proposed] Order, filed herewith, which commands Leslie

28

# EXHIBIT 1

Lenore L. Albert, Esq. SBN 210876
31872  Joshua Dr #22C
Trabuco Canyon, CA 92679
Phone 424-365-0741

Email: lenorealbert@msn.com
Debtor/Plaintiff, pro per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT<br>Debtor, | Chapter 7 |
| | CASE NO. SA 8:18-bk-10548-ES |
| LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT, | ADVERSARY NO. 8:18-ap-01065-SC<br>8:20-ap-01095-SC |
| Petitioner/Plaintiff(s), | |
| v. | Assigned to the Hon. Scott C. Clarkson<br>Ctrm: 5C – Fifth Floor |
| MARICRUZ FARFAN, et al. | **AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF LENORE ALBERT** |
| Respondents/Defendants | |
| And related Cases. | |

EXHIBIT

**4**

ALBERT
1/10/2022    CSR: J. JOHNSTON

i

AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF
LENORE ALBERT

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOW COMES** Plaintiff, Lenore Albert, and hereby AMENDS her supplemental disclosures dated December 14, 2021 in accordance with Rule 26(a)(1) of the Federal Rules of Bankruptcy Procedure, rule 7026 which supplemented her original responses of October 2, 2021 as follows:

**II. DISCLOSURES**

**A. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Plaintiff supplements her prior responses and further states the following individuals are likely to have discoverable information that may be used to support their claims or defenses.

1. The State Bar of California's 30(b)(6) witness, Insurance Representative; and others whose identity has not yet been disclosed by the Defendants. These individuals are likely to have knowledge regarding the violations found in the violation of federal bankruptcy law, policies, practices and procedures of the State Bar and are a fact witness as to the claims and defenses in this action.

2. Maricruz Farfan, has knowledge with regard to communications with Greg Diamond, the State Bar investigator, the State Bar Court and about documents being prepared and sent in this case and the business practice and acts of her employer, and other co-defendants as to probation timelines, reinstatement/suspension dates by the State Bar, publication of those dates, Ford Credit, David Seal, Meagan Nikolic and their policies and procedures. She may be reached through her attorney of record. Maricruz Farfan California State Bar 845 S. Figueroa St. | Los Angeles, CA 90017 phone 213-765-1452 | Maricruz.Farfan@calbar.ca.gov | fax 213-765-1439

3. Linda Knitter, has knowledge of the State Bar policies on demanding disciplinary costs and fees and the demands made in this case. California State Bar 180 Howard St. | San Francisco, CA 94105 415.538.2241 | linda.knitter@calbar.ca.gov

1

**AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF LENORE ALBERT**

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

4. Timothy Byer, has knowledge with regard to communications with Greg Diamond, Devin Lucas, David Seal, Nira Woods, Maegan Nikolic, Ford Credit and/or its attorneys, Maricruz Farfan, the State Bar investigator, the State Bar Court and about documents being prepared and sent in this case and the business practice and acts of her employer, and other co-defendants as to probation timelines, reinstatement/suspension dates by the State Bar and their policies and procedures in following federal law. He may be reached through his attorney of record. California State Bar 845 S. Figueroa St. | Los Angeles, CA 90017.

5. Alex Hackert, has knowledge with regard to communications with Greg Diamond, Devin Lucas, David Seal, Nira Woods, Maegan Nikolic, Ford Credit and/or its attorneys, Maricruz Farfan, the State Bar investigator, the State Bar Court and about documents being prepared and sent in this case and the business practice and acts of her employer, and other co-defendants as to probation timelines, reinstatement/suspension dates by the State Bar and their policies and procedures in following federal law. He may be reached through his attorney of record. California State Bar 845 S. Figueroa St. | Los Angeles, CA 90017.

6. Devin Lucas, has knowledge with regard to the payments made to him by plaintiff, the State Bar court order, attempts to collect on the purported debt, communications with Greg Diamond, David Seal, Nira Woods, Maegan Nikolic, Ford Credit and/or its attorneys, Maricruz Farfan, the State Bar investigator, the State Bar Court and about documents being prepared and sent in this case and the business practice and acts of her employer, and other co-defendants as to probation timelines, reinstatement/suspension dates by the State Bar and their policies and procedures in following federal law. He may be reached through his attorney of record.

2

**AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF LENORE ALBERT**

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

7. Nira Woods, has knowledge with regard to the payments made to her by plaintiff, the State Bar court order, attempts to collect on the purported debt, communications with the CSF fund, Greg Diamond, David Seal, Devin Lucas, Timothy Byer, Maegan Nikolic, Ford Credit and/or its attorneys, Maricruz Farfan, the State Bar investigator, the State Bar Court and about documents being prepared and sent in this case and the business practice and acts of her employer, and other co-defendants as to probation timelines, reinstatement/suspension dates by the State Bar and their policies and procedures in following federal law. She may be reached in Torrance Ca as stated in the record.

8. Benson Hom, has knowledge with regard to communications with Maricruz Farfan, Cindy Chan, State Bar employees and Plaintiff and about documents attempting to use the State Bar system to retaliate even after a viable claim to collect in violation of federal law surfaced. He can be reached through counsel. California State Bar 845 S. Figueroa St. | Los Angeles, CA 90017.

9. Betty Yung, has knowledge with regard to communications with Nira Woods, the CSF administrators, Maricruz Farfan, Cindy Chan, State Bar employees and Plaintiff and about documents attempting to use the State Bar system to collect $20,000.00 from plaintiff after bankruptcy for Nira Woods. She can be reached through counsel. California State Bar 845 S. Figueroa St. | Los Angeles, CA 90017.

10. Suzanne Grandt, has knowledge with regard to communications about failing to reinstate plaintiff's license while in a Chapter 13 after the 30 day suspension was over. She can be reached through counsel. California State Bar 180 Howard St. | San Francisco, CA 94105

3

**AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF LENORE ALBERT**

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

11. Brooke Noble, has knowledge of the impact and damages the violation of federal law caused. Her address and phone number unknown, Selma, CA who can be contacted at email: readproverbs8@gmail.com

12. Dan Chmielewski, has knowledge of the impact and damages the violation of federal law caused in regards to reputational harm and the involvement of Greg Diamond, the Orange Juice Blog and the Liberal OC Blog. He also has knowledge of the State Bar acting recklessly such as serving the wrong subpoena upon him. He can be reached at 19 Wedgewood, Irvine, California 92602 dchm@cox.net 949-231-2965

13. Ed Garza has knowledge of the impact and damages the violation of federal law caused. He can be reached at Ed Garza 1010 West MacArthur Blvd #22, Santa Ana, CA 92707 esiewolfie@gmail.com 714-317-3969

14. Greg Diamond has knowledge of the initial suspension being pressured by him for the benefit of the local Orange County D.A. race where he supported Todd Spitzer and it extending to the eve of the election. He continued to communicate with the State Bar and publicly blog about respondent's suspension through to the present in the Orange Juice Blog. He can be reached at 920 Steele Dr, Brea, CA 92821-2229. GregDiamond@yahoo.com, 714-782-4734.

15. James Ocon has knowledge of the impact and damages the violation of federal law caused. He can be reached at James Ocon, 31872 Joshua Dr #22C, Trabuco Canyon, CA 92679 719-505-2817 jimocon@att.net

16. Joanne Anderson Miltmore has knowledge of the impact and damages the violation of federal law caused. She also has knowledge of the State Bar acting recklessly such as

4

**AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF LENORE ALBERT**

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

serving the wrong subpoena upon her. She can be reached at 22952 via Miramar, Laguna Niguel, CA 92677 949-521-4188 dvqueen@cox.net

17. Judie Callan, has knowledge of the impact and damages the violation of federal law caused in that she was the realtor who located the buyer of the home in 2020. She can be reached at 2280 Savi Ranch Pkwy, Yorba Linda, CA 92887 714-715-6421 judiecallan@gmail.com

18. Lenore Albert, plaintiff in this case who has knowledge about the facts alleged in the complaint and can be reached at the address listed in the caption.

19. Leslie Westmoreland has knowledge of the State Bar disciplinary system and the impact and damages the violation of federal law caused because he was one of the attorneys who hired Plaintiff while she was suspended and he used to be a prosecutor that worked with the State Bar prosecutors. He can be reached at Fresno, CA - Leslie W. Westmoreland, Esq. SBN 195188 1606 East Griffith Way PO Box 5137 Fresno, CA 93755-5137 Phone: (559) 970-6053 Email: LeslieWW1@gmail.com

20. Maegan Donovan Nikolic has knowledge of the involvement of third parties creating a coordinated attack on Respondent by urging continued suspension of Plaintiff. She can be reached at MAEGAN NIKOLIC megnikolic@gmail.com 7326 PICKERING AVENUE E WHITTIER, CA 90602 (phone number unknown)

21. Maria Mejia, Esq. has knowledge of the damages due to the federal violation because she was an attorney who hired Plaintiff while she was suspended. She can be reached at PO Box 6523, Burbank, CA 91510. 818-389-1998

22. Mary McCulley has knowledge of the impact and damages the violation of federal law caused. She can be reached at 206 Philips Court, Owensboro, KY 42301 as listed in her proof of claim. marymcculley@gmail.com 941 400 5109

5

**AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF LENORE ALBERT**

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

23. Thomas Scott Schales, has knowledge of the impact and damages the violation of federal law caused. He loaned Plaintiff the money to get her license reinstated. He can be reached at 16522 Hillview Circle Unit B, Huntington Beach, CA 92649 714-742-2060 tscottschales@gmail.com

24. Tye Clevenger as a suspended attorney, has knowledge of the custom and practice of the State Bar disciplinary system and payments for reinstatement. He can be reached at 212 S Oxford St, Apt 7D, Brooklyn, NY 11217-4227 Phone: 979-985-5289 | Fax: 979-530-9523 Email: tyclevenger@yahoo.com  according to his State Bar record.

25. Marilyn Scheer as a suspended attorney, has knowledge of the custom and practice of the State Bar disciplinary system and payments for reinstatement as a debtor in bankruptcy. She can be reached at 6530 Sepulveda Blvd Apt 216, Van Nuys, CA 91411-1318 Phone: 323-336-2525 | Fax: Not Available Email: mscheer54@earthlink.net according to her State Bar record.

26. Jeremy Roark as a suspended attorney, has knowledge of the custom and practice of the State Bar disciplinary system and payments for reinstatement as a debtor in bankruptcy who can be reached through his attorney of record Richard L Barrett on behalf of Respondent Jeremy Nathan Roark thebarrettlawoffice@yahoo.com 5806 Magnolia Ave, Riverside, CA 92506-1827 Phone: 951-784-8320 | Fax: 951-784-8333

27. Anthony Kassas as a suspended attorney, has knowledge of the custom and practice of the State Bar disciplinary system and payments for reinstatement as a debtor in bankruptcy who can be reached through his attorney of record Jonathon Hayes, Esq. at jhayes@rhmfirm.com

6

**AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF LENORE ALBERT**

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

28. Custodian of Records for BrandYourself, has knowledge of the impact and damages the violation of federal law caused Plaintiff and the cost to repair the reputation damage online. BrandYourself records can be subpoenaed at BrandYourself, 53 W James St Lancaster, PA 17603, 646-863-8226.

29. Expert witnesses as to business practices, liability, causation and damages to be determined.

30. There may be other parties or witnesses that have discoverable information Plaintiff may use to support her claims or defenses. Plaintiff is not able to identify those people at this time, and reserve the right to revise, supplement, and/or expand upon this list of individuals when such information becomes available.

**C. COMPUTATION OF DAMAGES**

The computation of Damages which can be found on the 10-page document captioned "Damages Worksheet"

**E. RESERVATIONS AND CERTIFICATION**

Pursuant to Rule 26(e), Plaintiff reserves the right and recognizes her duty to supplement these disclosures as necessary and as the Rule requires. Pursuant to Fed. R. Civ. P. 26(g)(1), the undersigned certifies that to the best of her knowledge, information and belief, formed after a reasonable inquiry, these disclosures are complete and accurate as of this date.

Dated: January 7, 2022          Respectfully Submitted,

/s/ Lenore L. Albert
Lenore L. Albert, Esq.
Plaintiff and Debtor, pro se

7

**AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF
LENORE ALBERT**

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

## PROOF OF SERVICE OF DOCUMENT

1

2

3  I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business
4  address is: 31872 Joshua Dr 22C, Trabuco Canyon, CA 92679
A true and correct copy of the foregoing document entitled: **SUPPLEMENTAL RULE 7026**
5  **DISCLOSURES OF PLAINTIFF LENORE ALBERT**

6  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR
7  5005-2(d); and **(b)** in the manner stated below:

8  **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE
TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to
9  F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 1-07-2022, I served the following persons and/or
entities by personal delivery, overnight mail service, or (for those who consented in writing to such
10  service method), by facsimile transmission and/or email as follows:
11  Richard L Barrett on behalf of Respondent Jeremy Nathan Roark thebarrettlawoffice@yahoo.com
(email)
12  **Marc Schapp**, for The State Bar of California, Maricruz Farfan, Timothy Byer, Alex Hackert, Paul
Bernardino, Hon. Yvette Roland Email: marc.schapp@calbar.ca.gov (email)
13  **Suzanne C Grandt**, for State Bar of California, Maricruz Farfan, Timothy Byer, Alex Hackert, Paul
14  Bernardino, Hon. Yvette Roland Email: suzanne.grandt@calbar.ca.gov (email)
☐ Service information continued on attached page
15  I declare under penalty of perjury under the laws of the United States that the foregoing is true and
16  correct.

17  | 1-07-2022 | James D. Ocon | /s/James D. Ocon |
18  | *Date* | *Printed Name* | *Signature* |

8

**AMENDED SUPPLEMENTAL RULE 7026 DISCLOSURES OF PLAINTIFF
LENORE ALBERT**

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

# EXHIBIT 2

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| Central | District of | California |
|---------|-------------|-----------|

In re   Lenore Luann Albert-Sheridan
_____
Debtor

Case No.   8:18-ap-10548-ES

*(Complete if issued in an adversary proceeding)*

Chapter   7

Lenore Luann Albert-Sheridan dba Law Offices of Lenore Albert
Plaintiff

v.

Maricruz Farfan, et al.
Defendant

Adv. Proc. No.   8:18-ap-1065-SC

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Leslie Westmoreland, 1606 East Griffith Way, Fresno  CA 93755-5137
_____
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to
be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more
officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following
matters, or those set forth in an attachment:

| PLACE     Garden Inn and Suites                          | DATE AND TIME                  |
|           4949 N Forestiere Avenue, Fresno CA 93722       | January 12, 2022; 9:30 a.m.    |

The deposition will be recorded by this method:
   Stenographic means.

☒ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are
attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a
subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not
doing so.

Date:  12/10/2021

               **CLERK OF COURT**

                                          OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
The State Bar of California       , who issues or requests this subpoena, are:
Suzanne C. Grandt, 180 Howard Street, San Francisco CA 94105; 415-538-2388

                **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the
inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on
the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Leslie Westmoreland
on *(date)* 12/10/21 .

☑ I served the subpoena by delivering a copy to the named person as follows: Leslie Westmoreland, Personally at 4235
North College Avenue, Fresno, California 93704 at 5:16 p.m.

_____ on *(date)* _____ 12/15/21 _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of S _____ 40.00 _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____ 12/17/21 _____

_____
*Server's signature*

JOSHUA MASTERSON, Registered California Process Server
*Printed name and title*
1099 East Champlain Drive, Suite A-102, Fresno, California 93720
Phone No.: (559) 222-2274 / Fax No.: (559) 222-2348
Registration No.: S202010000010/ County: FRESNO
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT  A

Pursuant to Federal Rules of Civil Procedure, Rule 45, and in accordance with the
Instructions and Definitions set forth below, Defendant, The State Bar of California, propounds
the following requests for production of documents to Leslie Westmoreland.

## INSTRUCTIONS AND DEFINITIONS

1.      The term "You" or "Your" refers to the deponent/witness Leslie Westmoreland.

2.      The term "Defendant" refers to the Defendant, THE STATE BAR OF CALIFORNIA, in
this action.

3.      The term "Plaintiff" refers to the Plaintiff, LENORE ALBERT, in this action.

4.      The term "Document" means all originals, copies, all non-identical copies (whether by
reason of handwritten notations thereon or otherwise), of written or documentary materials, as
well as recordings and sound reproductions, letters, notes, telexes, telecopies, facsimiles,
photographs, correspondence, agreements, drafts, memoranda, contracts, books, records,
journals, ledgers, minutes, telecopier logs or transmission receipts, financial statements, bank
statements, telephone message slips, telephone invoices, computer print-outs, electronic mail
messages, worksheets, drawings, specifications, invoices, or shipping papers. "Document" shall
also include any file, document, data, words, or information, in draft or final form, on a
computer, flash drive, or source of storage, or hard drive, or in the memory of a computer
network or mainframe, or on a file server.

5.      Please produce copies of electronically stored information ("ESI") that is responsive to
these requests, as they are kept in the usual course of business, including all non-identical copies.
ESI includes media such as a computer's hard drive; peripheral storage devices (disks and
backup tapes); thumb drives; laptops; cell phones; and personal data assistants. ESI is not limited
to data stored on computers or a data server. It also includes sound recordings, video recordings,
digital photographs, voice mail, text messages, records of Internet searches, and even "deleted
files" if they can be recovered.  All ESI should be produced with metadata intact.

## EXHIBIT  A

6.     The term "communication" means any manner or form of information, memorandum, notes or message transmission, however produced or reproduced, whether by Document as herein defined or orally or otherwise, which is made by you or others or which is distributed or circulated between or among persons, or data storage or processing units, including computer data storage and processing units, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

7.     The terms "relates to," "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed or the identified individual.

8.     For all documents and information withheld for any claimed privilege or exemption from discovery, please prepare a privilege log for all documents and information withheld, including the following: (1) the date of the document; (2) the author of the document; (3) the recipient of the document; (4) the general subject matter; and (5) the privilege asserted.

9.     These discovery requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are documents that are responsive to more than one request, please note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

### DOCUMENT REQUEST

1.  All documents referring to, relating to, or evidencing payments to Plaintiff from February 26, 2019 through the present.

2.  All documents referring to, relating to, or evidencing Plaintiff's employment from February 26, 2019 through the present.

3.  All documents reflecting or relating to offers of employment extended to Plaintiff, including but not limited to requests for legal representation, from February 26, 2019 through the present, whether or not such offer was accepted.

## EXHIBIT  A

4. All documents referring to, relating to, or evidencing your "knowledge of the impact and damages" to Plaintiff due to Defendant's alleged violations of federal law.

5. All documents referring to, relating to, or evidencing communications between you and Plaintiff referring to, relating to, or in connection with the claims Plaintiff has alleged in this adversary proceeding.

# EXHIBIT 3

| From: | Leslie Westmoreland |
|---|---|
| To: | Randolph, Joan |
| Cc: | Grandt, Suzanne; Shapp, Marc |
| Subject: | Re: Lenore Albert v State Bar of California, et al.; USBC Central District Adv Proceeding No. 8:18-ap-1065 |
| Date: | Monday, December 20, 2021 3:55:29 PM |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Oh, please send me a reminder the day before; thanks much

 Virus-free. www.avast.com

On Mon, Dec 20, 2021 at 3:07 PM Randolph, Joan <Joan.Randolph@calbar.ca.gov> wrote:

> Mr. Westmoreland,
>
> In reference to your request to move your deposition which was scheduled for Wednesday, January 12, 2022, would Tuesday, January 18th work for you? If so, would you consent to electronic service of the revised subpoena? Please let me know at your earliest convenience.
>
> Thank you in advance,
>
> Joan Randolph

# EXHIBIT 4

| | |
|---|---|
| **From:** | Leslie Westmoreland |
| **To:** | Grandt, Suzanne |
| **Subject:** | Re: Lenore Albert v State Bar of California, et al.; USBC Central District Adv Proceeding No. 8:18-ap-1065 |
| **Date:** | Wednesday, December 22, 2021 11:46:44 PM |

You were not at all insensitive.

On Wed, Dec 22, 2021 at 11:24 AM Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov> wrote:

> Apologies if I sounded insensitive about asking for the first, but we hope to get the deposition done on as early a date as you are able. If the first is too soon, we would be happy to do a later date in February.
>
> Best,
>
> Suzanne
>
> Suzanne C. Grandt | Assistant General Counsel
>
> Office of General Counsel
>
> The State Bar of California | 180 Howard St. | San Francisco, CA 94105
>
> 415.538.2388 | Suzanne.Grandt@calbar.ca.gov

---

**From:** Grandt, Suzanne
**Sent:** Wednesday, December 22, 2021 10:15 AM
**To:** Leslie Westmoreland <leslieww1@gmail.com>; Randolph, Joan <Joan.Randolph@calbar.ca.gov>
**Cc:** Shapp, Marc <Marc.Shapp@calbar.ca.gov>
**Subject:** RE: Lenore Albert v State Bar of California, et al.; USBC Central District Adv Proceeding No. 8:18-ap-1065

I'm sorry to hear that, Mr. Westmoreland. Does February 1 work for you?

This email is written on the assumption that you are not represented by counsel in this proceeding. If you are represented by counsel, please provide their contact information.

Best,

Suzanne

Suzanne C. Grandt | Assistant General Counsel

Office of General Counsel

The State Bar of California | 180 Howard St. | San Francisco, CA 94105

415.538.2388 | Suzanne.Grandt@calbar.ca.gov

**From:** Leslie Westmoreland <<u>leslieww1@gmail.com</u>>
**Sent:** Wednesday, December 22, 2021 2:05 AM
**To:** Randolph, Joan <<u>Joan.Randolph@calbar.ca.gov</u>>
**Cc:** Grandt, Suzanne <<u>Suzanne.Grandt@calbar.ca.gov</u>>; Shapp, Marc
<<u>Marc.Shapp@calbar.ca.gov</u>>
**Subject:** Re: Lenore Albert v State Bar of California, et al.; USBC Central District Adv
Proceeding No. 8:18-ap-1065

Sorry, but my brother in Japan just informed me that our favorite uncle died. I cannot do a
depo in Jan. too emotional. Can we go to Feb.? thanks

 Virus-free. <u>www.avast.com</u>

On Mon, Dec 20, 2021 at 3:56 PM Randolph, Joan <<u>Joan.Randolph@calbar.ca.gov</u>> wrote:

> Will do!
>
> Joan
>
> **From:** Leslie Westmoreland <<u>leslieww1@gmail.com</u>>
> **Sent:** Monday, December 20, 2021 3:55 PM
> **To:** Randolph, Joan <<u>Joan.Randolph@calbar.ca.gov</u>>
> **Cc:** Grandt, Suzanne <<u>Suzanne.Grandt@calbar.ca.gov</u>>; Shapp, Marc
> <<u>Marc.Shapp@calbar.ca.gov</u>>
> **Subject:** Re: Lenore Albert v State Bar of California, et al.; USBC Central District Adv
> Proceeding No. 8:18-ap-1065
>
> > CAUTION: This email originated from outside of the organization. Do not click links or open attachments
> > unless you recognize the sender and know the content is safe.
>
> Oh, please send me a reminder the day before; thanks much
>
>  Virus-free. <u>www.avast.com</u>
>
> On Mon, Dec 20, 2021 at 3:07 PM Randolph, Joan <<u>Joan.Randolph@calbar.ca.gov</u>>
> wrote:
>
> > Mr. Westmoreland,
> >
> > In reference to your request to move your deposition which was scheduled for
> > Wednesday, January 12, 2022, would Tuesday, January 18th work for you? If so, would
> > you consent to electronic service of the revised subpoena? Please let me know at your
> > earliest convenience.

Thank you in advance,

Joan Randolph

# EXHIBIT 5

| | |
|---|---|
| **From:** | Randolph, Joan |
| **To:** | Leslie Westmoreland |
| **Cc:** | Grandt, Suzanne; Shapp, Marc |
| **Subject:** | Lenore Albert v State Bar of California, et al.; USBC Central District Adv Proceeding No. 8:18-ap-1065 |
| **Date:** | Tuesday, January 4, 2022 4:46:28 PM |
| **Attachments:** | Westmoreland_First Amended Subpoena.pdf |

Mr. Westmoreland,

In reliance on your email statement to Assistant General Counsel Suzanne C. Grandt that you will accept email service, please see attached service copy of First Amended Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding).

Joan Randolph | Legal Secretary
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2186 | Joan.Randolph@calbar.ca.gov

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Central_____      District of _____California_____

In re ____Lenore Luann Albert-Sheridan____
　　　　　　　　Debtor

*(Complete if issued in an adversary proceeding)*

Lenore Luann Albert-Sheridan dba Law Offices of Lenore Albert
　　　　　　　　Plaintiff
　　　　　　　　v.
　　　　Maricruz Farfan, et al.
　　　　　　　　Defendant

Case No. __8:18-bk-10548-ES__

Chapter __7__

Adv. Proc. No. __8:18-ap-1065-SC__

## FIRST AMENDED
## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Leslie Westmoreland, 1606 East Griffith Way, Fresno CA 93755-5137__
　　　　　*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE: Counsel for the parties, the witness and the court reporter will all appear remotely via Zoom video link.  Zoom link will be transmitted via email one day prior to scheduled deposition. | DATE AND TIME February 1, 2022; 9:30 a.m. |
|---|---|

The deposition will be recorded by this method:
　Stenographic means.

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　See attached Exhibit A.  Documents to be produced electronically to Suzanne C. Grandt @suzanne.grandt@calbar.ca.gov.

　　　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __1/3/2022__

　　　　CLERK OF COURT

　　　　　　　　　　　　　　　　　OR

　_____　　　_____
　*Signature of Clerk or Deputy Clerk*　　　*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
　The State Bar of California____ , who issues or requests this subpoena, are:
　Suzanne C. Grandt, 180 Howard Street, San Francisco CA 94105; 415-538-2388

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: __Leslie Westmoreland__
on *(date)* __1/4/2022__ .

[X] I served the subpoena by delivering a copy to the named person as follows: _____
 I served the subpoena via e-mail pursuant to written agreement with subpoenaed party.
_____ on *(date)* __01/04/2022__ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ __$40.00 previously tendered__.

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: __01/04/2022__

_____
*Server's signature*

Joan Randolph, Legal Secretary
_____
*Printed name and title*

180 Howard Street, San Francisco CA 94104
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT  A

Pursuant to Federal Rules of Civil Procedure, Rule 45, and in accordance with the Instructions and Definitions set forth below, Defendant, The State Bar of California, propounds the following requests for production of documents to Leslie Westmoreland.

## INSTRUCTIONS AND DEFINITIONS

1.      The term "You" or "Your" refers to the deponent/witness Leslie Westmoreland.

2.      The term "Defendant" refers to the Defendant, THE STATE BAR OF CALIFORNIA, in this action.

3.      The term "Plaintiff" refers to the Plaintiff, LENORE ALBERT, in this action.

4.      The term "Document" means all originals, copies, all non-identical copies (whether by reason of handwritten notations thereon or otherwise), of written or documentary materials, as well as recordings and sound reproductions, letters, notes, telexes, telecopies, facsimiles, photographs, correspondence, agreements, drafts, memoranda, contracts, books, records, journals, ledgers, minutes, telecopier logs or transmission receipts, financial statements, bank statements, telephone message slips, telephone invoices, computer print-outs, electronic mail messages, worksheets, drawings, specifications, invoices, or shipping papers. "Document" shall also include any file, document, data, words, or information, in draft or final form, on a computer, flash drive, or source of storage, or hard drive, or in the memory of a computer network or mainframe, or on a file server.

5.      Please produce copies of electronically stored information ("ESI") that is responsive to these requests, as they are kept in the usual course of business, including all non-identical copies. ESI includes media such as a computer's hard drive; peripheral storage devices (disks and backup tapes); thumb drives; laptops; cell phones; and personal data assistants. ESI is not limited to data stored on computers or a data server. It also includes sound recordings, video recordings, digital photographs, voice mail, text messages, records of Internet searches, and even "deleted files" if they can be recovered.  All ESI should be produced with metadata intact.

## EXHIBIT  A

6.      The term "communication" means any manner or form of information, memorandum, notes or message transmission, however produced or reproduced, whether by Document as herein defined or orally or otherwise, which is made by you or others or which is distributed or circulated between or among persons, or data storage or processing units, including computer data storage and processing units, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

7.      The terms "relates to," "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed or the identified individual.

8.      For all documents and information withheld for any claimed privilege or exemption from discovery, please prepare a privilege log for all documents and information withheld, including the following: (1) the date of the document; (2) the author of the document; (3) the recipient of the document; (4) the general subject matter; and (5) the privilege asserted.

9.      These discovery requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are documents that are responsive to more than one request, please note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

## DOCUMENT REQUEST

1.  All documents referring to, relating to, or evidencing payments to Plaintiff from February 26, 2019 through the present.

2.  All documents referring to, relating to, or evidencing Plaintiff's employment from February 26, 2019 through the present.

3.  All documents reflecting or relating to offers of employment extended to Plaintiff, including but not limited to requests for legal representation, from February 26, 2019 through the present, whether or not such offer was accepted.

## EXHIBIT  A

4.  All documents referring to, relating to, or evidencing your "knowledge of the impact and damages" to Plaintiff due to Defendant's alleged violations of federal law.

5.  All documents referring to, relating to, or evidencing communications between you and Plaintiff referring to, relating to, or in connection with the claims Plaintiff has alleged in this adversary proceeding.

# EXHIBIT 6

| | |
|---|---|
| **From:** | Leslie Westmoreland |
| **To:** | Shapp, Marc |
| **Subject:** | Re: Deposition |
| **Date:** | Friday, February 11, 2022 10:29:14 AM |

Thank you so much Mark that date is fine with me

On Fri, Feb 11, 2022 at 10:24 Shapp, Marc <Marc.Shapp@calbar.ca.gov> wrote:

> Mr. Westmoreland,
>
>
> Thank you for speaking with me yesterday. I propose rescheduling your deposition to be held via Zoom on **Friday, March 4, 2022 at 9:30 am**. Please confirm that this date and time works with your schedule so that I may send an updated subpoena. In addition, please re-confirm that you will accept email service of the subpoena.
>
>
> Best,
>
>
> Marc A. Shapp (he/him/his)
>
> Assistant General Counsel | Office of General Counsel
>
> The State Bar of California | 180 Howard St. | San Francisco, CA 94105
>
> 415.538.2517 | Marc.Shapp@calbar.ca.gov
>
>
> ***Working to protect the public in support of the mission of the State Bar of California.***
>
> Please consider the environment before printing this email.
>
> LinkedIn | Twitter | Facebook | Instagram
>
>
> *This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply email and delete all copies of the message. Thank you.*

**From:** Shapp, Marc
**Sent:** Thursday, February 10, 2022 12:30 PM

**To:** Leslie Westmoreland <leslieww1@gmail.com>
**Cc:** Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>; Randolph, Joan <Joan.Randolph@calbar.ca.gov>
**Subject:** RE: Fw: Depositions for Next Week

Mr. Westmoreland,

I have not received any response from you to my requests that you propose a date to hold your rescheduled deposition. If we do not hear from you by **12:00 p.m. tomorrow, February 11, 2022**, we reserve the right to cause a subpoena to be issued setting your deposition on a date of our choosing.

Sincerely,

Marc A. Shapp (he/him/his)

Assistant General Counsel | Office of General Counsel

The State Bar of California | 180 Howard St. | San Francisco, CA 94105

415.538.2517 | Marc.Shapp@calbar.ca.gov

***Working to protect the public in support of the mission of the State Bar of California.***

Please consider the environment before printing this email.

LinkedIn | Twitter | Facebook | Instagram

*This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply email and delete all copies of the message. Thank you.*

**From:** Shapp, Marc
**Sent:** Tuesday, February 1, 2022 2:43 PM
**To:** Leslie Westmoreland <leslieww1@gmail.com>
**Cc:** Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>; Randolph, Joan

<[Joan.Randolph@calbar.ca.gov](mailto:Joan.Randolph@calbar.ca.gov)>
**Subject:** RE: Fw: Depositions for Next Week

Mr. Westmoreland,

On Friday, I requested that you inform of us of your availability during the week of February 28-March 4 to reschedule your deposition, but you have not responded. Please advise if there are dates you prefer, so that we can try to accommodate your schedule.

Sincerely,

Marc A. Shapp (he/him/his)

Assistant General Counsel | Office of General Counsel

[The State Bar of California](#) | [180 Howard St. | San Francisco, CA 94105](#)

415.538.2517 | [Marc.Shapp@calbar.ca.gov](mailto:Marc.Shapp@calbar.ca.gov)

***Working to protect the public in support of the mission of the State Bar of California.***

Please consider the environment before printing this email.

[LinkedIn](#) | [Twitter](#) | [Facebook](#) | [Instagram](#)

*This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply email and delete all copies of the message. Thank you.*

**From:** Shapp, Marc
**Sent:** Friday, January 28, 2022 12:54 PM
**To:** Leslie Westmoreland <[leslieww1@gmail.com](mailto:leslieww1@gmail.com)>
**Cc:** Grandt, Suzanne <[Suzanne.Grandt@calbar.ca.gov](mailto:Suzanne.Grandt@calbar.ca.gov)>; Randolph, Joan <[Joan.Randolph@calbar.ca.gov](mailto:Joan.Randolph@calbar.ca.gov)>
**Subject:** RE: Fw: Depositions for Next Week

Mr. Westmoreland,

We are sorry to hear about your losses, and of course we are willing to reschedule your deposition. Please let us know if you have availability during the week of February 28-March 4, so we can prepare an amended subpoena.

Sincerely,

Marc A. Shapp (he/him/his)

Assistant General Counsel | Office of General Counsel

The State Bar of California | 180 Howard St. | San Francisco, CA 94105

415.538.2517 | Marc.Shapp@calbar.ca.gov

***Working to protect the public in support of the mission of the State Bar of California.***

Please consider the environment before printing this email.

LinkedIn | Twitter | Facebook | Instagram

*This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply email and delete all copies of the message. Thank you.*

---

**From:** Leslie Westmoreland <lesliexww1@gmail.com>
**Sent:** Thursday, January 27, 2022 4:29 PM
**To:** lenore albert <lenalbert@interactivecounsel.com>
**Cc:** Shapp, Marc <Marc.Shapp@calbar.ca.gov>; Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>
**Subject:** Re: Fw: Depositions for Next Week

I simply cannot be deposed soon.  I've had two deaths in the family. one in japan, , the uncle

who ushered my brother and i into the Japanese family when we first met them decades ago (and his son, (my dear cousin just had a stroke over his father's death) and our niece, mother of six in San Diego after going to Mexico and germany for treatment  The grief is enormous, still processing.  Absent a legal emergency, I can't, I just can't.  Please reschedule. Thanks.

On Thu, Jan 27, 2022 at 3:12 PM lenore albert <lenalbert@interactivecounsel.com> wrote:

> The State Bar has you on for Deposition next week. See below. You can hit reply all if you thought it was continued or call them at the phone number below. I have copied State Bar Counsel on this email.
>
>
> Sincerely,
>
> Lenore Albert
>
>
> Cal Bus & Prof Code 6001.1
>
> "Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."
>
>
> If you believe this statement, you are in my tribe.
>
>
>
> ----- Forwarded Message -----
>
> **From:** Shapp, Marc <marc.shapp@calbar.ca.gov>
>
> **To:** lenore albert <lenalbert@interactivecounsel.com>; lenorealbert@msn.com <lenorealbert@msn.com>
>
> **Cc:** Ethan Jacobs <ethan@ejacobslaw.com>; Grandt, Suzanne <suzanne.grandt@calbar.ca.gov>; Randolph, Joan <joan.randolph@calbar.ca.gov>
>
> **Sent:** Thursday, January 27, 2022, 02:55:02 PM PST
>
> **Subject:** RE: Depositions for Next Week
>
>
> Ms. Albert,

I can confirm that the dates and times you listed below for the upcoming third-party depositions are correct. Mr. Westmoreland has not asked the State Bar to move his deposition, so our expectation is that it will go forward as noticed on February 1, 2022 at 9:00 via Zoom.

We have not received Zoom links for any of the depositions scheduled for next week. Barrett Reporting has informed us that no Zoom link was sent for Ms. Miltmore's deposition, and they will continue their practice of sending the links the day before each deposition. If Mr. Jacobs informs us which witnesses he is representing, we will ask Barrett to include him when sending the relevant Zoom links.

I trust this addresses all of the issues you raised below.

Sincerely,

Marc A. Shapp (he/him/his)

Assistant General Counsel | Office of General Counsel

[The State Bar of California](#) | [180 Howard St. | San Francisco, CA 94105](#)

415.538.2517 | [Marc.Shapp@calbar.ca.gov](mailto:Marc.Shapp@calbar.ca.gov)

***Working to protect the public in support of the mission of the State Bar of California.***

Please consider the environment before printing this email.

[LinkedIn](#) | [Twitter](#) | [Facebook](#) | [Instagram](#)

*This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply email and delete all copies of the message. Thank you.*

---

**From:** lenore albert <[lenalbert@interactivecounsel.com](mailto:lenalbert@interactivecounsel.com)>
**Sent:** Thursday, January 27, 2022 12:28 PM
**To:** Shapp, Marc <[Marc.Shapp@calbar.ca.gov](mailto:Marc.Shapp@calbar.ca.gov)>; Grandt, Suzanne <[Suzanne.Grandt@calbar.ca.gov](mailto:Suzanne.Grandt@calbar.ca.gov)>
**Cc:** Ethan Jacobs <[ethan@ejacobslaw.com](mailto:ethan@ejacobslaw.com)>

**Subject:** Depositions for Next Week

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Counsel,

I received a Zoom link for Joanne Anderson Miltmore's deposition next week but no others. Since hers is on Feb 4, I assume you have the other links available. Please send them to both me and Ethan Jacobs.

Second, I have depositions as follows:

Judi Callan Mon 1/31 at 9:30AM

Thomas Scott Schales 2/4 at 9:30AM

Joanne Anderson Miltmore 2/4 at 2:00PM

Dan Chmielewski at 2/2 at 9:30AM

Leslie Westmoreland's was postponed to some later date?

Please make sure we have the correct date/times and zoom links. Also, if you want documents please make sure.

Sincerely,

Lenore Albert

Cal Bus & Prof Code 6001.1

"Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their

licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."

If you believe this statement, you are in my tribe.

# EXHIBIT 7

| | |
|---|---|
| **From:** | Randolph, Joan |
| **To:** | Leslie Westmoreland |
| **Cc:** | Grandt, Suzanne; Shapp, Marc |
| **Subject:** | Lenore LuAnn Albert v State Bar of California, et al.; USBC CD Adv Pro No. 8:18-ap-1065-SC |
| **Date:** | Friday, February 11, 2022 2:04:40 PM |
| **Attachments:** | Westmoreland_Second Amended Subpoena.pdf |

Mr. Westmoreland,

In reliance on your email statement to Assistant General Counsel Suzanne C. Grandt that you will accept email service, please see attached service copy of Second Amended Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding).

Joan Randolph | Legal Secretary
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2186 | Joan.Randolph@calbar.ca.gov

# UNITED STATES BANKRUPTCY COURT

_____ Central _____   District of _____ California _____

In re __Lenore Luann Albert-Sheridan__
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __8:18-bk-10548-ES__

Chapter __7__

_____
Lenore Luann Albert-Sheridan dba Law Offices of Lenore Albert
                    Plaintiff
                    v.
            Maricruz Farfan, et al.
                    Defendant

Adv. Proc. No. __8:18-ap-1065-SC__

*SECOND AMENDED*
## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Leslie Westmoreland, 1606 East Griffith Way, Fresno CA 93755-5137
                    *(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE The deposition will be conducted remotely via Zoom video link. The parties, the witness, counsel, and the court reporter will appear remotely via Zoom. Zoom link will be transmitted via email one day prior to scheduled deposition. | DATE AND TIME March 4, 2022, at 9:30 a.m. |
|---|---|

The deposition will be recorded by this method:
   Stenographic means.

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Exhibit A. Documents to be produced electronically to Suzanne C. Grandt @suzanne.grandt.@calbar.ca.gov

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __2-11-2022__

            CLERK OF COURT

                                        OR

_____        _Suzanne C. Grandt/JR_
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

_____

The name, address, email address, and telephone number of the attorney representing *(name of party)*
The State Bar of California _____ , who issues or requests this subpoena, are:
Suzanne C. Grandt, 180 Howard Street, San Francisco CA 94105; Tel: 415-538-2388
### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Leslie Westmoreland
on *(date)* 2/11/2022 .

[X] I served the subpoena by delivering a copy to the named person as follows: Leslie Westmoreland
   I served the subpoena via email pursuant to written agreement with subpoenaed party.
   _____ on *(date)* 2/11/2022 ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ $40.00 previously tendered .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 2/11/2022

_____
*Server's signature*

Joan Randolph, Legal Secretary
*Printed name and title*

_____
180 Howard Street, San Francisco CA 94105

*Server's address*

Additional information concerning attempted service, etc.:

## EXHIBIT  A

Pursuant to Federal Rules of Civil Procedure, Rule 45, and in accordance with the Instructions and Definitions set forth below, Defendant, The State Bar of California, propounds the following requests for production of documents to Leslie Westmoreland.

## INSTRUCTIONS AND DEFINITIONS

1.      The term "You" or "Your" refers to the deponent/witness Leslie Westmoreland.

2.      The term "Defendant" refers to the Defendant, THE STATE BAR OF CALIFORNIA, in this action.

3.      The term "Plaintiff" refers to the Plaintiff, LENORE ALBERT, in this action.

4.      The term "Document" means all originals, copies, all non-identical copies (whether by reason of handwritten notations thereon or otherwise), of written or documentary materials, as well as recordings and sound reproductions, letters, notes, telexes, telecopies, facsimiles, photographs, correspondence, agreements, drafts, memoranda, contracts, books, records, journals, ledgers, minutes, telecopier logs or transmission receipts, financial statements, bank statements, telephone message slips, telephone invoices, computer print-outs, electronic mail messages, worksheets, drawings, specifications, invoices, or shipping papers. "Document" shall also include any file, document, data, words, or information, in draft or final form, on a computer, flash drive, or source of storage, or hard drive, or in the memory of a computer network or mainframe, or on a file server.

5.      Please produce copies of electronically stored information ("ESI") that is responsive to these requests, as they are kept in the usual course of business, including all non-identical copies. ESI includes media such as a computer's hard drive; peripheral storage devices (disks and backup tapes); thumb drives; laptops; cell phones; and personal data assistants. ESI is not limited to data stored on computers or a data server. It also includes sound recordings, video recordings, digital photographs, voice mail, text messages, records of Internet searches, and even "deleted files" if they can be recovered.  All ESI should be produced with metadata intact.

## EXHIBIT  A

6.      The term "communication" means any manner or form of information, memorandum, notes or message transmission, however produced or reproduced, whether by Document as herein defined or orally or otherwise, which is made by you or others or which is distributed or circulated between or among persons, or data storage or processing units, including computer data storage and processing units, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

7.      The terms "relates to," "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed or the identified individual.

8.      For all documents and information withheld for any claimed privilege or exemption from discovery, please prepare a privilege log for all documents and information withheld, including the following: (1) the date of the document; (2) the author of the document; (3) the recipient of the document; (4) the general subject matter; and (5) the privilege asserted.

9.      These discovery requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are documents that are responsive to more than one request, please note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

## DOCUMENT REQUEST

1.  All documents referring to, relating to, or evidencing payments to Plaintiff from February 26, 2019 through the present.

2.  All documents referring to, relating to, or evidencing Plaintiff's employment from February 26, 2019 through the present.

3.  All documents reflecting or relating to offers of employment extended to Plaintiff, including but not limited to requests for legal representation, from February 26, 2019 through the present, whether or not such offer was accepted.

# EXHIBIT  A

4.  All documents referring to, relating to, or evidencing your "knowledge of the impact and
    damages" to Plaintiff due to Defendant's alleged violations of federal law.

5.  All documents referring to, relating to, or evidencing communications between you and
    Plaintiff referring to, relating to, or in connection with the claims Plaintiff has alleged in
    this adversary proceeding.

ORIGINAL

1    Lenore L. Albert (SBN 210876)
2    31872 Joshua Drive #22C
     Trabuco Canyon, CA 92679
3    Telephone (424) 365-0741
4    Email: lenorealbert@msn.com
     Plaintiff and Debtor, pro se
5



6

7              UNITED STATES BANKRUPTCY COURT
8                CENTRAL DISTRICT OF CALIFORNIA
9                    SANTA ANA DIVISION
10   In re LENORE LUANN ALBERT-        | Chapter 7
11   SHERIDAN d/b/a LAW OFFICES OF     | CASE NO. SA 8:18-bk-10548-ES
     LENORE ALBERT                     |
12                    Debtor,          | ADVERSARY NO. 18-ap-01065-SC
13   LENORE LUANN ALBERT-SHERIDAN      |                20-ap-01095-SC
     d/b/a LAW OFFICES OF LENORE       |
14   ALBERT,                           | Assigned to the Hon. Scott C. Clarkson
15                                      | Ctrm: 5C – Fifth Floor
16            Petitioner/Plaintiff(s), |
17   v.                                |
     MARICRUZ FARFAN, an individual;   | **FIRST AMENDED CONSOLIDATED**
18   BRANDON TADY, an individual; ALEX | **COMPLAINT**
19   HACKERT, an individual; PAUL      |
     BERNARDINO, an individual; HON.   | 1.Declaratory relief/dischargeability of debt
20   YVETTE ROLAND, an individual;     | 2. Violation of Automatic Stay/Discharge
21   STATE BAR OF CALIFORNIA, a public | Injunction
     corporation,                     | 3. Excessive Fines – Eighth Amendment
22                                      | 4. Excessive Fines – Art 1 Sect 17
23            Respondents/Defendants.  | 5.11 USC §525(a) Violation
                                        | Punitive Damages Requested
24
25   LENORE LUANN ALBERT-SHERIDAN
26   d/b/a LAW OFFICES OF LENORE
     ALBERT,
27
28

                              1
                          COMPLAINT
                  Albert-Sheridan v Farfan, et al.
     In re Lenore Albert-Sheridan              SA 8:18-bk-10548-ES

1               Petitioner/Plaintiff(s),

2  v.

3  MARICRUZ FARFAN, an individual;
   TIMOTHY BYER, ESQ. an individual;
4  STATE BAR OF CALIFORNIA, a public
   corporation, NIRA WOODS, an individual;
5  DEVIN LUCAS, ESQ.; and DOES 1
   through 10, inclusive.
6
7               Respondents/Defendants.

8

9       Plaintiff and Debtor Lenore Albert-Sheridan ("Lenore Albert") alleges as

10 follows:

11                              **JURISDICTION**

12      1.      This adversary proceeding relates to the bankruptcy estate of Lenore

13 Albert-Sheridan, Case No. 18-bk-10548-ES to obtain relief from creditors who continue

14 to collect on discharged debt in her bankruptcy.

15      2.      This is a core proceeding within the meaning of 28 USC §157 and 28 USC

16 § 1334 pursuant to FRCP 7001.

17                                **PARTIES**

18      3.      Plaintiff Lenore Albert-Sheridan (hereinafter "Plaintiff" or "Debtor") is a

19 Chapter 7 Debtor: *in re Lenore Albert-Sheridan*, Case No. 18-bk-10548-ES. She was

20 admitted to practice law on December 5, 2000 before the California Supreme Court and

21 given member license number 210876. She remains a member of the following bars:

22 The United States Supreme Court.

23      4.      Defendant Maricruz Farfan is an employee working in the probation

24 department of the California State Bar located at 845 S Figueroa Street, Los Angeles,

25 California who was assigned to Plaintiff in or about March 2018 and again in or about

                                      2
                                 COMPLAINT
                          Albert-Sheridan v Farfan, et al.
       In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

September 2019. She violated the State Bar policies and procedures leading to the damage of Debtor.

5.    Defendant Brandon Tady is an attorney and employee working in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. He is one of the state bar prosecutors that prosecuted the State Bar's case against Ms. Albert at the State Bar court level. (Neither Mia Ellis nor Sheryll MacFarlane who originally prosecuted the State Bar matters against Debtor are assigned prosecutors, so they have not been named). Brandon Tady prosecuted plaintiff knowing she had not done anything wrong and demanded collection of the purported debts. When plaintiff tried to question Tady about the back dated suspension Tady refused to communicate with her.

6.    Defendant Alex Hackert is an attorney and employee working in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. He is one of the state bar prosecutors that prosecuted the State Bar's case against Ms. Albert at the Review Department. Alex Hackert prosecuted plaintiff knowing she had not done anything wrong and demanded collection of the purported debts. When plaintiff tried to question Hackert about this back dated suspension Hackert refused to communicate with her.

7.    Defendant Paul Bernardino is an attorney and employee working in the General Counsel office of the California State Bar located in San Francisco, California. He is the attorney that argued the state civil rights appellate case, arguing that the state courts have no jurisdiction over the subject matter of any of Debtors' constitutional rights violated by the State Bar. Paul Bernardino defended the prosecutors' actions knowing plaintiff had not done anything wrong and demanded collection of the purported debts. When plaintiff tried to question Bernardino about this back dated suspension Bernardino refused to communicate with her.

3
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                SA 8:18-bk-10548-ES

8.      Defendant Timothy Byer is an employee working in the Office of Chief Trial Counsel of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. He violated the State Bar policies and procedures leading to the damage of Debtor. Timothy Byer's act of prosecuting Debtor outside of the fee arbitration program while she was in bankruptcy for fees former client Nira Woods wanted refunded was in violation of clear State Bar policies and procedures. He took over the prosecution from Sherrell McFarlane who also violated these policies and procedures.

9.      Plaintiff is informed and believes and alleges thereon that Defendant State Bar of California is a public corporation that is fully funded by private members as opposed to tax revenue. State Bar of California employees, Tim Byer, Brandon Tady, Mia Ellis, Sheryll MacFarlane, Alex Hackert, Paul Bernardino, and State Bar hearing judge, the Hon. Yvette Roland and others worked on the prosecution against Plaintiff in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. Linda Knitter is an administrator for the California State Bar. State Bar of California's act of refusing to allow Debtor to make affordable monthly payments or forgive some of the money Ordered she pay was in violation of clear State Bar policies and procedures and/or law. Conditioning the length of suspension based on repayment was a clear violation of law. The State Bar of California violated the State Bar policies and procedures and/or law leading to the damage of Debtor.

10.     Defendant Hon. Yvette Roland is a judge and employee working in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. She has been assigned all of the cases against Debtor and it is her pen that can lift the suspension making her a necessary and indispensable party to this action.

4
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                   SA 8:18-bk-10548-ES

11.     Defendant Devin Lucas is an individual residing in Orange County, California and was the general counsel for Fin City Foods, a company that was dissolved in or about 2015.

12.     Defendant Nira Woods is an individual residing in Los Angeles County, California and was a former client of Plaintiff-Debtor.

13.     David Bitzer and Bonnie Kent were former clients of Plaintiff-Debtor.

14.     Defendants named Does 1 through 10 are fictitiously named and when Debtor learns of their real names, Debtor will amend the complaint to correct those defendants responsible to their true and correct names.

## GENERAL FACTUAL BACKGROUND

## 10675 S Orange Park Blvd LLC Prepetition Debt

15.     Debtor was a whistleblowing member of the State Bar of California. In or about December 4, 2014 Debtor sent the State Bar an anti-retaliation letter. In retaliation for Debtor's whistleblowing on their alliance and push on the antitrust violations, the State Bar prosecuted Debtor in December 2015 alleging Debtor violated a Court order by failing to pay civil discovery sanctions to opposing counsel Phil Green, Esq. for his clients aka creditors Francis B. Lantieri, Gary Schneider, and 10675 S Orange Park Blvd, LLC in the amount of $5,738.00 plus interest as of 8/31/12.

16.     On December 18, 2015 attorney Jennifer Needs recorded an Abstract of Judgment in the amount of $5,738.00 against Lenore Albert in the Orange County recorder's office.

17.     On December 13, 2017, the California Supreme Court ordered Ms. Albert pay 10675 S. Orange Park Blvd LLC $5,738.00 plus 10% interest as a condition to having her license reinstated after a 30-day suspension which was a condition of probation. (Ex 2),

5
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

18.    Ms. Albert moved for the Court's reconsideration which was denied on February 14, 2018.

19.    On February 20, 2018 Ms. Albert filed for protection under Chapter 13 of the U.S. Bankruptcy Code.

20.    Defendants State Bar, Maricruz Farfan, Brandon Tady, Alex Hackert, Paul Bernardino, and the Hon. Yvette Roland were given notice that Ms. Albert filed for bankruptcy protection on or about February 20, 2018.

21.    After the stay, on or about March 16, 2018 the State Bar represented to others via its website that it suspended Debtor's license on February 14, 2018 with a 30-day suspension. The reinstatement of her license to practice law was conditioned on Debtor paying creditors Francis B. Lantieri, Gary Schneider, and 10675 S Orange Park Blvd, LLC $ 8,929.27 ($5,738.00 plus interest as of 8/31/12) although they were never her clients plus the State Bar an additional $18,714.00. (Ex 3).

22.    On March 16, 2018, after the 30-day suspension period had ended, Ms. Albert demanded the State Bar defendants reinstate her license, but they failed and refused to do so on the ground Ms. Albert had not paid 10675 S. Orange Park Blvd LLC $5,738.00 plus 10% interest.

23.    On or about June 1, 2018 the State Bar defendants reinstated Ms. Albert's license and back dated the reinstatement to March 16, 2018. However, Ms. Albert could not show any income for the past three months because the State Bar had refused to reinstate her license, so the Court converted her case to Chapter 7. Since, her case converted to Chapter 7, the State Bar revoked Ms. Albert's license to practice law on or about June 28, 2018 through February 2, 2019 for failure to pay the discovery sanctions to 10675 S. Orange Park Blvd LLC $5,738.00 plus 10% interest in violation of federal bankruptcy law.

6
COMPLAINT
Albert-Sheridan v Farfan, et al.

In re Lenore Albert-Sheridan                                        SA 8:18-bk-10548-ES

24.    Although Ms. Albert was in bankruptcy, Defendant Maricruz Farfan reported Ms. Albert for further discipline to the California State Bar when she did not timely or accurately fill out reports that required her to check a box reaffirming that payment was owed to 10675 S. Orange Park Blvd LLC. The reports were required in April 2018, July 2018, October 2018, and January 2019. Each report required Ms. Albert to affirm:

25.    Sanctions *(proof due February 11, 2018 & Until)*

(a) I have fully paid the sanctions as required by my order and attached are front/back copies of the negotiated/cancelled checks or a declaration (must include amount and date paid) from the payee(s) acknowledging receipt of the payments.

26.    The form attached to the quarterly report further warned:

**(a)** Generally, proof of **receipt** of payment is required by the deadline. **NOT** just sending of the payment. If you are even one day late, you are **not in compliance.**

27.    On June 10, 2020 the Ninth Circuit court of appeals opined that the discovery sanctions to 10675 S. Orange Park Blvd LLC was discharged in bankruptcy.

28.    However, the California State Bar did not petition to modify the California Supreme Court dated December 13, 2017 conditioning Ms. Albert's reinstatement upon payment of the discharged debt or take any other step to comply with US Bankruptcy law.

**<u>Nira Woods and Fin City Food Debt</u>**

29.    In or about January 2016, the California State Bar officially announced on the internet it was prosecuting Debtor. This was in violation of clearly established policy, or rule, or law in California which barred a State Bar from publicizing

7
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

prosecution proceedings against an attorney with an active license who was not already on probation like Debtor.

30.    With this public knowledge, on or about March 13, 2016 Defendant Devin Lucas demanded an extra $75.00 from Plaintiff on a civil discovery sanctions payment in the case of Kent v Fin City Foods.  The State Bar monitored the payment process. Plaintiff mailed him an extra check for $75.00.  Thereafter, Devin Lucas refused to cash the $75.00 check demanding that another check approximating $45.00 be sent to him. Plaintiff told him to cash the $75.00 check and if he thought it was too much to send her a refund. Defendant Devin Lucas refused. Fin City Foods was dissolved by September 2015. Devin Lucas knew this as he was the general counsel for Fin City Foods and handled the dissolution.

31.    Around that same time, Nira Woods walked into Debtor's law office and pulled a copy of the State Bar's publication out of a large yellow envelope in a threatening manner while discussing disbursement of a jury verdict Debtor won for her that prior October. Later, on or about April 1, 2016, Defendant Nira Woods demanded $20,000.00 representing refund of a retainer paid on a patent litigation matter from Debtor after Debtor refused to sue a handful of nurses and doctors for Woods.

32.    On September 9, 2016, the State Bar filed charges against Ms. Albert in Case No. 16-O-10548 assigned to Hon. Yvette Roland for failing to obey a Court order by paying Devin Lucas, Esq. aka Fin City Foods $903.00 as demanded by the State Bar, instead of $875.00 as ordered and because Devin Lucas chose not to cash a $75.00 check, he was owed $47.00 in violation of a civil discovery sanctions order dated January 2015.

33.    On March 6, 2017, the State Bar filed charges against Ms. Albert in Case No. 16-O-12548 assigned to Hon. Yvette Roland alleging Ms. Albert owed her former client Nira Woods $20,000.00 refund on her patent litigation because working over 100

8
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

hours for Nira Woods which culminated in having attorney Zimmerman retained who filed her patent litigation claims against AT&T in New Jersey federal court was not sufficient to earn a $20,000.00 retainer over a one-year time period.

34.    Cases 16-O-12548 and 16-O-10548 were consolidated.

35.    On May 4, 2018, the State Bar added two charges to the Woods portion, which if found would include dishonesty which would entitle restitution under the Client Security Fund. At trial, the Court did not find Ms. Albert committed acts of dishonesty as alleged in the amended charges.

36.    Requested review by Ms. Albert on February 8, 2019 was denied for failure to pay $2,100.00 in transcript costs which she could not afford. (Ex 4).

37.    On July 10, 2019, the California Supreme Court ordered Ms. Albert pay Nira Woods $20,000.00 plus 10% interest and Fin City Foods $47.00 as a condition to have her license reinstated after serving a six-month suspension as a condition of her probation. (Ex 1). (This was a probation term – suspension was stayed.).

38.    Ms. Albert petitioned for rehearing which was denied on August 28, 2019.

39.    Six months later, on or about February 28, 2020 the State Bar did not reinstate Ms. Albert's license contending she had to pay Nira Woods $20,000.00 plus 10% interest and Fin City Foods $47.00. (Ex. 10).

40.    Ms. Albert was also requested to reaffirm the third-party debt every quarter in quarterly reports. (Ex. 7).

41.    Although Ms. Albert was in bankruptcy, Defendant Maricruz Farfan reported Ms. Albert for further discipline to the California State Bar when she did not timely or accurately fill out reports that required her to check a box reaffirming that payment was owed to Nira Woods and Fin City Foods. The reports were required in October 2019, January 2020, April 2020, July 2020, October 2020, January 2021, April 2021, July 2021, and October 2021. Each report required Ms. Albert to affirm:

9

COMPLAINT

Albert-Sheridan v Farfan, et al.

In re Lenore Albert-Sheridan                                                    SA 8:18-bk-10548-ES

**Restitution**

(a) I have made restitution payments to the Complaining Witnesses and attached are front/back copies of the negotiated/cancelled checks or a declaration (must Include amount and **date paid)** from the payee(s) acknowledging receipt of the payments.

OR

(b) I have fully paid restitution to the Complaining Witnesses and attached are front/back copies of the negotiated/cancelled checks or a declaration (must include amount and date paid) from the payee(s) acknowledging receipt of the payments.

(Ex. 7).

42.    Ms. Albert wrote on the reports various things such as:

(a) n/a Discharged 2-19
(b) I don't pay extortion or blackmail. This was extortion or blackmail.
(c) Discharged in BK 2-19. See in re Scheer.
(d) Plus see Lenore Albert-Sheridan v California State Bar (Ninth Cir. Opn 2020).
(e) No intentional or willful violation by me.

(Ex 7).

**<u>Bitzer and Failure to Pay Woods by 1/29/2020</u>**

43.    The State Bar took short shrift of Ms. Albert's notations on her State Bar quarterly probation reports and on or about January 29, 2020 the California State Bar filed two more disciplinary actions against Ms. Albert, this time for failure to pay Nira Woods the $20,000.00 plus 10% interest as ordered on July 10, 2019 and for failure to account to David Bitzer $6,500.00 he alleged he paid for legal services.

44.    On or about August 15, 2017, David Bitzer demanded a refund of his $6,500.00 in attorney fees he purported to pay Debtor after she refused to represent him further.

45.    The State Bar also charged Ms. Albert for failure to timely and accurately file her Quarterly Probation reports as listed above.

10
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

**The Bankruptcy**

46.     On February 20, 2018 Debtor filed for bankruptcy protection under Chapter 13 of the US Bankruptcy Code, Case No. 8:18-bk-10548-ES including the disputed debts owed to David Bitzer, Nira Woods and Devin Lucas. On February 26, 2019, her debts were discharged in Chapter 7. It was an asset case with $167,500.00 collected by the Chapter 7 Trustee who sold out her Ford Litigation for that amount.

47.     Plaintiff is informed and believes and alleges thereon that Maricruz Farfan, Alex Hackert, Brandon Tady, Paul Bernardino, Timothy Byer, David Bitzer, Devin Lucas, Nira Woods, Phil Green Esq. and Gary Schneider on behalf of 10675 S Orange Park Blvd LLC and the California State Bar were notified of Debtor's bankruptcy on or about February 20, 2018.

48.     Debtor filed her Schedule E/F for Unsecured Claims which included David Bitzer, Nira Woods and Devin Lucas (Fin City Foods) as creditors with debts she wished to discharge:

      (a)  David Bitzer in the amount of $6,500.00 (line 13).
      (b) Devin Lucas in the amount of $45.00 (line 15).
      (c) Devin Randall Lucas, Esq. in the amount of $1.00 (line 16); and
      (d) Nira Schwartz Woods in the amount of $20,000.00 (line 24).

49.     Debtor filed her Schedule D for Secured Claims which included the California State Br and 10675 S Orange Park Blvd LLC:

      (a) California State Bar in the approximate amount of $19,000.00 (line 2.1); and

      (b) Gary A Schneider $5,738.00 (Phil Green Esq and 10675 S Orange Park Blvd LLC (line 2.5).

50.     Creditors David Bitzer, Devin Lucas, Nira Woods and 10675 S Orange Park Blvd LLC directly or indirectly through the California State Bar demanded payment on the purported debts from Debtor after February 20, 2018.

11
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

51.    On or about June 1, 2018 the California State Bar reinstated Debtor's license to practice law.

52.    On or about June 26, 2018 the Bankruptcy Court converted Debtor's bankruptcy from a Chapter 13 to Chapter 7.

53.    Within 48 hours (June 28, 2018) the California State Bar suspended Debtor's license to practice law and it appeared on the website member page.

54.    Creditors 10675 S Orange Park Blvd LLC, David Bitzer, Devin Lucas, Nira Woods directly or indirectly through the California State Bar continued to demand payment on the purported debts from Debtor after June 26, 2018.

55.    On or about September 18, 2018 Defendant Tim Byer pressed on demanding Debtor owed money to Nira Woods and Fin City Foods while Debtor was in bankruptcy.

56.    Brandon Tady, Alex Hackert, Paul Bernardino and Tim Byer's actions violated clear State Bar policies and procedures and/or a clearly established law.

57.    On February 26, 2019, the Bankruptcy Court discharged Plaintiff's debts listed in her Schedules without objection or a filing of determination of Dischargeability from any of the Defendants.

58.    The State Bar did not object or challenge the Dischargeability of debt to Bonnie Kent, 10675 S Orange Park Blvd LLC, Nira Woods, Devin Lucas, or David Bitzer either.

59.    Creditors 10675 S Orange Park Blvd LLC, Nira Woods, Devin Lucas (Fin City Foods), Bonnie Kent and David Bitzer directly or indirectly through the California State Bar continued to demand payment from Plaintiff on these debts.

60.    On September 11, 2019 Defendant Farfan Maricruz uploaded a letter for Debtor to read which demanded she pay the discharged debt to Nira Woods, Fin City Foods and the State Bar.

In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

61.    The letter Maricruz Farfan drafted and sent to Debtor violated clearly established State Bar policies and procedures and/or a clearly established law.

62.    On December 20, 2019 Debtor received her 2020 annual Bar payment invoice that was uploaded to her State Bar member page which demanded she pay $37,555.90 in fees to the State Bar by February 2, 2020.

63.    On December 23, 2019 Defendant Maricruz Farfan refused to stop the collection efforts and replied all the debts were nondischargeable.

64.    Debtor is informed and believes and alleges thereon that Maricruz Farfan then reported that Debtor refused to pay the discharged debts and referred her off for further prosecution based, in part, on the failure to pay the discharged debts.

65.    From on or about January 29, 2020 to the present, Defendant California State Bar continued to harass and prosecute Debtor, in part, for failure to pay the discharged debt and for failure to reaffirm it.

66.    On or about March 26, 2020 Debtor received notice from the State Bar Client Security Fund (the "Fund") informing Debtor the Fund intended to pay Nira Woods out of the Fund which it would then turn around and collect the discharged debt from Debtor.

67.    When Debtor objected to the Client Security Fund's notice to her, Nira Woods responded further demanding payment.

68.    Both Nira Woods and Devin Lucas presented before the State Bar urging payment from Debtor in September 2018 knowing Debtor had sought bankruptcy relief.

69.    In or about March 2020, Ms. Albert put her home up for sale and received two offers to buy the home. Both offers were large enough to pay of the State Bar disciplinary costs but not large enough to pay off the State Bar disciplinary costs and the third parties as the State Bar demanded.

13
COMPLAINT
Albert-Sheridan v Farfan, et al.

In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

70.  On April 1, 2020 Plaintiff wrote the State Bar asking what she had to pay in order to have her license reinstated.

71.  On April 3, 2020, the State Bar of California through Linda Knitter replied that in order to reinstate Debtor's license, she would have to pay $75,813.79 plus apply for special reinstatement proceedings if her 30-day suspension had now extended beyond two years. (Ex 6).

72.  On June 10, 2020 the Ninth Circuit explained in Albert-Sheridan v California State Bar that the discovery sanctions to 10675 S Orange Park Blvd LLC were not payable to a government and thus discharged.

73.  After June 10, 2020 to the present the State Bar has continued to keep the December 13, 2018 California Supreme Court Order conditioning reinstatement of Ms. Albert's license based on 10675 S Orange Park Blvd LLC debt intact. (Ex 2).

74.  After June 10, 2020 to the present the State Bar has continued to keep the July 10, 2019 California Supreme Court Order conditioning reinstatement of Ms. Albert's license based on Fin City Foods debt intact. (Ex 1).

75.  After June 10, 2020 to the present the State Bar has continued to keep the July 10, 2019 California Supreme Court Order conditioning reinstatement of Ms. Albert's license based on Nira Woods debt intact. (Ex 1).

76.  From in or about May 2018 through February 2021 Ms. Albert petitioned the California State Bar Court, Review Department and California Supreme Court for waiver or modification of the State Bar disciplinary costs, based on financial hardship, but her requests were not granted.

77.  On April 19, 2021, the State Bar notified Ms. Albert it paid Nira Woods out of the CSF funds and demanded her reimbursement of $20,000.00 plus interest and processing costs.

14
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

78.    Ms. Albert was also notified that the State Bar was going to charge her with additional discipline, of an unknown nature.

79.    On April 20, 2021, the State Bar represented it deemed the payment to Woods/CSF $20,000.00 non-dischargeable and the $47.00 to Fin City Foods non dischargeable. Nevertheless, it would immediately reinstate Ms. Albert's license if she paid the State Bar $37,555.90 in reinstatement fees plus $20,801.90 in restitution costs, processing fees and interest. (This was increased in cost from representations at the hearing.).

80.    Ms. Albert immediately borrowed $58,357.08 and paid the State Bar $37,555.90 for reinstatement fees through the State Bar portal and $20,801.18 with two checks as requested which was delivered at 9:28AM on April 21, 2021. (Ex 8-9).

81.    As of April 28, 2021 Ms. Albert's license still has not been reinstated by the California State Bar. (Ex 11).

82.    No fair ground of doubt exists that payments to third parties were discharged in February 2019, yet the State Bar used the tactic of refusing to reinstate Ms. Albert's license in order to collect on discharged debt in violation of federal law.

## ADDITIONAL VIOLATION OF POLICIES AND PROCEDURES

83.    After Debtor entered bankruptcy on or about March 16, 2018 through to the present on multiple occasions, Defendant Maricruz Farfan violated the State Bar policies and procedures by failing to provide and process the quarterly reports, initiation letters, and/or 9.20 warnings in a timely and proper manner; failing to follow the "and until" State Bar policies, by failing to allow Debtor to appear by phone for her probation meeting and failing to adhere to the email correspondence guidelines set by the State Bar, failing to maintain confidentiality, failing to send out the required restitution reminder letters in proper form, using an outside source to inform the public

15
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

that Debtor was suspended and referring her off for further discipline for failure to pay

Disciplinary costs.

84.     The Fourteenth Amendment "prohibits states from denying any person due process of law. This guarantee of due process affords [] defendants the right to a fair trial, imposing on states certain duties consistent with their sovereign obligation to ensure that justice shall be done. Prosecutors, as agents of the sovereign, must honor these obligations. A prosecutor must refrain from using evidence that the prosecutor knows to be false. A prosecutor must correct false evidence when it appears. Under Brady v. Maryland, a prosecutor must disclose to the defense evidence that is favorable to the accused and material either to guilt or to punishment." Defendant Timothy Byer and Sherrell McFarlane violated this policy and procedure and/or clearly established law when he prosecuted Debtor in or about September 2018 after Debtor entered bankruptcy.

85.     Debtor is informed and believes and alleges thereon that Does 1 through 10 were State Bar employees who either violated the policy and procedure of the California State Bar or clearly established law resulting in the harm alleged below jointly and severally with the co-defendants named herein.

**FIRST CAUSE OF ACTION
DECLARATORY RELIEF
(Against All Defendants)**

86.     Plaintiff incorporates the allegations in paragraphs 1 through 85 as though fully set forth herein.

87.     First, the two California Supreme Court Orders were both orders of probation where an actual suspension was stayed. There is a case or controversy on how the Orders are to be read which is significant because when the suspension is merely a condition of probation as was the case here, then the date the disciplinary costs were owed did not accrue until the following year. (Ex 1 & 2; Ex 3 & 5).

16
COMPLAINT
Albert-Sheridan v Farfan, et al.

88.     Second, the debt allegedly owed by her to her former clients, or as discovery sanctions as listed above, has been discharged under 11 USC § 727(a) because it was a debt that existed on the petition date and is not enumerated as a non-dischargeable debt under the exception set forth in 11 USC § 523(a) (7).

89.     The debt is not a debt payable to a governmental unit and therefore is not included within section 523(a)(7). It is further "compensation for actual pecuniary loss" and thus is not within section 523(a)(7).

90.     As to the amount owed to the State Bar Client Security Fund, the debt is by its terms compensation for actual pecuniary loss, and *at the time the petition* for bankruptcy was merely debt owed to a private third party, Nira Woods, and/or was of a pecuniary/compensatory nature and thus is not within section 523(a)(7).

91.     Finally, the State Bar continues to "investigate" Ms. Albert for prior debt allegedly owed to former clients, including but not limited to Bonnie Kent for $90,000.00. Ms. Albert provided an accounting showing she performed over $200,000.00 worth of work for Bonnie Kent which concluded in 2017. However, the State Bar continues to investigate this matter and may be part of the two new charges that the State Bar intends to add to their new disciplinary charges against Ms. Albert.

92.     An actual controversy has arisen between the parties and now exists between them as to whether or not the State Bar can continue to prosecute Ms. Albert for prepetition debts to former clients, and whether or not the conditions ordering Ms. Albert to pay the debt to the CSF fund or the third parties in the California Supreme Court Order has been discharged.

93.     A court determination of the relative rights of the parties with respect to the dischargeability of the California Supreme Court Orders and prepetition debts to her former clients is necessary. Until such determination is made, the parties will not know whether the debt has been discharged or not. If the debt has been discharged, as Plaintiff

17
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                          SA 8:18-bk-10548-ES

asserts, the "Discharge Injunction" has gone into effect pursuant to Section 524 of the Bankruptcy Code and any effort to collect it is a violation of that injunction.

94.    Wherefore Plaintiff prays the court declares the debt dischargeable.

## SECOND CAUSE OF ACTION
## VIOLATION OF AUTOMATIC STAY AND PERMANENT INJUNCTION
### (11 USC 105a, 362, 524 & 727)
### (Against All Defendants)

95.    Plaintiff incorporates the allegations in paragraphs 1 through 94 and the exemplary damages section below as though fully set forth herein.

96.    On June 28, 2018, the State Bar violated 11 USC 362 by demanding payment of discovery sanctions before they reinstated Ms. Albert's license to practice law.

97.    On or about December 18, 2020 the State Bar violated 11 USC § 727 by converting the $20,000.00 discharged debt originally owed to Nira Woods into a debt owed to the Client Security Fund of the California State Bar after the discharge injunction went into effect and demanding repayment thereon from Ms. Albert.

98.    On April 20, 2021 Ms. Albert obtained a loan and paid the Client Security Fund of the California State Bar $20,801.90 to regain reinstatement of her license, thus causing her damage.

99.    From on or about February 20, 2018 through February 25, 2019, on multiple occasions, Defendants Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10, violated the automatic stay under 11 USC §362 by attempting to collect the $47.00 Fin City Foods debt and $20,000.00 Woods debt from Ms. Albert. On or about January 10, 2019 the California State Bar Hon. Yvette Roland issued a written recommendation to the California Supreme Court that required Ms. Albert to pay $20,000.00 to Nira Woods plus 10% interest from April

18
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                          SA 8:18-bk-10548-ES

1, 2016 to the present and pay Fin City Foods $47.00. This was based on a request made by Timothy Byer in October 2018.

100.   From on or about February 20, 2018 through February 25, 2019, on multiple occasions, Defendants Maricruz Farfan, Brandon Tady, Alex Hackert, Paul Bernardino, the State Bar of California, and Does 1 through 10, violated the automatic stay under 11 USC §362 by attempting to collect the $5,837.00 10675 S Orange Park Blvd LLC debt from Ms. Albert. Such illegal attempts included but is not limited to refusing to reinstate Ms. Albert's law license from March 16, 2018 to May 30, 2018 in a timely manner and then by revoking her license again on June 28, 2018 through at least February 2, 2019 because the sanctions owed to 10675 S Orange Park Blvd LLC was dischargeable debt.

101.   As a further and proximate cause of failing to reinstate Ms. Albert's license, the calbar.ca.gov website page of Ms. Albert's membership has further damaged her reputation by making it appear that the 30-day suspension was much longer lasting now nearly three years. As a further result, she had to petition other jurisdictions for time waivers because the suspension lasted so long, she did not have the time of practice in for motion into another state for a Bar license.

102.   Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 knew the automatic stay provisions of 11 USC §362 was applicable because Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 were named creditors of Debtor's bankruptcy.

103.   Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 intended the actions which violated the automatic stay provisions of 11 USC

19
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                   SA 8:18-bk-10548-ES

§362 by prosecuting plaintiff in an attempt to collect purported debts owed to Nira Woods and Devin Lucas f/d/b/a Fin City Foods.

104.   Plaintiff is informed and believes and alleges thereon that the automatic stay was willfully violated by Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10.

105.   As a direct and proximate result of Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Alex Hackert, Paul Bernardino, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 violation, Plaintiff suffered damages, actual, emotional, and reputational.

106.   Moreover, this has prevented Debtor from being able to obtain a license in another jurisdiction.

107.   Plaintiff is entitled to actual damages (including emotional distress damages), costs and attorney fees against Defendants Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10.

108.   Second, on or about February 26, 2019 Plaintiff's debts were discharged under 11 USC §727.

109.   Ms. Albert is informed and believes and alleges thereon that Defendants Maricruz Farfan, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 have violated the discharge injunction under 11 USC §524 on multiple occasions from February 26, 2019 to the present.

110.   Debtor is informed and believes and alleges thereon that Defendants Maricruz Farfan, Timothy Byer, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 knew the discharge injunction under 11 USC §524 was

20
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

applicable because Defendants Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, third party David Bitzer and Does 1 through 10 were a named creditor of the bankruptcy.

111.   Defendants Maricruz Farfan, Timothy Byer, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Hon. Yvette Roland, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 intended the actions which violated the discharge injunction under 11 USC §524 by demanding the discharged debt was owed by Debtor.

112.   As a direct and proximate result of Defendants Maricruz Farfan, Timothy Byer, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Hon. Yvette Roland, the State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 violation of the discharge injunction, causing actual damages which are consequential, emotional, and reputational in nature.

113.   Moreover, this has prevented Debtor from being able to obtain a license in another jurisdiction.

114.   Debtor is entitled to injunctive relief under 11 USC §105a and punitive damages under 11 USC §524.

115.   The individual Defendants Maricruz Farfan, Timothy Byer, Timothy Byer, Alex Hackert, Paul Bernardino, Brandon Tady, Nira Woods, Devin Lucas, and Does 1 through 10 conduct was malicious, wanton and/or oppressive warranting punitive damages.

116.   The aforementioned conduct of defendant(s) Nira Woods, Maricruz Farfan, Devin Lucas, Brandon Tady, Alex Hackert, Paul Bernardino, and Timothy Byer were an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant(s) with the intention on the part of the defendant(s) of thereby depriving plaintiff of property or legal rights or otherwise causing injury, and was despicable

In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

conduct that subjected plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**
**EXCESSIVE FINES – EIGHTH AMENDMENT**
**(Against California State Bar)**

117.   Plaintiff incorporates the allegations in paragraphs 1 through 116 as though fully set forth herein.

118.   The California State Bar creates a fixed mandatory disciplinary cost sheet on an annual basis. It is meant to compensate the State Bar for investigation and hearing costs. The costs increase as the stage of the disciplinary proceeding increases. The first disciplinary case Ms. Albert was assessed with $18,714.00 in State Bar disciplinary costs. In the second disciplinary Order, Ms. Albert was assessed with $18,490.00 in State Bar disciplinary costs. The State Legislature enacted 6140.7 which requires a lawyer to pay the costs before their license is reinstated if there is an actual suspension or the lawyer must pay the cost as part of their annual fee in order to continue to have an active license if their suspension was stayed. (Ex 1-3, 5).

119.   Defendants violated the Eighth Amendment to the U.S. Constitution by imposing an excessive fine or penalty in the form of State Bar Disciplinary costs which had to be paid before plaintiff's license could be reinstated without considering plaintiff's financial condition.

120.   In light of the minor nature of the violations (such as paying Devin Lucas $75.00 instead of $47.00) and their financial effect on the plaintiff (thus owing the State Bar $18,490.00 in costs), the aforementioned State Bar disciplinary costs are punitive in nature, and are grossly excessive and disproportionate, particularly when accumulated and/or added to the other costs and fees and given the State Bar's conditioning reinstatement of the plaintiff's law license based on full payment thereon. The dollar amount and enforcement of these penalties constitute a violation of the prohibition in

22
COMPLAINT
Albert-Sheridan v Farfan, et al.

In re Lenore Albert-Sheridan                                      SA 8:18-bk-10548-ES

the Eighth Amendment to the United States Constitution of excessive fines, as incorporated to the states in the Fourteenth Amendment.

121.   As a direct result of said constitutional violations, plaintiff has suffered and will suffer damages, including, but not limited to, the loss of money and property, and the loss of use and enjoyment of her license – her fundamental right to practice in her chosen profession.

122.   Additionally, plaintiff faces immediate and irreparable injury for which there is no adequate remedy at law if the aforementioned penalties and policies to enforce them are allowed to continue because the State Bar just has to create another Notice of Disciplinary Charges in order to obtain another Order having to pay the State Bar nearly $20,000.00.  The device is being used to create a suspension indirectly of the type it could not do so directly.

123.   There is a real and actual controversy between the parties as to whether the State Bar disciplinary costs described above, and their enforcement violate the Eighth and Fourteenth Amendment's prohibition of excessive fines.

124.   Although Ms. Albert obtained a loan to pay the above amount, she faces two more disciplinary actions and there may be more charges in the future. Plaintiff maintains that the penalties and their enforcement violate the excessive fines clause of the Eighth and Fourteenth Amendments, which the California State Bar disputes. This imposition of, and continued effort to collect, these penalties constitute a legal injury which is concrete and particularized. It is likely that these injuries will be fairly addressed by a favorable Court ruling. Plaintiff therefore seeks declaratory relief in order to declare the penalty scheme unconstitutional, and that they did not and do not owe and need not pay said penalties and attendant collection costs and are entitled to restitution of them if they were paid.

## FOURTH CAUSE OF ACTION

COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

## EXCESSIVE FINES - ART 1 SECT. 17 OF CALIFORNIA CONSTITUTION
### (Against California State Bar)

125.    Plaintiff incorporates the allegations in paragraphs 1 through 124 as through fully alleged herein.

126.    This claim for relief is brought under the California Constitution.

127.    The dollar amount and enforcement of the penalties constitute a violation of the prohibition in the Article 1, Section 17 of the California Constitution against the imposition of excessive fines.

128.    The California State Bar has been unjustly enriched to the extent plaintiff paid the State Bar Disciplinary costs that violated Article 1, Section 17 of the California Constitution.

129.    As a direct result of said constitutional violations, plaintiff has suffered and will suffer damages, including, but not limited to, the loss of money and property, and the loss of use and enjoyment of her license – her fundamental right to practice in her chosen profession.

130.    Additionally, plaintiff faces immediate and irreparable injury for which there is no adequate remedy at law if the aforementioned penalties and policies to enforce them are allowed to continue because the State Bar just has to create another Notice of Disciplinary Charges in order to obtain another Order having to pay the State Bar nearly $20,000.00.  The device is being used to create a suspension indirectly of the type it could not do so directly.

131.    There is a real and actual controversy between the parties as to whether the State Bar disciplinary costs described above, and their enforcement violate the Eighth and Fourteenth Amendment's prohibition of excessive fines.

132.    Although Ms. Albert obtained a loan to pay the above amount, she faces two more disciplinary actions and there may be more charges in the future. Plaintiff maintains that the penalties and their enforcement violate the excessive fines clause of

24

COMPLAINT

Albert-Sheridan v Farfan, et al.

In re Lenore Albert-Sheridan                                           SA 8:18-bk-10548-ES

the Eighth and Fourteenth Amendments, which the California State Bar disputes. This imposition of, and continued effort to collect, these penalties constitute a legal injury which is concrete and particularized. It is likely that these injuries will be fairly addressed by a favorable Court ruling. Plaintiff therefore seeks declaratory relief in order to declare the penalty scheme unconstitutional, and that they did not and do not owe and need not pay said penalties and attendant collection costs and are entitled to restitution of them if they were paid.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF 11 USC §525(a)**
**(Against the State Bar of California)**

133.    Plaintiff incorporates the allegations in paragraphs 1 through 132 as though fully set forth herein.

134.    Defendant State Bar of California is a governmental unit that revoked and/or refused to reinstate Debtor-plaintiff's license based on debt that was dischargeable in bankruptcy, to wit the State Bar disciplinary costs to the extent they were an excessive fine as alleged above.

135.    Alternatively, Defendant State Bar of California is a governmental unit that revoked and/or refused to reinstate Debtor-plaintiff's license based on debt that was dischargeable in bankruptcy, to wit the debt owed to Nira Woods for $20,000.00 and $47.00 to Devin Lucas who was the general counsel for now defunct Fin City Foods, Inc.

136.    Defendant State Bar of California is a governmental unit that has denied, revoked, suspended, or refused to renew Debtor's license and/or conditioned such a grant to Debtor's license, and/or discriminated against Debtor with respect to such a grant against Debtor, a person that is or has been a debtor in Bankruptcy, solely because such Debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this

25
COMPLAINT
Albert-Sheridan v Farfan, et al.

In re Lenore Albert-Sheridan                                        SA 8:18-bk-10548-ES

title or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

137.   On Jun 10, 2020 the Ninth Circuit ruled the discovery sanctions payable to 10675 S Orange Park Blvd LLC were discharged. Yet the State Bar defendants did not vacate that part of the judgment.

138.   Even after Plaintiff paid $37,555.90 in State Bar disciplinary fees and $20,801.90 as demanded for the Client Security Fund on April 20, 2021, the State Bar still has not reinstated Ms. Albert's license as of April 28, 2021. (Ex 10-11).

139.   Defendant State Bar of California acting through its employees, Hon. Yvette Roland, Brandon Tady, Alex Hackert, Paul Bernardino and Timothy Byer refused to modify or terminate or waive the monetary sanctions or costs or fees it levied against Debtor after Debtor filed for bankruptcy protection in violation of the State Bar's own rules and/or laws. It did not take into consideration Debtor's ability to pay or repay at time of ruling or upon motion or request of Debtor to have those fees or costs or sanctions waived which were conditioned on reinstatement of her license, amounting to an excessive fine or penalty in or about the sum of $77,000.00.

140.   Said acts noted in this cause of action violated the Debtor's Constitutional rights, rules, and laws of the state of California, and/or California State Bar policies and procedures.

141.   As a result of the Defendants conduct, Plaintiff has been harmed by being barred from her sole source of income and has caused/is causing irreparable harm to her fundamental right to her license in violation of her right entitling her to damages under 42 USC § 1983.

142.   Defendant's conduct is a substantial factor in bringing out that harm.

143.   Plaintiff is therefore entitled to a judicial declaration and a judgement against all defendants finding that the Defendants violated her rights under 11 USC

26
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

525§(a). Debtor is also entitled to costs of suit, attorney fees, restitution, and injunctive relief.

### EXEMPLARY AND PUNITIVE DAMAGES

144.    Defendants Maricruz Farfan, Timothy Byer, Nira Woods, Devin Lucas, and Does 1 through 10 are individuals whose conduct was reprehensible as more fully alleged above.

145.    Defendants Maricruz Farfan, Timothy Byer, Nira Woods, Devin Lucas, and Does 1 through 10 acted with the intent to cause injury to Plaintiff as evidenced by their conduct alleged above.

146.    Defendants Maricruz Farfan, Timothy Byer, Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland understood that the California Supreme Court Orders did not order an actual suspension but suspension was stayed as understood in 6140.7 but pressed on directly or through their representatives at the State Bar as if there was an actual suspension thus depriving plaintiff of her constitutional right to practice law in 2018 making their conduct fraudulent, reprehensible, despicable and acting with a depraved heart.

147.    Defendants Maricruz Farfan, Timothy Byer, Nira Woods, Devin Lucas, Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland and Does 1 through 10 conduct was despicable and was one with a willful and knowing disregard of the rights or safety of another as alleged in the facts above, including but not limited to creating impossible terms and conditions that they knew Debtor could not comply with whether it was a bait and switch on how much she owed or her fee agreement arrangement to backdating probation deadlines and suspensions.

148.    Defendants Maricruz Farfan, Timothy Byer, Nira Woods, Devin Lucas, Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland and Does 1 through 10 acted with knowing disregard when the defendant was aware of the probable

27
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                   SA 8:18-bk-10548-ES

dangerous consequences of his, her, or its conduct and deliberately failed to avoid those consequences as alleged above.

149.   Defendants Maricruz Farfan, and Timothy Byer, Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland and Does 1 through 10 acted with "Oppression" in that they used their administrative position to oppress Debtor and what she knew without any legal authority to do so. Defendant's conduct was despicable and subjected Debtor to cruel and unjust hardship in knowing disregard of her rights.

150.   Defendants Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland, Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 conduct is so vile, base, or contemptible that it would be looked down on and despised by reasonable people. Nira Woods and Devin Lucases' acts were nothing short of extortion/blackmail or fraud.

151.   Defendants Brandon Tady, Paul Bernardino, Alex Hackert, Hon Yvette Roland, Maricruz Farfan, Timothy Byer, State Bar of California, Nira Woods, Devin Lucas, and Does 1 through 10 intentionally misrepresented or concealed a material fact that there was actually a patent litigation case filed for Nira Woods by one of the top patent lawyers in the United States that Debtor consulted with or that the State Bar and Devin Lucas told Debtor to send Devin Lucas the check and after she did, he refused to cash it and the State Bar prosecuted Debtor because it was not in the amount of $47.00. If the State Bar Tim Byer was going to prosecute based on the timing, then the demand to pay Devin Lucas over $800.00 was a fraud, extortion, or blackmail that Debtor paid. Byer knew Debtor did not forge Woods's name but made it appear so to the public in the papers he filed. It was not questionable because Woods's signature was not even on the document at all. Farfan knew she did not request Debtor to meet with her by February 14, 2018 until on or about March 20, 2018 yet recorded it as a probation

28
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

violation of Debtor that Debtor could never rectify under the Rules which could be prosecuted further. That was a material misrepresentation of fact or deceit.

152.   Alternatively, the conduct constituted malice, oppression, or fraud by the defendants as alleged above and the other co-defendants either conspired, aided, and abetted or acted in concert with the other co-defendants making them jointly and severally liable.

153.   Prior to December 15, 2015, Debtor had an unblemished State Bar record. She has had multiple legal successes in the area of consumer rights. One appellate opinion where she represented a homeowner has been cited over 300 times since it was published in 2013. Her work mattered.

154.   Plaintiff files this complaint with regret and outrage.

## PRAYER

Wherefore the Plaintiff prays for judgment as follows:

A. First Cause Action – Declaratory Relief

    1. Declaration of rights

    2. Costs and Attorney Fees;

    3. Injunctive relief, including correcting the slander on the member page;

    4. Any further relief this Court may deem fair and just.

B. Second Cause of Action – Violation of Stay/Discharge Injunction

    1. Actual Damages

    2. General Damages

    3. Punitive Damages as to the individual defendants

    4. Preliminary and permanent injunction consistent with the allegations in the pleadings;

    5. Costs and Attorney Fees;

    6. Any further relief this Court may deem fair and just.

C. Third Cause Action – Excessive Fines Eighth Amendment

In re Lenore Albert-Sheridan                   SA 8:18-bk-10548-ES

1. Declaratory relief;

2. Damages;

3. Costs of suit and Attorney Fees and other expenses pursuant to 42 U.S.C. § 1988;

4. Injunctive relief prohibiting Defendant's unlawful penalties and fines and fine enforcement practices;

5. Any further relief this Court may deem fair and just.

D. Fourth Cause Action – Excessive Fines Art 1 Sect 17

1. Declaratory relief;

2. Restitution;

3. Costs of suit and Attorney Fees;

4. Injunctive relief prohibiting Defendant's unlawful penalties and fines and fine enforcement practices;

5. Any further relief this Court may deem fair and just.

E. Fifth Cause Action – Failure to Reinstate License

1. Preliminary and permanent injunction consistent with the allegations in the pleadings;

2. Costs and Attorney Fees;

3. Any further relief this Court may deem fair and just.

Dated:  April 28, 2021          Respectfully Submitted,

/s/ Lenore L. Albert
Lenore L. Albert, Esq.)
Plaintiff and Debtor, pro se

30
COMPLAINT
Albert-Sheridan v Farfan, et al.

In re Lenore Albert-Sheridan                              SA 8:18-bk-10548-ES

SUPREME COURT
**FILED**

State Bar Court Nos. 16-O-12958, 16-O-10548

JUL **1 0** 2019

**S254967**

**Jorge** Navarrete Clerk

# IN THE SUPREME COURT OF CALIFORNIA<sup>Deputy</sup>

**En Banc**

---

In re LENORE LUANN ALBERT on Discipline.

---

The request to correct or augment the record and/or for judicial notice is denied. The petition for writ of review is denied.

The court orders that Lenore LuAnn Albert (Respondent), State Bar Number 210876, is suspended from the practice of law in California for one year, execution of that period of suspension is stayed, and Respondent is placed on probation for two years subject to the following conditions:

1.   Respondent is suspended from the practice of law for a minimum of the first six months of probation, and Respondent will remain suspended until the following requirements are satisfied:

     i.   Respondent makes restitution to the following payees or such other recipient as may be designated by the Office of Probation or the State Bar Court (or reimburses the Client Security Fund, to the extent of any payment from the Fund to such payee, in accordance with Business and Professions Code section 6140.5) and furnishes satisfactory proof to the State Bar's Office of Probation in Los Angeles:

          (1)   Dr. Nira Schwartz-Woods in the amount of $20,000 plus 10 percent interest per year from April 1, 2016; and

          (2)   Fin City Foods in the amount of $47.00.

     ii.   If Respondent remains suspended for two years or longer as a result of not satisfying the preceding requirement, Respondent must also provide proof to the State Bar Court of rehabilitation, fitness to practice and present learning and ability in the general law before the suspension will be terminated.   (Rules Proc. of State Bar, tit. IV, Stds. for Atty. Sanctions for Prof. Misconduct, std. 1.2(c)(1).)

2.   Respondent must also comply with the other conditions of probation recommended by the Hearing Department of the State Bar Court in its Decision filed on January 9, 2019.

3.   At the expiration of the period of probation, if Respondent has complied with all conditions of probation, the period of stayed suspension will be satisfied and that suspension will be terminated.

EX 1

FAC pg 31

Respondent must also comply with California Rules of Court, rule 9.20, and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of this order.   Failure to do so may result in disbarment or suspension.   Respondent must also maintain the records of compliance as required by the conditions of probation.

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

Kruger, J., was absent and did not participate.

**CANTIL-SAKAUYE**
*Chief Justice*

F I L E D

DEC 1 3 2017

Jorge Navarrete Clerk

Deputy

State Bar Court No. 15-O-11311

S243927

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re LENORE LUANN ALBERT on Discipline.

The petition for review and request for stay is denied.

The court orders that Lenore LuAnn Albert, State Bar Number 210876, is suspended from the practice of law in California for one year, execution of that period of suspension is stayed, and she is placed on probation for one year subject to the following conditions:

1.    Lenore LuAnn Albert is suspended from the practice of law for the first 30 days of probation, and she will remain suspended until the following conditions are satisfied:

    a.    She pays the following sanctions (or reimburses the Client Security Fund, to the extent of any payment from the Fund to the payees, in accordance with section 6140.5), and furnishes proof to the State Bar Office of Probation in Los Angeles: the $2,675.50, $1,242.50, and $1,820 sanctions awards issued on August 31, 2012, by the Superior Court of Orange County in case no. 30-2012-00568954-CL-UD-CJC, plus 10 percent interest per year from August 31, 2012.

    b.    If she remains suspended for two years or more as a result of not satisfying the preceding requirements, she must also provide proof to the State Bar Court of her rehabilitation, fitness to practice, and learning and ability in the general law before her suspension will be terminated.  (Rules Proc. of State Bar, tit. IV, Stds. for Atty. Sanctions for Prof. Misconduct, std. 1.2(c)(1).)

2.    Lenore LuAnn Albert must comply with the other conditions of probation recommended by the Review Department of the State Bar Court in its Opinion filed on June 30, 2017; and

3.    At the expiration of the period of probation, if Lenore LuAnn Albert has complied with all conditions of probation, the period of stayed suspension will be satisfied and that suspension will be terminated.

Lenore LuAnn Albert must also take and pass the Multistate Professional Responsibility Examination within one year after the effective date of this order and provide satisfactory proof of such passage to the State Bar's Office of Probation in Los Angeles within the same period.  Failure to do so may result in suspension.  (Cal. Rules of Court, rule 9.10(b).)

If Lenore LuAnn Albert remains suspended for 90 days or more, she must comply with the requirements of rule 9.20 of the California Rules of Court, and perform the acts specified in subdivisions (a) and (c) of that rule within 120 and 130 days, respectively, after the effective date of this order.  Failure to do so may result in disbarment or

EX 2

FAC pg 033

suspension.

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

CANTIL-SAKAUYE

*Chief Justice*

| STATE BAR COURT OF CALIFORNIA<br>845 South Figueroa Street, 3rd Floor<br>Los Angeles, CA 90017-2515<br>(213) 765-1400 | FOR STATE BAR COURT USE<br>**FILED**<br>AUG 09 2017<br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES |
|---|---|
| In the Matter of<br><br>LEONORE LUANN ALBERT, No. 210876<br><br>Member of the State Bar | |
| CERTIFICATE OF COSTS | CASE NO.: 15O11311, 15O11708,<br>15O12260. |

1.   TAXABLE COSTS of the Office of the Chief Trial Counsel (Code Civ. Proc. §1033.5(a)).

     $ _____   Witness fees pursuant to Government Code.
     $ _____   Fees of expert witnesses when ordered by the Court.
     $ _____   Deposition expenses, including transcript and travel costs.
     $ _____   Service of process.
     $ _____   Photocopies of exhibits.
     $ _____   Models and blowups of exhibits.

2.   REASONABLE COSTS PURSUANT TO FORMULA APPROVED BY THE BOARD OF TRUSTEES
     (Bus. & Prof. Code § 6086.10(b)(3)).

     $ 16,758.00   Base Charge.
     $ 1,956.00    Charge of $978 for Investigations over one.
     $ _____     Minimum charge for consolidated matter.
     $ _____     Resignation charge ($ 137.00).

3.   OTHER REASONABLE COSTS—Incidental expenses of the Office of the Chief Trial Counsel
     (Bus. & Prof. Code §6086.10(b)(1); CCP §1033.5(c)).

     $ _____   Reporter's transcript of State Bar Court proceedings.
     $ _____   Cost for certifying court documents.
     $ _____   Staff travel expenses.
     $ _____

4.   $ 18,714.00   SUBTOTAL

By: _____   Dated: 10/31/16
    Herman Cendejas, Administrative Assistant, Office of Chief Trial Counsel

5.   OTHER REASONABLE COSTS OF THE STATE BAR COURT

     $ 00.00   _____

$ 18,714.00    **TOTAL OF ALL COSTS**

By: _____   Dated: 8/9/17
    Deputy Court Clerk, Office of the State Bar Court
Cost Form 4/15

EX 3                                      FAC pg 35

## CERTIFICATE OF SERVICE

[Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Deputy Court Clerk of the State Bar Court of California.  I am over the age of eighteen and not a party to the within proceeding.  Pursuant to standard court practice, in the City and County of Los Angeles, on August 9, 2017, I deposited a true copy of the following document(s):

## CERTIFICATE OF COSTS

in a sealed envelope for collection and mailing on that date as follows:

( X )    by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

      LENORE L. ALBERT
      LAW OFC LENORE ALBERT
      7755 CENTER AVE STE 1100
      HUNTINGTON BEACH, CA  92647

(X)    by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

      Brandon Keith Tady, Enforcement, Los Angeles

I hereby certify that the foregoing is true and correct.  Executed in Los Angeles, California, on August 9, 2017.

                              Elizabeth Alvarez
                              Deputy Court Clerk
                              State Bar Court

| | FOR CLERK'S USE ONLY |
|---|---|
| **STATE BAR COURT OF CALIFORNIA**<br><br>**REVIEW DEPARTMENT**<br><br>845 S. Figueroa St., Los Angeles, CA  90017 | |
| In the Matter of:<br><br>**LENORE LUANN ALBERT**<br>**Member No. 210876**<br><br>A Member of the State Bar. | Case No(s):   16-O-10548; 16-O-12958<br>(Consolidated)<br><br>**NOTICE RE FAILURE TO COMPLY WITH**<br>**RULE 5.151(D)** |

**TO ALL PARTIES AND COUNSEL IN THE ABOVE ENTITLED MATTER:**

Pursuant to rule 5.151(D) of the Rules of Procedure of the State Bar, you are hereby NOTIFIED that unless LENORE LUANN ALBERT submits payment of $2100.00 for the transcripts within five (5) days from service of this notice, the request for review will be dismissed with prejudice, and if no other party requested review, the decision of the hearing judge in this matter will become final decision of the State Bar Court.

Dated.  February 13, 2019

Mel Zavala
Court Specialist
Review Department

5_151D_fail_to_comply-(20180123)

EX 4

FAC pg 37

| STATE BAR COURT OF CALIFORNIA<br>845 South Figueroa Street, 3rd Floor<br>Los Angeles, CA 90017-2515<br>(213) 765-1400 | FOR STATE BAR COURT USE |
|---|---|
| In the Matter of<br><br>LENORE LUANN ALBERT, No. 210876<br><br>Member of the State Bar | **FILED**<br><br>MAR 27 2019<br><br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES |
| CERTIFICATE OF COSTS | CASE NO.: 16O12958, 16O10548. |

1. TAXABLE COSTS of the Office of Chief Trial Counsel (Code Civ. Proc. §1033.5(a)).

   | $ 201.90 | Witness fees pursuant to Government Code. |
   |---|---|
   | $ | Fees of expert witnesses when ordered by the Court. |
   | $ | Deposition expenses, including transcript and travel costs. |
   | $ | Service of process. |
   | $ | Photocopies of exhibits. |
   | $ | Models and blowups of exhibits. |

2. REASONABLE COSTS PURSUANT TO FORMULA APPROVED BY THE BOARD OF TRUSTEES
   (Bus. & Prof. Code §6086.10(b)(3)).

   | $ 17,574.00 | Base Charge. |
   |---|---|
   | $ 1,026.00 | Charge of $1,026 for investigations over one. |
   | $ | Minimum charge for consolidated matter. |
   | $ | Resignation charge ($144). |

3. OTHER REASONABLE COSTS—Incidental expenses of the Office of Chief Trial Counsel
   (Bus. & Prof. Code §6086.10(b)(1); CCP §1033.5(c)).

   | $ | Reporter's transcript of State Bar Court proceedings. |
   |---|---|
   | $ 40.00 | Cost for certifying court documents. |
   | $ | Staff travel expenses. |
   | $ | |

4. $ 18,841.90   SUBTOTAL

By: _____   Dated: 03/26/19
Herman Cendejas, Program Assistant II, Office of Chief Trial Counsel

5. OTHER REASONABLE COSTS OF THE STATE BAR COURT

   $ 00.00

   | $ 18,841.90 | **TOTAL OF ALL COSTS** |
   |---|---|

By: _____   Dated: 3-27-19
Sr. Administrative Assistant, Office of the State Bar Court

Cost Form 4/15

EX 5                                                    FAC pg 38

# CERTIFICATE OF SERVICE

### [Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Sr. Administrative Assistant of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on March 27, 2019, I deposited a true copy of the following document(s):

### CERTIFICATE OF COSTS

in a sealed envelope for collection and mailing on that date as follows:

( X )    by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

> LENORE L. ALBERT
> LAW OFC LENORE ALBERT
> 14272 HOOVER STREET SP 69
> WESTMINSTER, CA 92683

(X)    by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

> Timothy G. Byer, Enforcement, Los Angeles

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on March 27, 2019.

Jesus Hernandez
Sr. Administrative Assistant
State Bar Court

FAC pg 39

**Farfan, Maricruz**

| | |
|---|---|
| **From:** | Knitter, Linda |
| **Sent:** | Friday, April 03, 2020 2:19 PM |
| **To:** | 'lenore albert' |
| **Cc:** | Farfan, Maricruz |
| **Subject:** | RE: Amount to Reinstate SBN 210876 |

Dear Ms. Albert,

You have inquired regarding what amounts you owe the State Bar in order to be reinstated. I have described what you owe the State Bar, as well as what additional requirements must be met prior to your reinstatement to the State Bar.

## I.    Payments Owed to the State Bar

One of the conditions to your reinstatement is payment of all outstanding disciplinary costs to the State Bar. (Bus & Prof Code, §§ 6086.10; 6140.7). You currently owe **$37,555.90** in disciplinary costs. This amount represents the sum of the disciplinary cost assessments for the following two State Bar Court cases:

Case Number 15-O-11311:  $18,714.00
Case Number 16-O-12958:  $18,841. 90

You will not be automatically reinstated if this money is paid to the State Bar. Rather, you must meet all other conditions of your discipline, as ordered by the California Supreme Court. These conditions include submission of proof to the Office of Probation of various payments made to third parties as described below.

## II.    Payments Owed to Third Parties

You have been ordered to pay restitution and sanctions to third parties (or to the Client Security Fund, to the extent they have reimbursed any payee) as a condition of your reinstatement. You will remain suspended until you make these payments and provide satisfactory proof thereof to the Office of Probation. The total amount owed to third parties, with interest calculated through April 17, 2020, is **$38,257.89**, broken down as follows:

| Case Number | Sanctions/ Restitution Principal Amount | Payee | Interest Accruing From | Interest Accrued to April 17, 2020* | Total Amount |
|---|---|---|---|---|---|
| S243927 (15-O-11311, et al.) | $5,738.00 | 10675 S. Orange Park Boulevard, LLC, Inc. | 08/31/12 | $4,379.74 | $10,117.74 |
| S254967 (16-O-12958, | $20,000.00 | Dr. Nira Schwartz-Woods | 04/01/16 | $8,093.15 | $28,093.15 |

1

| | | | | | |
|---|---|---|---|---|---|
| et al.) | | | | | |
| S254967 (16-O-12958, et al.) | $47.00 | Fin City Foods | | | $47.00 |
| | **$25,785.00** | | | **$12,472.89** | **$38,257.89** |

*\*Please note that interest will continue to accrue on any unpaid balance, until the principal is paid in full. Interest is calculated from the date <u>the bank posts the check,</u> not the check date or mailing date.*

For detailed information regarding satisfactory proof of payments, you should refer to the Proof of Payment Instructions printout which was attached to the Office of Probation's courtesy reminder letters uploaded to your private "My State Bar Profile" on March 20, 2018 and September 11, 2019.

You will still not be automatically reinstated upon your submission of documents claiming payment to the Office of Probation. The Office of Probation verifies that any documents submitted provide "satisfactory proof" of restitution, and may also contact the payees.

Please be advised that if you remain suspended for two years or more, you must also provide proof to the State Bar Court of your rehabilitation, fitness to practice law, and learning ability in the general law before your suspension is terminated. (Rules Proc. Of State Bar, tit. iV, Stds. For Atty Sanctions for Prof. Misconduct, std. 1.2(c)(1).)

Once your payments have been verified, you will be reinstated to Active status. At that time you will be billed the full Active license fees for the year in which you are reinstated and will be given a 45-day payment deadline to pay your annual fees.

I hope this answers your questions.

Sincerely,

Linda Knitter
Program Supervisor, Attorney Regulation and Consumer Resources
<u>The State Bar of California</u> | 180 Howard St. | San Francisco, CA 94105
415.538.2241 | linda.knitter@calbar.ca.gov

***Working to protect the public in support of the mission of the State Bar of California.***
Please consider the environment before printing this email.

*This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.*

**From:** lenore albert [mailto:lenalbert@interactivecounsel.com]
**Sent:** Wednesday, April 01, 2020 12:13 AM
**To:** Knitter, Linda
**Cc:** Farfan, Maricruz; Courtroom B; Courtroom C
**Subject:** Amount to Reinstate SBN 210876

Dear Ms. Knitter,

What amount would I have to pay the State Bar in order to have my State Bar license reinstated at this point in time? Second, would my license be reinstated automatically upon that payment or would I have to take another step first? If so, what?

I have copied the Court and Probation Officer if the question should be directed to them instead. Time is of the essence in the reply. Thank you.


Sincerely,


Lenore

FASB-1662

| IN THE MATTER OF | (For Office of Probation Use Only) |
|---|---|
| Lenore L. Albert | |
| CASE NO(s): S254967 (16-O-12958, et al.) | |
| (Probation) | |

## QUARTERLY REPORT

*For each report, mark the box for the correct reporting period and write the correct year.*

**First Report Due: October 10, 2019**    – Final Report Due: August 28, 2021
(for period August 28, 2019 through September 30, 2019)    (for period July 1, 2021 through August 28, 2021)

Due: ☒ January 10, 20__  ☒ April 10, 20__  ☐ July 10, 20__  ☐ October 10, 20__
(for period 10/01 through 12/31) (for period 01/01 through 03/31) (for period 04/01 through 06/30) (for period 07/01 through 09/30)

*Make sufficient copies of this form for future use and transmit reports to the State Bar of California, Attn: Office of Probation, 845 South Figueroa Street, Los Angeles, California 90017-2515, or Fax at 213- 765-1439, OR e-mail at Maricruz.Farfan@calbar.ca.gov*

*EACH INQUIRY MUST BE ANSWERED. Place an "X" before each of the statements that applies to you for each inquiry.*

**Compliance with State Bar Act and Rules**

☒ During the reporting period noted above, I have complied with all provisions of the State Bar Act and Rules of Professional Conduct.

**-OR-**

☐ During the reporting period noted above, I have complied with all provisions of the State Bar Act, Rules of Professional Conduct, **EXCEPT (please list specific violations):**

_____

_____

_____

_____ (attach declaration under penalty of perjury if more space is needed).

Lenore L. Albert
S254967 (16-O-12958, et al.)
Page 2

## Review Rules of Professional Conduct and B&P Codes

Within 30 days after the effective date of the order imposing discipline in this matter
**(September 27, 2019)**, I read the:
1. California Rules of Professional Conduct and
2. Business and Professions Code sections 6067, 6068 and 6103 through 6126.

**-OR-**

Within 30 days after the effective date of the order imposing discipline in this matter
**(September 27, 2019)**, I did **NOT** read the:
1. California Rules of Professional Conduct and/or
2. Business and Professions Code sections 6067, 6068, and 6103 through 6126.
I understand I am **NOT** in compliance with my probation.

**-OR-**

Although **NOT** within 30 days after the effective date of the order imposing discipline in this
matter **(September 27, 2019)**, I did read the:
1. California Rules of Professional Conduct and
2. Business and Professions Code sections 6067, 6068, and 6103 through 6126.
I understand I completed this condition late and am **NOT** in compliance with my probation.

## Restitution

I have made restitution payments to the Complaining Witnesses and attached are front/back
copies of the negotiated/cancelled checks **or** a declaration **(must include amount and date paid)**
from the payee(s) acknowledging receipt of the payments.

**-OR-**

I have fully paid restitution to the Complaining Witnesses and attached are front/back copies of
the negotiated/cancelled checks **or** a declaration **(must include amount and date paid)** from the
payee(s) acknowledging receipt of the payments.

# OFFICE OF PROBATION
## NOTICE OF COUNSEL REPRESENTATION

**Respondent:** Lenore L. Albert

**State Bar Case Number:** S254967 (16-O-12958, et al.)

**State Bar Number:** 210876

**Counsel's Name:** I don't know who this is.

**Firm Name:**

**Address:**

**Bar Number:**

**Phone Number:**

**Respondent's Signature:**

**Date:**

**Counsel's Signature:**

**Date:**

Please complete and return this form to the State Bar of California, Attention: Office of Probation,
845 South Figueroa Street, Los Angeles, CA 90017-2515.

Lenore L. Albert
S254967 (16-O-12958, et al.)
Page 3

I declare under penalty of perjury under the laws of the State of California that all of the
information provided in this report is true and accurate.

Date: 5-5-2020
03-23-2020

(Actual date of signature)

Signature: _____
Lenore L. Albert
Original handwritten signature (do not use a photocopied,
typewritten, stamp, digital or other duplicate signature)

## My Probation Conditions and Deadlines

| CONDITION | DEADLINE(S) |
|---|---|
| 1. Schedule Required Meeting | September 12, 2019 |
| 2. Participate in Required Meeting | September 27, 2019 |
| 3. Review Rules of Professional Conduct and B&P Codes[2] | September 27, 2019/October 10, 2019 |
| 4. 9.20 Compliance Declaration | October 7, 2019 |
| 5. Quarterly Reports | Quarterly, beginning October 10, 2019 |
| 6. Final Report | August 28, 2021 |

*(handwritten notes in margin)*

I did not type this.
I have not wilfully violated my probation
conditions. I declare under penalty of perjury
the following is true & correct during the Covid-19
pandemic.
5-5-2020

---

[2] You must read the California Rules of Professional Conduct (Rules of Professional Conduct) and
Business and Professions Code sections 6067, 6068, and 6103 through 6126 no later than September
27, 2019. You must provide a declaration, under penalty of perjury, attesting your compliance with
this requirement, with your first Quarterly Report due **October 10, 2019.**



The State Bar of California

ATTORNEYS   Attorney Regulation   MCLE & CLE   Conduct & Discipline   Ethics   Certified Legal Specialization   Volunteer

# Fees for Lenore L. Albert (Bar# 210876)

## Fees

### Past Due and/or Reinstatement Fee



*The State Bar of California*

## Payment Gateway

### Thank you for your payment

| | |
|---|---|
| Invoice No | |
| Payment Date | 04-20-2021 |
| Payment Amount | $8,555.00 |
| Payment Confirmation No | |
| Transaction Reference | |
| Payment Method | Checking - 8344 |

### You will be redirected in 18 seconds

FAC pg 48

The State Bar
of California

OFFICE OF ATTORNEY REGULATION &
CONSUMER RESOURCES

180 Howard Street, San Francisco, CA 94105

AttorneyRegulation@calbar.ca.gov
888-800-3400

## Payment Summary

Lenore L. Albert (210876)

31872 Joshua Dr
Apt 22C
Trabuco Cyn, CA 92679

| | |
|---|---|
| **Payment Reference:** | M7DC19_210876_2021_1_20210420171826229 |
| **Payment Method:** | Checking-5044 |
| **Payment Status:** | In Process |
| **Transaction Date:** | Apr 20 2021 |

| Item Description | Cost |
|---|---|
| Prior Year(s) and/or Reinstatement Fee | $37,555.90 |
| **Grand Total** | **$37,555.90** |

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

PAC_pg_49

The State Bar
of California

**OFFICE OF ATTORNEY REGULATION &**
**CONSUMER RESOURCES**

180 Howard Street, San Francisco, CA 94105

AttorneyRegulation@calbar.ca.gov
888-800-3400

## Information about your 2021 State Bar of California annual license fees

Rule 2.10 of the Rules of the State Bar states that ""Annual license fees" are those fees that any licensee must pay to maintain active or inactive status in a calendar year." The 2021 annual license fees were assessed December 1, 2020. The payment deadline is February 1, 2021. Failure to pay will lead to penalties and suspension. (Bus. & Prof. Code §6143.)

**Active Fee**
The 2021 active rate annual license fees is $515 and is comprised of: a base fee of $395 (Bus. & Prof. Code § 6140); $40 for the Client Security Fund (§ 6140.55); $25 for the discipline system (§6140.6); $10 for Lawyer Assistance Program (§6140.9); and $45 for Legal Services Assistance (§6140.03).

Attorneys may also make donations, take deductions, accrue fees and be assessed costs, late fees and other penalties (§§6140.5(c), 6140.7, 6143). The deadline to pay is February 1, 2021. Late payments will incur penalties of $100. Failure to pay by the deadline will lead to penalties and suspension (§6143).

**Inactive Fee**
The 2021 inactive rate annual license fees is $182.40 and is comprised of: a base fee of $97.40 (Bus. & Prof. Code §6141); $10 for the Client Security Fund (§ 6140.55); $25 for the discipline system (§6140.6); $5 for Lawyer Assistance Program (§6140.9); and $45 for Legal Services Assistance (§6140.03).

Attorneys may also make donations, take deductions, accrue fees and be assessed costs, late fees and other penalties (§§6140.5(c), 6140.7, 6143). The deadline to pay is February 1, 2021. Late payments will incur penalties of $30. Failure to pay by the deadline will lead to penalties and suspension (§6143).

**Multijurisdictional Practice (MJP) Fee**
The 2021 MJP rate is $515. Applies to out-of-state attorneys registered with the State Bar as legal aid attorneys (formerly called registered legal services attorneys) or in-house counsel. See Active Fee breakdown above.

**Optional Deductions**
- Attorneys are not required to pay and may deduct five dollars ($5) from their annual fees if they do not wish to support lobbying and related activities of the State Bar that are outside the parameters for expenditures of mandatory dues set forth in *Keller.* Cal. Bus. & Prof. Code §6140.05.
- Attorneys are not required to pay and may deduct two dollars ($2) from their annual fees if they do not wish to support programs that address concerns of access and bias in the legal profession and the justice system.
- Attorneys are not required to pay and may deduct forty five dollars ($45) from their annual fees if they do not wish to support nonprofit organizations that provide free legal services to persons of limited means. Cal. Bus. & Prof. Code § 6140.03.

THOMAS SCOTT SCHALES
16522 HILLVIEW CIRCLE B
HUNTINGTON BEACH, CA 92649

326

Date    4-20-2021

Pay to the Order of    State Bar of California    | $ 2,000 ⁰⁰/₁₀₀

Two thousand    ⁰⁰/₁₀₀    Dollars

Credit Union of
Southern California
9026 Greenleaf Ave., Whittier, CA 90602
(562) 698-8326 or visit www.cusocal.org

For    Lenore Albert CSF-16-F-12555

⑆ ⑈ 961⑈ 306⑈ 0326

---

THOMAS SCHALES
16522 HILLVIEW CIR APT B
HUNTINGTN BCH, CA  92649-3748

1002

Date    4-20-2021

Pay to the Order of    State Bar of California    | $ 18,801 ¹⁸/₁₀₀

Eighteen thousand eight hundred one and ¹⁸/₁₀₀    Dollars

USAA FEDERAL SAVINGS BANK
10750 McDERMOTT PKWY
SAN ANTONIO, TEXAS 78288-0544
(210) 456-8000 1-800-832-3724

USAA

For    Lenore Albert CSF-16-F-12555

⑆ 69⑈ ⑈ 4⑈ 1002

EX 9    FAC pg 51



FedEx Office™

Address:          15951 GOLDENWEST ST
                  HUNTINGTON BEACH
                  CA 92647
Location:         JLBKK
Device ID:        -BTC04
Transaction:      940298616453

FedEx Priority Overnight
786225767492      0.10 lb (S)        28.06
Declared Value  0
Recipient Address:
  California State Bar
  Client Security Fund
  845 S. Figueroa st
  Los Angeles, CA 90017
  2137651000

Scheduled Delivery Date 4/21/2021

Pricing option:
  STANDARD RATE

Package Information:
  FedEx Envelope

       Shipment subtotal:    $28.06

          Total Due:         $28.06

       (S) CreditCard:       $28.06
       ***********4002

M = Weight entered manually
S = Weight read from scale
T = Taxable item

Terms and Conditions apply. See
fedex.com/us/service-guide for details.

       Visit us at: fedex.com
       Or call 1.800.GoFedEx
          1.800.463.3339

       Apr 20, 2021 6:37:32 PM

       ********** WE LISTEN **********
       Tell us how we're doing
    & receive a discount on your next order!
    fedex.com/welisten or 800-398-0242
       Redemption Code:

Pull to open ►►►



ORIGIN ID:APVA   (424) 365-0741
LENORE ALBERT
31872 JOSHUA DR. #22C
TRABUCO CANYON, CA 92679
UNITED STATES US

SHIP DATE: 20APR21
ACTWGT: 0.10 LB
CAD: 6995578/SSF02121

BILL CREDIT CARD

TO  CALIFORNIA STATE BAR
    CLIENT SECURITY FUND
    845 S. FIGUEROA ST

    LOS ANGELES CA 90017
    (213) 765-1000          REF:
    PO:                     DEPT:

FedEx
Express

E

TRK#  7862 2576 7492      WED -- 21 APR 10:30A
0201                      PRIORITY OVERNIGHT

WZ JBPA                          90017
                        CA-US  LAX

FAC pg 52

# The State Bar *of California*

**Lenore LuAnn Albert #210876**
License Status: Not Eligible to Practice Law

Address: 31872 Joshua Dr, Apt 22C, Trabuco Cyn, CA 92679-3111
Phone: (424) 365-0741 | Fax: Not Available
Email: lenalbert@interactivecounsel.com | Website: www.InteractiveCounsel.com

## More About This Attorney ▾

**Below you will find all changes of license status due to both non-disciplinary administrative matters and disciplinary actions.**

| Date | License Status | Discipline | Administrative Action |
|---|---|---|---|
| **Present** | Not Eligible To Practice Law in California | | |
| **1/29/2020** | | Disciplinary charges filed in State Bar Court 20-O-00045 | |
| **1/29/2020** | | Disciplinary charges filed in State Bar Court 20-N-00044 | |
| **8/28/2019** | Not Eligible To Practice Law in California | Discipline w/actual suspension 16-O-12958 | |
| **6/28/2018** | Not Eligible To Practice Law in California | Discipline w/actual suspension 15-O-11311 | |
| **3/16/2018** | Active | | |
| **2/14/2018** | Not Eligible To Practice Law in California | Discipline w/actual suspension 15-O-11311 | |
| **3/6/2017** | | Disciplinary charges filed in State Bar Court 16-O-12958 | |
| **9/9/2016** | | Disciplinary charges filed in State Bar Court 16-O-10548 | |
| **12/16/2015** | | Disciplinary charges filed in State Bar Court 15-O-11311 | |
| **12/5/2000** | Admitted to The State Bar of California | | |

### State Bar Court Cases
**The listing below is partial, as the State Bar Court is transitioning to online dockets. Please refer to the License Status, Disciplinary and Administrative History section above for a record of discipline cases. Case dockets and documents may be available using the State Bar Court Search for a Case feature.**

| Effective Date | Case Number | Description |
|---|---|---|
| **8/28/2019** | 16-O-12958 | Decision [PDF] |
| **2/14/2018** | 15-O-11311 | Opinion [PDF] |

### Additional Information:
- Explanation of licensee status
- Explanation of disciplinary system
- Explanation of disciplinary actions
- Copies of official licensee discipline records are available upon request

EX 10

FAC pg 53

The State Bar Court began posting public discipline <u>documents</u> online in 2005. Copies of additional documents in a case are <u>available upon request</u>.

On May 31, 2019, the State Bar Court launched online case dockets. If a case was open or filed on or after Feb 7, 2019, documents are being added online as events occur, and can be accessed with the new <u>Search for a Case</u> feature.

To search for a case filed on or after Feb. 7, 2019, please copy the case number displayed above, click the button below, and add the prefix SBC to the case number, e.g. SBC[CASE NUMBER].

> **Search for a Case**

Older case records are <u>available on request</u>.

**NOTE:** Only Published Opinions may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket (Search for a Case).

**DISCLAIMER:** Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.

Copyright © 2021 The State Bar of California

  

FAC pg 54

# The State Bar *of California*

**Lenore LuAnn Albert #210876**
**License Status:** Not Eligible to Practice Law

Address: 31872 Joshua Dr, Apt 22C, Trabuco Cyn, CA 92679-3111
Phone: (424) 365-0741 | Fax: Not Available
Email: lenalbert@interactivecounsel.com | Website: www.InteractiveCounsel.com

## More About This Attorney  ▾

**Below you will find all changes of license status due to both non-disciplinary administrative matters and disciplinary actions.**

| Date | License Status | Discipline | Administrative Action |
|------|----------------|------------|----------------------|
| Present | Not Eligible To Practice Law in California | | |
| 1/29/2020 | | Disciplinary charges filed in State Bar Court 20-O-00045 | |
| 1/29/2020 | | Disciplinary charges filed in State Bar Court 20-N-00044 | |
| 8/28/2019 | Not Eligible To Practice Law in California | Discipline w/actual suspension 16-O-12958 | |
| 6/28/2018 | Not Eligible To Practice Law in California | Discipline w/actual suspension 15-O-11311 | |
| 3/16/2018 | Active | | |
| 2/14/2018 | Not Eligible To Practice Law in California | Discipline w/actual suspension 15-O-11311 | |
| 3/6/2017 | | Disciplinary charges filed in State Bar Court 16-O-12958 | |
| 9/9/2016 | | Disciplinary charges filed in State Bar Court 16-O-10548 | |
| 12/16/2015 | | Disciplinary charges filed in State Bar Court 15-O-11311 | |
| 12/5/2000 | Admitted to The State Bar of California | | |

**State Bar Court Cases**
**The listing below is partial, as the State Bar Court is transitioning to online dockets. Please refer to the License Status, Disciplinary and Administrative History section above for a record of discipline cases. Case dockets and documents may be available using the State Bar Court Search for a Case feature.**

| Effective Date | Case Number | Description |
|----------------|-------------|-------------|
| 8/28/2019 | 16-O-12958 | Decision [PDF] |
| 2/14/2018 | 15-O-11311 | Opinion [PDF] |

**Additional Information:**
- Explanation of licensee status
- Explanation of disciplinary system
- Explanation of disciplinary actions
- Copies of official licensee discipline records are available upon request

*The State Bar Court began posting public discipline <u>documents</u> online in 2005. Copies of additional documents in a case are <u>available upon request</u>.*

*On May 31, 2019, the State Bar Court launched online case dockets. If a case was open or filed on or after Feb 7, 2019, documents are being added online as events occur, and can be accessed with the new <u>Search for a Case</u> feature.*

*To search for a case filed on or after Feb. 7, 2019, please copy the case number displayed above, click the button below, and add the prefix SBC to the case number, e.g. SBC[CASE NUMBER].*

**Search for a Case**

Older case records are <u>available on request</u>.

**NOTE:** *Only Published Opinions may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket (Search for a Case).*

**DISCLAIMER:** *Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.*

Copyright © 2021 The State Bar of California

  

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
31872 Joshua Drive #22C, Trabuco Canyon, CA 92679

A true and correct copy of the foregoing document entitled (*specify*): **FIRST AMENDED CONSOLIDATED**

**COMPLAINT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 21, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**James J Chang,** The State Bar of California, 180 Howard St, San Francisco, CA 94105
415-538-2381, Fax : 415-538-2321, Email: james.chang@calbar.ca.gov

**Suzanne C Grandt,** State Bar of California, 180 Howard St, San Francisco, CA 94111
415-538-2388, Fax : 415-538-2321, Email: suzanne.grandt@calbar.ca.gov

**Jeffrey I Golden (TR),** Weiland Golden Goodrich LLP, P.O. Box 2470, Costa Mesa, CA 92628-2470
(714) 966-1000

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 04/28/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Nira Woods** 2550 Pacific Coast Hwy Trlr 68, Torrance, CA 90505 NiraSchwartzWoods@yahoo.com
**Devin Lucas** Law Offices of Devin Lucas, 2901 W. Coast Hwy Ste 200, Newport Beach, CA 92663-4045
Devin@DevinRLucas.com

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 21, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Scott C. Clarkson, 411 West Fourth Street, Santa Ana, CA 92701

Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04-28-2021 | James Ocon | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT 8

| | |
|---|---|
| **From:** | Leslie Westmoreland |
| **To:** | Randolph, Joan |
| **Cc:** | Grandt, Suzanne; Shapp, Marc |
| **Subject:** | Re: Lenore LuAnn Albert v State Bar of California, et al.; USBC CD Adv Pro No. 8:18-ap-1065-SC |
| **Date:** | Saturday, February 12, 2022 8:16:13 AM |

---

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Got it, but why am I being deposed at all? I do not know anything about her BK.Please do not waste my time and yours on me.=uselless.

---

 Virus-free. www.avast.com

On Fri, Feb 11, 2022 at 2:04 PM Randolph, Joan <Joan.Randolph@calbar.ca.gov> wrote:

> Mr. Westmoreland,
>
> In reliance on your email statement to Assistant General Counsel Suzanne C. Grandt that you will accept email service, please see attached service copy of Second Amended Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding).
>
> Joan Randolph | Legal Secretary
>
> Office of General Counsel
>
> The State Bar of California | 180 Howard St. | San Francisco, CA 94105
>
> 415.538.2186 | Joan.Randolph@calbar.ca.gov

# EXHIBIT 9

# The State Bar
## of California

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

marc.shapp@calbar.ca.gov
415-538-2517

March 1, 2022

**Via UPS Overnight Delivery and Email**
Leslie Westmoreland
4235 North College Avenue
Fresno, CA 93704

RE:     *Lenore LuAnn Albert v State Bar of California, et al.*
        USBC CD Adv Pro No. 8:18-ap-1065-SC
        Deposition Subpoena

Dear Mr. Westmoreland:

I received your voicemail this morning in which you requested an additional delay of your deposition, which is currently set for this Friday, March 4, 2022, at 9:30 a.m. I tried calling you back at the phone number you provided, but you did not answer and the voicemailbox was full. The State Bar already has accommodated two requests by you to reschedule. This third request was made without any explanation or excuse. Therefore, I write this letter to inform you that, at this time, we do not agree to further delay the taking of your deposition.

The State Bar first served you with a deposition subpoena in this case on or about December 15, 2021, commanding your appearance on January 12, 2022. You requested a delay to accommodate your wife's surgery. The State Bar immediately acquiesced, and you agreed to appear for your deposition on February 1, 2022. Accordingly, on or about January 4, 2022, we served you with a first amended subpoena commanding your appearance, via Zoom, on February 1. Then, on January 27, 2022, you emailed me and others, stating you could not be deposed as scheduled due to your grief after the recent death of two close family members. Again, the State Bar quickly agreed to reschedule your deposition. In an email dated January 28, 2022, I asked you to propose a date during the week of February 28 to March 4, 2022. However, you failed to respond to this and a subsequent request for dates. It was not until, on February 10, 2022, when I informed you that the State Bar would set your deposition on a date of our choosing if we did not hear back from you, that you finally called me to discuss the matter. On February 11, 2022, you confirmed in an email to me that you were "fine" with holding your deposition on March 4, 2022. Accordingly, the State Bar served you with a second

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Leslie Westmoreland
March 1, 2022
Page 2

amended subpoena on February 11, 2022, commanding you to appear for your deposition on March 4, 2022, at 9:30 a.m. via Zoom.

The foregoing summary demonstrates that the State Bar has been extremely cooperative with you when you have demonstrated a need to reschedule your deposition. It also reflects that, absent the threat of unilateral action on our part, you have not reciprocated. Since you have failed to articulate any reason why your deposition should not go forward as scheduled, we will expect your appearance on March 4, 2022 at 9:30 a.m., consistent with the requirements of the second amended subpoena, which is enclosed with this letter for your reference.

Please feel free to reach out to me at the email address or phone number above if you would like to discuss this matter further.

Sincerely,

*/s/ Marc Shapp*

Marc Shapp
Assistant General Counsel

cc:     Lenore Albert (via email)

# EXHIBIT 10

| | |
|---|---|
| **From:** | Grandt, Suzanne |
| **To:** | Randolph, Joan; Leslie Westmoreland |
| **Cc:** | lenore albert; lenorealbert@msn.com; Shapp, Marc |
| **Subject:** | RE: Lenore LuAnn Albert v State Bar of California, et al.; USBC CD Adv Pro No. 8:18-ap-1065-SC; Deposition Subpoena |
| **Date:** | Friday, March 4, 2022 9:41:15 AM |

Hello Mr. Westmoreland,

We are currently in the zoom for your deposition, the link is below. We will leave the Zoom open for you for until 10am


**Topic:** Albert-Sheridan v Farfan - Leslie Westmoreland
**Time:** Mar 4, 2022 9:30 AM Pacific Time (US and Canada)

==Join Zoom Meeting==

https://us02web.zoom.us/j/83305885681?pwd=OGhQdlR5RnFEZkRpejBuK0ZmRW5Ldz09


**Meeting ID:** 833 0588 5681
**Passcode:** 992024
**One tap mobile:**
+16699006833,,83305885681#,,,,*992024# US (San Jose)
+13462487799,,83305885681#,,,,*992024# US (Houston)



Suzanne C. Grandt | Assistant General Counsel
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2188 | Suzanne.Grandt@calbar.ca.gov

**From:** Randolph, Joan <Joan.Randolph@calbar.ca.gov>
**Sent:** Tuesday, March 1, 2022 4:04 PM
**To:** Leslie Westmoreland <leslieww1@gmail.com>
**Cc:** lenore albert <lenalbert@interactivecounsel.com>; lenorealbert@msn.com; Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>; Shapp, Marc <Marc.Shapp@calbar.ca.gov>
**Subject:** Lenore LuAnn Albert v State Bar of California, et al.; USBC CD Adv Pro No. 8:18-ap-1065-SC; Deposition Subpoena

Mr. Westmoreland,

Please see attached correspondence sent on behalf of Assistant General Counsel Marc Shapp in reference to the above matter.


Joan Randolph | Legal Secretary

Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2186 | Joan.Randolph@calbar.ca.gov

# EXHIBIT 11

| | |
|---|---|
| **From:** | Leslie Westmoreland |
| **To:** | Grandt, Suzanne |
| **Cc:** | Randolph, Joan; lenore albert; lenorealbert@msn.com; Shapp, Marc |
| **Subject:** | Re: Lenore LuAnn Albert v State Bar of California, et al.; USBC CD Adv Pro No. 8:18-ap-1065-SC; Deposition Subpoena |
| **Date:** | Friday, March 4, 2022 9:58:57 AM |

---

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I am ill, weeks now, and so is my wife. I've asked for more time, but hae npt heard back. Ijust need more timbar.e; please understand, and I thnk the bar.

---

 Virus-free. www.avast.com

On Fri, Mar 4, 2022 at 9:41 AM Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov> wrote:

> Hello Mr. Westmoreland,
>
> We are currently in the zoom for your deposition, the link is below. We will leave the Zoom open for you for until 10am
>
> **Topic:** Albert-Sheridan v Farfan - Leslie Westmoreland
>
> **Time:** Mar 4, 2022 9:30 AM Pacific Time (US and Canada)
>
> ==**Join Zoom Meeting**==
>
> https://us02web.zoom.us/j/83305885681?pwd=OGhQdlR5RnFEZkRpejBuK0ZmRW5Ldz09
>
> **Meeting ID:** 833 0588 5681
>
> **Passcode:** 992024
>
> **One tap mobile:**
>
> +16699006833,,83305885681#,,,,*992024# US (San Jose)
>
> +13462487799,,83305885681#,,,,*992024# US (Houston)
>
> Suzanne C. Grandt | Assistant General Counsel
>
> Office of General Counsel
>
> The State Bar of California | 180 Howard St. | San Francisco, CA 94105
>
> 415.538.2388 | Suzanne.Grandt@calbar.ca.gov

**From:** Randolph, Joan <Joan.Randolph@calbar.ca.gov>
**Sent:** Tuesday, March 1, 2022 4:04 PM
**To:** Leslie Westmoreland <leslieww1@gmail.com>
**Cc:** lenore albert <lenalbert@interactivecounsel.com>; lenorealbert@msn.com; Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>; Shapp, Marc <Marc.Shapp@calbar.ca.gov>
**Subject:** Lenore LuAnn Albert v State Bar of California, et al.; USBC CD Adv Pro No. 8:18-ap-1065-SC; Deposition Subpoena

Mr. Westmoreland,

Please see attached correspondence sent on behalf of Assistant General Counsel Marc Shapp in reference to the above matter.

Joan Randolph | Legal Secretary

Office of General Counsel

The State Bar of California | 180 Howard St. | San Francisco, CA 94105

415.538.2186 | Joan.Randolph@calbar.ca.gov

# EXHIBIT 12

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re LENORE LUANN ALBERT-SHERIDAN, )
dba LAW OFFICES OF LENORE ALBERT,   )
                                    )
          Plaintiff,                )
                                    )
     vs.                            ) Adv. 8:18-ap-01065-SC
                                    )
MARICRUZ FARFAN, et al.,            )
                                    )
          Defendants.               )
_____    )

Transcript of Proceedings, taken
on behalf of State Bar of California
via Web videoconference beginning at
9:37 a.m. and ending at 10:22 a.m. on
Friday, March 4, 2022, before Rhonda
Mandell, Certified Shorthand Reporter
No. 5644.

2

APPEARANCES:

LESLIE WESTMORELAND

PLAINTIFF:  LENORE LUANN ALBERT SHERIDAN
    (In pro per)

OFFICE OF GENERAL COUNSEL THE STATE BAR OF CALIFORNIA:

    SUZANNE C. GRANDT
    MARC C. SHAPP
    Attorneys at Law
    180 Howard Street
    San Francisco, California 94111
    (415) 538-2388
    suzanne.grandt@calbar.ca.gov

3

INDEX

                    EXHIBITS
DEPOSITION                          PAGE
Exhibit 1       Second Amended Subpoena        7
Exhibit 2       Letter from Marc Shapp         7
Exhibit 3       E-mail from Ms. Grandt         7
Exhibit 4       E-mail from Mr. Westmoreland   8
                dated Friday, March 4, 9:58 a.m.

4

                Friday, March 4, 2022
                9:37 a.m. - 10:22 a.m.
                Via Web Videoconference

        **MS. GRANDT:**  On the record, just to make sure we
have a record to try to contact him.
        I'm dialing Mr. Westmoreland right now.
        **AUTOMATED ANSWERING MACHINE:**  The mailbox
belonging to (559) 970-6053 is full and cannot accept --
        **MS. GRANDT:**  So I don't know if -- the record
probably didn't hear that, but I just sent a -- I just
called Mr. Leslie Westmoreland at the contact -- the
number that we have for him.  That is 1(559) 970-6053.
His mailbox is full and I was not able to leave a
voicemail.
        So what I'm going to do now is I'm going to send
him an e-mail to tell him -- at the e-mail address we have
and I will cc you, Ms. Albert, and let him know that we
are waiting for him and that we are going to leave this
Zoom open for about another 15 minutes.  Bear with me
while I try that e-mail.
        I am currently drafting an e-mail to
Mr. Westmoreland letting him know that we are waiting for
him and I'm reattaching the Zoom link.
        Ms. Albert, I know you indicated that
10:00 seemed like a little lead, but I think maybe we will

5

ALBERT-SHERIDAN v. FARFAN, et al.    TRANSCRIPT OF PROCEEDINGS                    MARCH 4, 2022

**Page 6**

1  give him that time.  We can always go off line and just
2  let him have until 10 o'clock, just so it doesn't feel
3  like he might have been running late, and then we can
4  circle back in.
5          Does that work for the court reporter?  This way
6  we don't have to wait here.  You know, if he does come
7  into the Zoom link, you can let us know and we can circle
8  back.  Does that work?  Just so we are not waiting around.
9  Okay.  I just sent him an e-mail.
10          I just want to put on the record a couple
11  exhibits.  I just want to put as an exhibit the subpoena.
12  We'll pull that.  I'm going to try to do that with the
13  chat.  I know in the past I wasn't able to do it, but I
14  think it should be easy enough that I can just put the
15  exhibit in the chat.  I'm going to put in the subpoena as
16  an exhibit.  Okay.
17          Exhibit 1 is the Second Amended Subpoena to
18  Mr. Leslie Westmoreland informing him of today's date and
19  time of the deposition on March 4, 2022 at 9:30 a.m.
20          And then I would like to attach as Exhibit 2 -- I
21  will see if I can attach it.  Just bear with me.  Sorry.
22  I'm happy I was successfully able to attach the first one.
23          Exhibit 2 is a letter from Mr. Marc Shapp,
24  co-counsel in this case, to Mr. Leslie Westmoreland
25  informing him that this deposition is going forward on

**Page 7**

1  March 4 as scheduled.
2          And lastly -- I'm just going to save as a PDF the
3  e-mail I just sent.  Give me one second to do that.
4  Sorry.  It's just converting.  Apologies.  I'm just
5  converting the e-mail to a PDF to attach as an exhibit.
6  All right.  I got it.
7          And lastly I attached as Exhibit 3 an e-mail from
8  myself to Mr. Leslie Westmoreland, cc'ing Lenore Albert,
9  John Randolph and Marc Shapp to let them know we are
10  currently in the Zoom for the deposition and copying and
11  pasting the link below, and happy to leave the meeting
12  open until 10:00 a.m.
13          So let the record reflect those are the three
14  exhibits.
15          (Deposition Exhibits 1, 2, 3 were marked for
16  identification by the court reporter.)
17          MS. GRANDT:  So now I think, unless anyone
18  disagrees, we can go off line and just Ms. Mandell -- did
19  I pronounce your name correctly -- if you could just let
20  us know if Mr. Westmoreland does try to enter the Zoom
21  link and then we will hop back on.  We will give him until
22  10 o'clock.  Anything else?  Okay.  Thanks for your time.
23  Enjoy the rest of the Friday.
24          (Discussion off the record.)
25          MR. SHAPP:  Suzanne, if I may, I think it makes

**Page 8**

1  sense for you to just, if he -- assuming that
2  Mr. Westmoreland doesn't show up by 10:00, for you to come
3  back on and note that fact and close out the deposition.
4          MS. GRANDT:  Oh, that's a great idea, Marc.
5  Thank you.  Yes, I will do that.
6          You know what, I will just stay on until
7  10 o'clock.   Ms. Albert, you can always come back in at
8  10:00, if you would like.  Obviously, if he comes on
9  before 10:00, we will let you know.  It's up to you.
10          So I'm going to mute myself and take off my
11  picture and wait around for another 15 minutes and then I
12  will note for the record if he is here or not.
13          (Recess.)
14          MS. GRANDT:  Back on the record.
15          Let the record reflect that Mr. Westmoreland did
16  respond to my e-mail.  I have attached it as Exhibit 4.
17  I'm just going to do a share screen so you can all see
18  that.
19          He did respond to my e-mail on Friday, March 4 at
20  9:58 a.m. informing me that he is ill and so is his wife
21  and he has asked for more time.
22          So let the record reflect that, and that means he
23  will not be attending today's deposition, and I believe
24  that is all.
25          (Deposition Exhibit 4 was marked for

**Page 9**

1          identification by the court reporter.)
2          MS. ALBERT-SHERIDAN:  I would just like the
3  record to reflect that it was at 9:51 a.m. I did call
4  Leslie Westmoreland and he did tell me on the phone that
5  he was ill and so -- and now has sent you an e-mail.
6          MS. GRANDT:  Okay.
7          (Recess.)
8          (Whereupon Leslie Westmoreland has been admitted
9  into the Zoom videoconference.)
10          MS. GRANDT:  I want to make sure we are on the
11  record.  I am Suzanne.  Nice to meet you.  So we are on
12  the record.  This is your deposition.
13          Can you state you are not ready to go forward
14  today.  Is that accurate?
15          MR. WESTMORELAND:  I'm not.  I'm ill.
16          MS. GRANDT:  Okay.  And you believe your illness
17  will prevent you from answering questions today in this
18  case?
19          MR. WESTMORELAND:  Absolutely.  I am not even
20  sure why I am being deposed, but just being a lawyer, I
21  can say I can answer any question.
22          MS. GRANDT:  You can say or you can't?  I'm
23  sorry?
24          MR. WESTMORELAND:  I can.
25          MS. GRANDT:  So would you be able to move forward

BARRETT REPORTING, INC.                (888) 740-1100                www.barrettreporting.com

1    because you can answer the questions?
2         MR. WESTMORELAND:  A little later.
3         MS. GRANDT:  A little later.
4         Did you receive Mr. Shapp's letter dated March
5    1st, 2022 informing you that this deposition was going to
6    move forward?
7         MR. WESTMORELAND:  I haven't looked.  Getting to
8    the mailboxes -- well, it's a chore.
9         MS. GRANDT:  It was sent via e-mail.  Did you
10   check your e-mail?
11        MR. WESTMORELAND:  I do, and I believe you are
12   right.  It's just today is not a good day.
13        MS. GRANDT:  Okay.  And Mr. Westmoreland, what is
14   your mailing address?
15        MR. WESTMORELAND:  Do you have a pen and paper?
16        MS. GRANDT:  Yes.
17        MR. WESTMORELAND:  4235 North College Avenue,
18   Fresno, California 93704.
19        MS. GRANDT:  Okay.  I know that you are under the
20   weather, but I just want to share a document with you that
21   we had put as an exhibit in this case.
22   Very quickly, this was Exhibit 1.
23        MR. WESTMORELAND:  Okay.
24        MS. GRANDT:  I'm going to do a share screen, so
25   you see it.

10

1         Do you see that subpoena, Second Amended
2    Subpoena?  Were you ever at this address, 1606 East
3    Griffith Way, Fresno, California?
4         MR. WESTMORELAND:  That's my P.O box address.
5         MS. GRANDT:  Okay.  So that's your P.O. box
6    address.  Okay.
7         MR. WESTMORELAND:  Right.  If you want to contact
8    me directly, use my home address, Suzanne.
9         MS. GRANDT:  Okay.  So what you gave me was your
10   home address and this is your P.O. box?
11        MR. WESTMORELAND:  Correct, yeah.
12        MS. GRANDT:  Okay.  Is it correct, though, you
13   did receive a copy of the subpoena via e-mail and you were
14   aware of the March 4th date?
15        MR. WESTMORELAND:  Today, yes.
16        MS. GRANDT:  You were aware, right.  And that's
17   why you called Mr. Shapp on Tuesday saying that you would
18   not be present; is that accurate?
19        MR. WESTMORELAND:  Yes.
20        MS. GRANDT:  Okay.  And you did --
21        MR. WESTMORELAND:  He's been very nice, by the
22   way.
23        MS. GRANDT:  I'm sure he has.  And I'm sorry that
24   you are ill.  All my condolences to you.
25        MR. WESTMORELAND:  Thank you.

11

1         MS. GRANDT:  So you did receive his letter via
2    e-mail informing you that the deposition would be going
3    forward today?
4         MR. WESTMORELAND:  Yes, yes.
5         MS. GRANDT:  And you did not reach out to him or
6    me after receiving that letter?
7         MR. WESTMORELAND:  I thought I did, asking for
8    more time.
9         MS. GRANDT:  Okay.
10        MR. WESTMORELAND:  But Marc has been gracious.
11        MS. GRANDT:  Are you prepared to move forward
12   with this deposition at a later time?
13        MR. WESTMORELAND:  I believe so, yes.
14        MS. GRANDT:  Okay.
15        MR. WESTMORELAND:  There's just too much going
16   on.  The two deaths in the family and my health, my wife's
17   health and she's disabled on SSDI.  It's just a lot
18   happening at once, and the answer to your question is yes.
19        MS. GRANDT:  But you feel you cannot move forward
20   today with this deposition?
21        MR. WESTMORELAND:  No, I do not.
22        MS. GRANDT:  I have nothing else to add.
23        THE WITNESS:  I'm sorry?
24        MS. ALBERT-SHERIDAN:  Ms. Grandt, were you guys
25   trying to do a contempt of court?

12

1         MS. GRANDT:  I did not say on the record anything
2    about a contempt of court, but there is a federal subpoena
3    in place that Mr. Westmoreland did not appear for.
4         MS. ALBERT-SHERIDAN:  Are you and Mr. Shapp
5    e-mailing back and forth, contacting each other during
6    this deposition, because I'm seeing here it looks like an
7    e-mail from Marc Shapp that says FRCP 41-something also
8    provides for contempt of court.
9         So are you guys trying to be sly here and trying
10   to hit up Leslie Westmoreland for contempt of court?
11        MS. GRANDT:  I'm not answering those questions.
12   Anything between Marc Shapp and I is privileged
13   information.
14        MS. ALBERT-SHERIDAN:  Well, yeah, but one of you
15   is always on screen while the other one is off screen, so
16   you guys are actually communicating with each other and I
17   can't see that because this is a Zoom deposition.
18        That -- I object to that.
19        MS. GRANDT:  Oh, I'm sorry.  I was sharing my
20   screen.  I didn't realize my screen was still sharing.
21        That is all privileged information.  It was
22   inadvertent that I was still sharing my screen during the
23   deposition.
24        THE WITNESS:  Suzanne, I'm sorry, I trust the
25   State Bar.

13

3 (Pages 10 to 13)

ALBERT-SHERIDAN v. FARFAN, et al.    TRANSCRIPT OF PROCEEDINGS                    MARCH 4, 2022

```
 1        MS. ALBERT-SHERIDAN:  I just saw on the screen
 2   and that was evidence that they are talking back and forth
 3   in secret.
 4        If you guys want to take a break to talk, that's
 5   fine, but you can't do that during --
 6        MS. GRANDT:  What Mr. Shapp and I are sharing is
 7   privileged information.  I was sharing my screen to show
 8   his subpoena.  I did not realize I was still sharing my
 9   screen.  I'm not answering that line of questioning.
10        THE WITNESS:  The State Bar --
11        MS. ALBERT-SHERIDAN:  Mr. Westmoreland, hold on.
12        I want the record to reflect that Mr. Shapp's
13   screen is off and Ms. Grandt's screen is on.  This is how
14   it's been for every deposition.  Only one person is on
15   screen.  The other person is off screen.  Neither one of
16   them have shown what their cameras -- how many monitors
17   they have, nor have they disclosed that, and it is
18   apparent from today that they were actually trying to
19   pivot to make it where (inaudible) California DOJ
20   prosecutor Leslie Westmoreland will be held in contempt of
21   court and I find that unethical, because you are --
22        THE WITNESS:  I trust --
23        MS. ALBERT-SHERIDAN:  Go ahead, Mr. Westmoreland.
24        THE WITNESS:  I trust the State Bar.
25        MS. GRANDT:  Okay.  I think we're done here.
```

14

```
 1        I, the undersigned, a Certified Shorthand
 2   Reporter of the State of California, do hereby certify:
 3        That the foregoing proceedings were taken before
 4   me at the time and place herein set forth; that any
 5   witnesses in the foregoing proceedings, prior to
 6   testifying, were placed under oath; that a verbatim record
 7   of the proceedings was made by me using machine shorthand
 8   which was thereafter transcribed under my direction;
 9   further, that the foregoing is an accurate transcription
10   thereof.
11        Further, that if the foregoing pertains to the
12   original transcript of a deposition in a federal case,
13   before completion of the proceedings, review of the
14   transcript [ ] was [ ] was not required.
15        I further certify that I am neither financially
16   interested in the action nor a relative or employee of any
17   attorney of any of the parties.
18        IN WITNESS WHEREOF, I have this date subscribed
19   my name.
20
21   Dated: March 5, 2022
22
23        _____
24             RHONDA MANDELL
25             CSR No. 5644
```

15

4 (Pages 14 to 15)

# EXHIBIT 13

| | |
|---|---|
| **From:** | Randolph, Joan |
| **To:** | Leslie Westmoreland |
| **Cc:** | lenore albert; lenorealbert@msn.com |
| **Subject:** | In re Motion to Compel Compliance with Third-Party Subpoena; US District Court, Eastern District of California, Case No. 1:22-at-00161 |
| **Date:** | Monday, March 14, 2022 4:53:08 PM |
| **Attachments:** | 2022-03-14 Letter, Grandt to Westmoreland.pdf |

Mr. Westmoreland,

Please see attached correspondence sent on behalf of Assistant General Counsel Suzanne C. Grandt in regards to the above matter.

Joan Randolph | Legal Secretary
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2186 | Joan.Randolph@calbar.ca.gov

# The State Bar
## of California

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

suzanne.grandt@calbar.ca.gov
415-538-2388

March 14, 2022

**VIA U.S. MAIL AND EMAIL TO LESLIEWW1@GMAIL.COM**

Leslie Westmoreland
4235 North College Avenue
Fresno, CA 93704

RE:     *In re Motion to Compel Compliance with Third-Party Subpoena*
         United States District Court, Eastern District of California
         Case No. 1:22-at-00161

         In the matter of
         *Lenore LuAnn Albert v State Bar of California, et al.*
         United States Bankruptcy Court, Central District of California
         Adv. Pro No. 8:18-ap-1065-SC

Dear Mr. Westmoreland:

I write to inform you that Defendant State Bar of California has filed a motion in the United
States District Court for the Eastern District of California to compel your compliance with the
subpoenas issued commanding you to testify at deposition and produce documents in this
matter. A copy of the motion is enclosed.

Eastern District of California Civil Local Rule 251 requires that we meet and confer regarding
this motion and that a Joint Statement be filed no later than fourteen days prior to the hearing
(which is currently set for April 4, and will be appropriately re-noticed upon assignment to a
judge in accordance with the assigned judge's calendar and procedures). Therefore, I request
that our conference take place no later than March 17, 2022.

**Please advise promptly as to your availability for the conference required by Civil Local Rule
251(b).**

The motion is made on grounds that you have repeatedly failed to comply with the subpoenas
issued to you by the State Bar in this matter, as set forth below.

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Leslie Westmoreland
March 14, 2022
Page 2

On December 17, 2021, you were personally served with a Subpoena commanding you to appear on January 12, 2022 at 9:30 a.m. and to produce records. The State Bar also tendered you a check in the amount of $40.00 for witness fees.

On December 17, 2021, you called me to let me know that you could not attend the deposition due to your wife's surgery and that you could do any other date in January. We had a brief telephone conversation, in which I told you I would email you with alternative dates. You agreed to accept email service of an amended subpoena. Accordingly, on December 20, 2022, I e-mailed you asking to confirm whether you were available on January 18, 2022. You responded that same day confirming that this date worked for you.

On December 22, 2021, you requested that the deposition be moved to the month of February 2022 due to family reasons. The State Bar agreed to your request and confirmed that you would be able to be deposed on February 1, 2022.

On January 4, 2022, the State Bar served you the First Amended Subpoena commanding you to appear for deposition on February 1, 2022.

On January 27, 2022, you e-mailed State Bar counsel stating that you could not attend the February 1, 2022 deposition due to family reasons.

On January 28, 2022, my co-counsel, Marc Shapp, offered to reschedule your deposition, and suggested a date during the week of February 28 through March 4. You did not respond to this January 28 correspondence.

On February 1, 2022, Mr. Shapp wrote you again to reiterate the State Bar's offer to reschedule the deposition pursuant to your request. You did not respond to this correspondence either.

On February 10, 2022, Mr. Shapp wrote you to advise that he had received no response to his January 28 and February 1 correspondence. He further informed you that, due to your failure to cooperate in scheduling a mutually agreeable deposition, the State Bar reserved its right to issue a subpoena setting a deposition on a date of the State Bar's choosing. Following this correspondence, you spoke to Mr. Shapp that day by phone and you agreed to be deposed during the week of February 28, 2022.

On February 11, 2022, in follow-up to your February 10 telephone conversation, Mr. Shapp wrote you to confirm the deposition time and date of March 4, 2022, at 9:30 a.m. You replied the same day to confirm your agreement, stating "Thank you so much Mark that date is fine with me."

Leslie Westmoreland
March 14, 2022
Page 3

Accordingly, on February 11, 2022, the State Bar served you the Second Amended Subpoena setting a deposition date and time of March 4, 2022, at 9:30 a.m. You responded via email on February 12, 2022, confirming that you received the Second Amendment subpoena. In this e-mail, you inquired as to why you were being deposed and asked the State Bar to "not waste my time and yours on me.=uselless."

On March 1, 2022, you left Mr. Shapp a voicemail requesting an additional delay of your deposition, with no explanation as to why you could not attend the deposition or produce records. By letter of March 1, 2022, Mr. Shapp responded and explained that the State Bar had already accommodated two requests by you to reschedule your deposition, and that your March 1 request was made without any explanation or excuse. He informed you that the State Bar therefore would not agree to further delay in the taking of your deposition. The State Bar received no response to Mr. Shapp's letter.

On March 4, 2022, at 9:30 a,m., the State Bar attempted to commence your deposition, but you did not attend. I attempted to call you at approximately 9:40 a.m., but the call went to your voicemail, which was full. At 9:41 a.m., I wrote you an email  informing you that the parties were awaiting your attendance and that the Zoom link would remain open until 10:00 a.m. At or around 9:50 a.m., Plaintiff Lenore Albert informed me that she was able to get through to you and that you told her you were unable to attend the deposition due to illness. At 9:58 a.m., you emailed and stated: "I am ill, weeks now, and so is my wife. I've asked for more time, but hae npt heard back. Ijust need more timbar.e; please understand, and I thnk the bar." You then appeared at the Zoom deposition at approximately 10:00 a.m. to confirm that you were too ill to move forward with the deposition. I asked if you knew what date you would be ready to be deposed and you stated that you did not know.

There is no valid basis for your repeated failure to attend the deposition and to produce records, as you have not presented any legal objections to the subpoena (and any such objections raised now would be untimely). And, as noted, the State Bar has repeatedly attempted to accommodate your stated reasons for being unable to attend the deposition, yet you continue to refuse to comply.

Due to your repeated noncompliance with the subpoenas issued by the State Bar, as set forth above, the State Bar now seeks an order of the Court compelling your compliance under penalty of contempt. *See* Fed. R. Civ. P. 45(g) ("The court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

Leslie Westmoreland
March 14, 2022
Page 4

To obviate the need for unnecessary motion practice regarding this motion to compel, the State Bar proposes that the motion be resolved with a stipulated order compelling your compliance at a time and date certain for the deposition, attached hereto. This stipulated order would provide that your failure to comply would be deemed contempt pursuant to Rule 45(g).  Please inform me whether you are amenable to this stipulated resolution to the State Bar's Motion to Compel, and if so, the date and time on which you are agreeable to appear and produce documents under the stipulated order.

Otherwise, please advise me promptly as to your availability this week for the L.R. 251(b) conference.

Sincerely,

*/s/ Suzanne C. Grandt*

Suzanne C. Grandt
Assistant General Counsel

cc:      Lenore Albert (via email)

1     VANESSA L. HOLTON (111613)
2     ROBERT G. RETANA (148677)
     SUZANNE C. GRANDT (304794)
3     MARC A. SHAPP (266805)
     **OFFICE OF GENERAL COUNSEL**
4     **THE STATE BAR OF CALIFORNIA**
     180 Howard Street
5     San Francisco, CA 94105-1639
     Telephone: 415-538-2000; Facsimile: 415-538-2517
6     Email: Suzanne.grandt@calbar.ca.gov

7

     Attorneys for Defendant State Bar of California
8

9             UNITED STATES DISTRICT COURT

10           EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11    *In re* MOTION TO COMPEL | Misc. Case No. 1:22-at-00161 |
| 12    COMPLIANCE WITH NON-PARTY SUBPOENA | |
| 13 | Underlying Litigation: 8:18-ap-01065-SC |
| 14    in the matter of | *Albert v. Farfan, et al.* |
| 15    In re LENORE LUANN ALBERT- | U.S. Bankruptcy Court for the Central District of California |
| 16    SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT | |
| 17 | |
| 18       Debtor. | |
| 19    LENORE LUANN ALBERT- SHERIDAN | **DEFENDANT STATE BAR OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA** |
| 20    d/b/a LAW OFFICES OF LENORE ALBERT, | |
| 21 | |
|        Plaintiff, | **HEARING:** |
| 22 | |
| 23    v. | DATE:    April 4, 2022 |
| | TIME:    9:00 AM |
| 24 | PLACE:   To be Assigned |
|    MARICRUZ FARFAN, et al., | JUDGE:   To be Assigned |
| 25 | |
| 26       Defendants. | |
| 27 | |

28

---
State Bar Defendant's Notice of Motion and Motion to Compel Compliance with Non-Party Subpoena

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE THAT** on April 4, 2022, at 9:00 a.m.,[1] or as soon thereafter as the matter may be heard, pursuant to Civil Local Rule 251 and Rules 37 and 45 of the Federal Rules of Civil Procedure (as made applicable to the underlying bankruptcy adversary proceeding by Rules 7037 and 9016 of the Federal Rules of Bankruptcy Procedure), Defendant State Bar of California will and hereby does move this Court for an Order compelling Non-Party Witness Leslie Westmoreland to comply with the subpoena issued by Defendant State Bar by attending the deposition and providing testimony, or be held in contempt of court pursuant to Rule 45(g) of the Federal Rules of Civil Procedure.

      Pursuant to Civil Local Rule 251(a), (c), and (d), a Joint Statement re Discovery Disagreement or appropriate affidavit will be filed not later than 14 days prior to the hearing.

Dated: March 14, 2022             Respectfully submitted,

                         SUZANNE C. GRANDT

                         By:/s/ *SUZANNE C. GRANDT*
                            SUZANNE C. GRANDT
                            Attorney for Defendant
                            State Bar of California

---

[1] This motion will be re-noticed promptly in accordance with the calendar and procedures of the assigned judge, once the judge is assigned.

State Bar Defendant's Notice of Motion and Motion to Compel Compliance with Non-Party Subpoena

**PROOF OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On March 14, 2022, I served a copy of:
**DEFENDANT STATE BAR OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**

on the party(s) listed below:

Lenore Albert
31872 Joshua Dr #22C
Trabuco Canyon, CA 92679
lenorealbert@msn.com
LenAlbert@InteractiveCounsel.com
Pro Per

Leslie Westmoreland
4235 North College Avenue
Fresno, CA 93704
leslieww1@gmail.com
Non-Party Witness

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the office's daily mail processing center for mailing in the United States mail at San Francisco, California.

☒ **By electronic mail** by personally transmitting a true copy thereof via an electronic mail service connected to the internet, addressed to the email address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on March 14, 2022.

_/s/ Joan Randolph_
Joan Randolph

Proof of Service

1  VANESSA L. HOLTON (111613)
2  ROBERT G. RETANA (148677)
   SUZANNE C. GRANDT (304794)
3  MARC A. SHAPP (266805)
   **OFFICE OF GENERAL COUNSEL**
4  **THE STATE BAR OF CALIFORNIA**
   180 Howard Street
5  San Francisco, CA  94105-1639
   Telephone: 415-538-2000; Facsimile: 415-538-2517
6  Email: marc.shapp@calbar.ca.gov

7  Attorneys for Defendant State Bar of California

8

9                    UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11  *In re* MOTION TO COMPEL              | Misc. Case No. 1:22-at-00161
12  COMPLIANCE WITH NON-PARTY
    SUBPOENA
13                                        | Underlying Litigation: 8:18-ap-01065-SC

14  in the matter of                      | *Albert v. Farfan, et al.*

15  In re LENORE LUANN ALBERT-            | U.S. Bankruptcy Court for the Central
16  SHERIDAN d/b/a LAW OFFICES OF         | District of California
    LENORE ALBERT
17
             Debtor.
18
    LENORE LUANN ALBERT-                  | **STIPULATION AND [PROPOSED]**
19  SHERIDAN                              | **ORDER GRANTING DEFENDANT**
    d/b/a LAW OFFICES OF LENORE           | **STATE BAR'S MOTION TO**
20  ALBERT,                               | **COMPEL COMPLIANCE WITH**
                                          | **THIRD-PARTY SUBPOENA**
21          Plaintiff,
                                          | **HEARING:**
22
    v.                                    | DATE:
23                                        | TIME:
                                          | PLACE:
24                                        | JUDGE:
    MARICRUZ FARFAN, et al.,
25
            Defendants.
26

27

28

---

Stipulation and [Proposed] Order Granting Defendant State Bar's Motion to Compel

## **STIPULATION AND [PROPOSED] ORDER**

Defendant State Bar of California and Non-Party Witness Leslie Westmoreland hereby stipulate and jointly request that the Court enter an order granting Defendant State Bar's Motion to Compel Compliance with Non-Party Subpoena (ECF No. 1) as follows:

Defendant State Bar of California's Motion to Compel Compliance is **GRANTED.**

The Court orders that Non-Party Witness Leslie Westmoreland is commanded to appear and provide testimony at a deposition via Zoom on _____ at _____.

The Court further orders that Non-Party Witness Leslie Westmoreland respond to the State Bar's Request for Documents demanded in Exhibit A no later than _____.

Failure by Mr. Westmoreland to appear and provide testimony at deposition at this date and time and to respond to the State Bar's document requests will be deemed contempt pursuant to rule 45(g) of the Federal Rules of Civil Procedure and the Court will impose sanctions.

**PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

_____
United States Magistrate Judge

Stipulation and [Proposed] Order Granting Defendant State Bar's Motion to Compel

# EXHIBIT 14

| | |
|---|---|
| **From:** | Grandt, Suzanne |
| **To:** | Leslie Westmoreland |
| **Cc:** | Shapp, Marc; Randolph, Joan |
| **Subject:** | RE: In re Motion to Compel Compliance with Non-Party Subpoena; USDC ED Case No. 1:22-mc-00043-EPG |
| **Date:** | Wednesday, March 16, 2022 6:37:57 PM |
| **Attachments:** | 2022-03-14 Letter, Grandt to Westmoreland.pdf |

Mr. Westmoreland,

I am in receipt of your email to Joan Randolph regarding the above-reference matter, in which you state "You don't need an order I will comply it's just a matter of processing two deaths in my family I just need more time that's all." Unfortunately, your pattern of behavior so far does leaves substantial room to doubt that you will comply absent court intervention.

As I laid out in my March 14, 2020 letter to you, we propose a stipulated order compelling your appearance at a mutually agreeable time. If you truly intend to comply with the subpoena, then there should be no issue with agreeing to this. My letter and the proposed stipulated order are attached here again for your reference.

If you will not agree to stipulate, then I reiterate my request to advise me promptly as to your availability for the conference required by Local Rule 251(b).

Sincerely,

Suzanne

Suzanne C. Grandt | Assistant General Counsel
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2388 | Suzanne.Grandt@calbar.ca.gov

**From:** Leslie Westmoreland <leslieww1@gmail.com>
**Sent:** Wednesday, March 16, 2022 11:16 AM
**To:** Randolph, Joan <Joan.Randolph@calbar.ca.gov>
**Subject:** Re: In re Motion to Compel Compliance with Non-Party Subpoena; USDC ED Case No. 1:22-mc-00043-EPG

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

On Wed, Mar 16, 2022 at 11:08 Randolph, Joan <Joan.Randolph@calbar.ca.gov> wrote:

> Mr. Westmoreland
> Hi Joan You don't need an order I will comply it's just a matter of processing two deaths in my family I just need more time that's all
> Please see attached service copy of:
> I askthat you withdraw the order
>
> ## DEFENDANT STATE BAR OF CALIFORNIA'S *AMENDED* NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA
>
> I don't even know why I'm being deposed at all
> Joan Randolph | Legal Secretary
> Office of General Counsel
> The State Bar of California | 180 Howard St. | San Francisco, CA 94105
> 415.538.2186 | Joan.Randolph@calbar.ca.gov

# The State Bar
## of California

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

suzanne.grandt@calbar.ca.gov
415-538-2388

March 14, 2022

**VIA U.S. MAIL AND EMAIL TO LESLIEWW1@GMAIL.COM**

Leslie Westmoreland
4235 North College Avenue
Fresno, CA 93704

RE:     *In re Motion to Compel Compliance with Third-Party Subpoena*
United States District Court, Eastern District of California
Case No. 1:22-at-00161

In the matter of
*Lenore LuAnn Albert v State Bar of California, et al.*
United States Bankruptcy Court, Central District of California
Adv. Pro No. 8:18-ap-1065-SC

Dear Mr. Westmoreland:

I write to inform you that Defendant State Bar of California has filed a motion in the United States District Court for the Eastern District of California to compel your compliance with the subpoenas issued commanding you to testify at deposition and produce documents in this matter. A copy of the motion is enclosed.

Eastern District of California Civil Local Rule 251 requires that we meet and confer regarding this motion and that a Joint Statement be filed no later than fourteen days prior to the hearing (which is currently set for April 4, and will be appropriately re-noticed upon assignment to a judge in accordance with the assigned judge's calendar and procedures). Therefore, I request that our conference take place no later than March 17, 2022.

**Please advise promptly as to your availability for the conference required by Civil Local Rule 251(b).**

The motion is made on grounds that you have repeatedly failed to comply with the subpoenas issued to you by the State Bar in this matter, as set forth below.

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Leslie Westmoreland
March 14, 2022
Page 2

On December 17, 2021, you were personally served with a Subpoena commanding you to appear on January 12, 2022 at 9:30 a.m. and to produce records. The State Bar also tendered you a check in the amount of $40.00 for witness fees.

On December 17, 2021, you called me to let me know that you could not attend the deposition due to your wife's surgery and that you could do any other date in January. We had a brief telephone conversation, in which I told you I would email you with alternative dates. You agreed to accept email service of an amended subpoena. Accordingly, on December 20, 2022, I e-mailed you asking to confirm whether you were available on January 18, 2022. You responded that same day confirming that this date worked for you.

On December 22, 2021, you requested that the deposition be moved to the month of February 2022 due to family reasons. The State Bar agreed to your request and confirmed that you would be able to be deposed on February 1, 2022.

On January 4, 2022, the State Bar served you the First Amended Subpoena commanding you to appear for deposition on February 1, 2022.

On January 27, 2022, you e-mailed State Bar counsel stating that you could not attend the February 1, 2022 deposition due to family reasons.

On January 28, 2022, my co-counsel, Marc Shapp, offered to reschedule your deposition, and suggested a date during the week of February 28 through March 4. You did not respond to this January 28 correspondence.

On February 1, 2022, Mr. Shapp wrote you again to reiterate the State Bar's offer to reschedule the deposition pursuant to your request. You did not respond to this correspondence either.

On February 10, 2022, Mr. Shapp wrote you to advise that he had received no response to his January 28 and February 1 correspondence. He further informed you that, due to your failure to cooperate in scheduling a mutually agreeable deposition, the State Bar reserved its right to issue a subpoena setting a deposition on a date of the State Bar's choosing. Following this correspondence, you spoke to Mr. Shapp that day by phone and you agreed to be deposed during the week of February 28, 2022.

On February 11, 2022, in follow-up to your February 10 telephone conversation, Mr. Shapp wrote you to confirm the deposition time and date of March 4, 2022, at 9:30 a.m. You replied the same day to confirm your agreement, stating "Thank you so much Mark that date is fine with me."

Leslie Westmoreland
March 14, 2022
Page 3

Accordingly, on February 11, 2022, the State Bar served you the Second Amended Subpoena setting a deposition date and time of March 4, 2022, at 9:30 a.m. You responded via email on February 12, 2022, confirming that you received the Second Amendment subpoena. In this e-mail, you inquired as to why you were being deposed and asked the State Bar to "not waste my time and yours on me.=uselless."

On March 1, 2022, you left Mr. Shapp a voicemail requesting an additional delay of your deposition, with no explanation as to why you could not attend the deposition or produce records. By letter of March 1, 2022, Mr. Shapp responded and explained that the State Bar had already accommodated two requests by you to reschedule your deposition, and that your March 1 request was made without any explanation or excuse. He informed you that the State Bar therefore would not agree to further delay in the taking of your deposition. The State Bar received no response to Mr. Shapp's letter.

On March 4, 2022, at 9:30 a,m., the State Bar attempted to commence your deposition, but you did not attend. I attempted to call you at approximately 9:40 a.m., but the call went to your voicemail, which was full. At 9:41 a.m., I wrote you an email  informing you that the parties were awaiting your attendance and that the Zoom link would remain open until 10:00 a.m. At or around 9:50 a.m., Plaintiff Lenore Albert informed me that she was able to get through to you and that you told her you were unable to attend the deposition due to illness. At 9:58 a.m., you emailed and stated: "I am ill, weeks now, and so is my wife. I've asked for more time, but hae npt heard back. Ijust need more timbar.e; please understand, and I thnk the bar." You then appeared at the Zoom deposition at approximately 10:00 a.m. to confirm that you were too ill to move forward with the deposition. I asked if you knew what date you would be ready to be deposed and you stated that you did not know.

There is no valid basis for your repeated failure to attend the deposition and to produce records, as you have not presented any legal objections to the subpoena (and any such objections raised now would be untimely). And, as noted, the State Bar has repeatedly attempted to accommodate your stated reasons for being unable to attend the deposition, yet you continue to refuse to comply.

Due to your repeated noncompliance with the subpoenas issued by the State Bar, as set forth above, the State Bar now seeks an order of the Court compelling your compliance under penalty of contempt. *See* Fed. R. Civ. P. 45(g) ("The court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

Leslie Westmoreland
March 14, 2022
Page 4

To obviate the need for unnecessary motion practice regarding this motion to compel, the State Bar proposes that the motion be resolved with a stipulated order compelling your compliance at a time and date certain for the deposition, attached hereto. This stipulated order would provide that your failure to comply would be deemed contempt pursuant to Rule 45(g).  Please inform me whether you are amenable to this stipulated resolution to the State Bar's Motion to Compel, and if so, the date and time on which you are agreeable to appear and produce documents under the stipulated order.

Otherwise, please advise me promptly as to your availability this week for the L.R. 251(b) conference.

Sincerely,

*/s/ Suzanne C. Grandt*

Suzanne C. Grandt
Assistant General Counsel

cc:      Lenore Albert (via email)

1  VANESSA L. HOLTON (111613)
2  ROBERT G. RETANA (148677)
   SUZANNE C. GRANDT (304794)
3  MARC A. SHAPP (266805)
   **OFFICE OF GENERAL COUNSEL**
4  **THE STATE BAR OF CALIFORNIA**
   180 Howard Street
5  San Francisco, CA 94105-1639
   Telephone: 415-538-2000; Facsimile: 415-538-2517
6  Email: Suzanne.grandt@calbar.ca.gov

7  Attorneys for Defendant State Bar of California

8
9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11  *In re* MOTION TO COMPEL          | Misc. Case No. 1:22-at-00161
12  COMPLIANCE WITH NON-PARTY
    SUBPOENA
13                                     Underlying Litigation: 8:18-ap-01065-SC

14  in the matter of                   *Albert v. Farfan, et al.*

15  In re LENORE LUANN ALBERT-         U.S. Bankruptcy Court for the Central
16  SHERIDAN d/b/a LAW OFFICES OF      District of California
    LENORE ALBERT
17
18       Debtor.

19  LENORE LUANN ALBERT-              **DEFENDANT STATE BAR OF**
    SHERIDAN                          **CALIFORNIA'S NOTICE OF**
20  d/b/a LAW OFFICES OF LENORE       **MOTION AND MOTION TO**
    ALBERT,                           **COMPEL COMPLIANCE WITH**
21                                     **THIRD-PARTY SUBPOENA**
            Plaintiff,                **HEARING:**
22
23  v.                                 DATE:   April 4, 2022
                                       TIME:   9:00 AM
24                                     PLACE:  To be Assigned
    MARICRUZ FARFAN, et al.,           JUDGE:  To be Assigned
25
            Defendants.
26
27
28

---

State Bar Defendant's Notice of Motion and Motion to Compel Compliance with Non-Party Subpoena

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** on April 4, 2022, at 9:00 a.m.,[1] or as soon thereafter as the matter may be heard, pursuant to Civil Local Rule 251 and Rules 37 and 45 of the Federal Rules of Civil Procedure (as made applicable to the underlying bankruptcy adversary proceeding by Rules 7037 and 9016 of the Federal Rules of Bankruptcy Procedure), Defendant State Bar of California will and hereby does move this Court for an Order compelling Non-Party Witness Leslie Westmoreland to comply with the subpoena issued by Defendant State Bar by attending the deposition and providing testimony, or be held in contempt of court pursuant to Rule 45(g) of the Federal Rules of Civil Procedure.

    Pursuant to Civil Local Rule 251(a), (c), and (d), a Joint Statement re Discovery Disagreement or appropriate affidavit will be filed not later than 14 days prior to the hearing.


Dated: March 14, 2022            Respectfully submitted,

                          SUZANNE C. GRANDT


                          By:/s/ *SUZANNE C. GRANDT*
                             SUZANNE C. GRANDT
                             Attorney for Defendant
                             State Bar of California

---

[1] This motion will be re-noticed promptly in accordance with the calendar and procedures of the assigned judge, once the judge is assigned.

State Bar Defendant's Notice of Motion and Motion to Compel Compliance with Non-Party Subpoena

**PROOF OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On March 14, 2022, I served a copy of:
**DEFENDANT STATE BAR OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**

on the party(s) listed below:

| | |
|---|---|
| Lenore Albert | Leslie Westmoreland |
| 31872 Joshua Dr #22C | 4235 North College Avenue |
| Trabuco Canyon, CA 92679 | Fresno, CA 93704 |
| lenorealbert@msn.com | leslieww1@gmail.com |
| LenAlbert@InteractiveCounsel.com | Non-Party Witness |
| Pro Per | |

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage    thereon fully prepaid and placing the envelope in the office's daily mail processing center for mailing in the United States mail at San Francisco, California.

☒ **By electronic mail** by personally transmitting a true copy thereof via an electronic mail  service connected to the internet, addressed to the email address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on March 14, 2022.

_/s/ Joan Randolph_
Joan Randolph

Proof of Service

1 | VANESSA L. HOLTON (111613)
2 | ROBERT G. RETANA (148677)
SUZANNE C. GRANDT (304794)
3 | MARC A. SHAPP (266805)
**OFFICE OF GENERAL COUNSEL**
4 | **THE STATE BAR OF CALIFORNIA**
180 Howard Street
5 | San Francisco, CA  94105-1639
Telephone: 415-538-2000; Facsimile: 415-538-2517
6 | Email: marc.shapp@calbar.ca.gov
7 |
Attorneys for Defendant State Bar of California
8 |
9 |                   UNITED STATES DISTRICT COURT
10 |                   EASTERN DISTRICT OF CALIFORNIA
11 | *In re* MOTION TO COMPEL          Misc. Case No. 1:22-at-00161
12 | COMPLIANCE WITH NON-PARTY
SUBPOENA
13 |                                   Underlying Litigation: 8:18-ap-01065-SC
14 | in the matter of
                                   *Albert v. Farfan, et al.*
15 | In re LENORE LUANN ALBERT-       U.S. Bankruptcy Court for the Central
16 | SHERIDAN d/b/a LAW OFFICES OF    District of California
LENORE ALBERT
17 |
         Debtor.
18 |
LENORE LUANN ALBERT-              **STIPULATION AND [PROPOSED]**
19 | SHERIDAN                         **ORDER GRANTING DEFENDANT**
d/b/a LAW OFFICES OF LENORE       **STATE BAR'S MOTION TO**
20 | ALBERT,                          **COMPEL COMPLIANCE WITH**
                                   **THIRD-PARTY SUBPOENA**
21 |
             Plaintiff,            **HEARING:**
22 |
23 | v.                               DATE:
                                   TIME:
24 |                                 PLACE:
                                   JUDGE:
MARICRUZ FARFAN, et al.,
25 |
             Defendants.
26 |
27 |
28 |

## STIPULATION AND [PROPOSED] ORDER

Defendant State Bar of California and Non-Party Witness Leslie Westmoreland hereby stipulate and jointly request that the Court enter an order granting Defendant State Bar's Motion to Compel Compliance with Non-Party Subpoena (ECF No. 1) as follows:

Defendant State Bar of California's Motion to Compel Compliance is **GRANTED.**

The Court orders that Non-Party Witness Leslie Westmoreland is commanded to appear and provide testimony at a deposition via Zoom on _____ at _____.

The Court further orders that Non-Party Witness Leslie Westmoreland respond to the State Bar's Request for Documents demanded in Exhibit A no later than _____.

Failure by Mr. Westmoreland to appear and provide testimony at deposition at this date and time and to respond to the State Bar's document requests will be deemed contempt pursuant to rule 45(g) of the Federal Rules of Civil Procedure and the Court will impose sanctions.

**PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

_____
United States Magistrate Judge

Stipulation and [Proposed] Order Granting Defendant State Bar's Motion to Compel

# EXHIBIT 15

 **The State Bar of California**

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

suzanne.grandt@calbar.ca.gov
415-538-2388

March 21, 2022

**VIA U.S. MAIL AND EMAIL TO LESLIEWW1@GMAIL.COM**

Leslie Westmoreland
4235 North College Avenue
Fresno, CA 93704

RE:     *In re Motion to Compel Compliance with Third-Party Subpoena*
        United States District Court, Eastern District of California
        Case No. 1:22-mc-00043-EPG

        In the matter of
        *Lenore LuAnn Albert v State Bar of California, et al.*
        United States Bankruptcy Court, Central District of California
        Adv. Pro No. 8:18-ap-1065-SC

Dear Mr. Westmoreland:

Further to my correspondence of March 14 and 16, 2022, I write to reiterate my requests that you state your availability for the discovery conference required by Eastern District of California Civil Local Rule 251. To ensure sufficient time to prepare the Joint Statement prior to the March 25 due date, our conference must occur promptly, and no later than end of day, Wednesday, March 23. You have not provided a substantive response to my two previous requests.

**Please advise promptly as to your availability for the conference required by Civil Local Rule 251(b) at a time on Tuesday, March 22, or Wednesday, March 23.** Your failure to respond to this letter by providing a date and time certain for the conference will be construed as a refusal to meet and confer. In such event, the State Bar will be required to inform the Court of your refusal to participate in the discovery conference pursuant to Local Rule 251(d).[1]

Alternatively, the State Bar remains amenable to resolving this matter through the stipulation I provided you on March 14. Please inform me how you wish to proceed.

---

[1] "Refusal of any counsel to participate in a discovery conference, or refusal without good cause to execute the required joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel."

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Leslie Westmoreland
March 21, 2022
Page 2


Sincerely,

*/s/*

Suzanne C. Grandt
Assistant General Counsel

cc:      Lenore Albert (via email)

# EXHIBIT 16

| From: | Grandt, Suzanne |
|---|---|
| To: | "Leslie Westmoreland" |
| Cc: | Shapp, Marc; Randolph, Joan |
| Subject: | RE: In re Motion to Compel Compliance with Non-Party Subpoena; USDC ED Case No. 1:22-mc-00043-EPG |
| Date: | Thursday, March 24, 2022 12:02:56 PM |
| Attachments: | 3.9.22_Letter_to_Albert_re_Westmoreland.pdf |
| | Stipulation_to_Withdraw_Westmoreland_as_Witness.pdf |
| | 3.15.2022 Shapp email to Albert re Westmoreland.pdf |

Mr. Westmoreland,

The State Bar is seeking your deposition and documents because Ms. Albert listed you in her initial disclosures as an individual having knowledge of facts relevant to her claims in this litigation. This has been explained to you more than once, including in Marc Shapp's March 9, 2022 letter to Lenore Albert that you were copied on, and which is attached again here for your reference. Recognizing the burden imposed on you, we told Ms. Albert we would not pursue your deposition if she would stipulate that neither party would use any evidence, whether testimonial or documentary, offered by you in the matter. Ms. Albert has refused engage with us in any meaningful way to secure your withdrawal as a witness in this case. As a result, we have no choice but to pursue your deposition and document production through a motion to compel.

Suzanne C. Grandt | Assistant General Counsel
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2388 | Suzanne.Grandt@calbar.ca.gov

**From:** Leslie Westmoreland <leslieww1@gmail.com>
**Sent:** Wednesday, March 23, 2022 9:41 PM
**To:** Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>
**Subject:** Re: In re Motion to Compel Compliance with Non-Party Subpoena; USDC ED Case No. 1:22-mc-00043-EPG

On Wed, Mar 16, 2022 at 18:37 Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov> wrote:

> Mr. Westmoreland,
>
> I don't even Know why I'm being deposed and I have received no notice of why I'm being deposed please explain that just as a courtesy and I respect
>
> I am in receipt of your email to Joan Randolph regarding the above-reference matter, in which you state "You don't need an order I will comply it's just a matter of processing two deaths in my family I just need more time that's all." Unfortunately, your pattern of behavior so far does leaves substantial room to doubt that you will comply absent court intervention.
>
> As I laid out in my March 14, 2020 letter to you, we propose a stipulated order compelling your appearance at a mutually agreeable time. If you truly intend to comply with the subpoena, then there should be no issue with agreeing to this. My letter and the proposed stipulated order are attached here again for your reference.
>
> If you will not agree to stipulate, then I reiterate my request to advise me promptly as to your availability for the conference required by Local Rule 251(b).
>
> Sincerely,
>
> Suzanne

Suzanne C. Grandt | Assistant General Counsel
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2388 | Suzanne.Grandt@calbar.ca.gov

**From:** Leslie Westmoreland <leslieww1@gmail.com>
**Sent:** Wednesday, March 16, 2022 11:16 AM
**To:** Randolph, Joan <Joan.Randolph@calbar.ca.gov>
**Subject:** Re: In re Motion to Compel Compliance with Non-Party Subpoena; USDC ED Case No. 1:22-mc-00043-EPG

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

On Wed, Mar 16, 2022 at 11:08 Randolph, Joan <Joan.Randolph@calbar.ca.gov> wrote:

> Mr. Westmoreland
> Hi Joan You don't need an order I will comply it's just a matter of processing two deaths in my family I just need more time that's all
> Please see attached service copy of:
> I askthat you withdraw the order
>
> ### DEFENDANT STATE BAR OF CALIFORNIA'S _AMENDED_ NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA
>
> I don't even know why I'm being deposed at all
> Joan Randolph | Legal Secretary
> Office of General Counsel
> The State Bar of California | 180 Howard St. | San Francisco, CA 94105
> 415.538.2186 | Joan.Randolph@calbar.ca.gov

# The State Bar
## of California

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

marc.shapp@calbar.ca.gov
415-538-2517

March 9, 2022

**VIA U.S. MAIL AND EMAIL: lenorealbert@msn.com; LenAlbert@InteractiveCounsel.com**
Lenore Albert
31872 Joshua Dr #22C
Trabuco Canyon, CA 92679

RE:      Failed deposition of Leslie Westmoreland

Dear Ms. Albert:

I write to confer with you regarding Mr. Westmoreland's repeated inability to appear for his deposition.

As you know, the Stat Bar first issued a deposition subpoena in this case on or about December 15, 2021, commanding Mr. Westmoreland's appearance and the production of documents on January 12, 2022. The State Bar twice agreed to reschedule Mr. Westmoreland's deposition based on his stated need for more time, first to help his wife recover from surgery and then due to his grief after the deaths of two close family members. Thereafter, the State Bar declined to accommodate Mr. Westmoreland's third request for a delay because he failed to offer any reason why he could not proceed, and the State Bar informed Mr. Westmoreland that it expected his appearance via Zoom as scheduled. On March 4, 2022, Mr. Westmoreland failed to appear at the scheduled time. In fact, while he ignored Ms. Grandt's email and telephone call, he eventually appeared approximately 30 minutes late after you called him. On the record, Mr. Westmoreland professed his inability to proceed with the deposition at that time, and refused to offer an alternative time.

Based on these facts, the State Bar is left to conclude that its only recourse to secure Mr. Westmoreland's deposition testimony is a court order compelling him to appear. We are cognizant of the burden responding to such a motion may represent for Mr. Westmoreland and have no desire to impose that burden on him. However, you have identified Mr. Westmoreland in your disclosures as an individual having knowledge of facts relevant to your claims. So long as that is the case, we must pursue his deposition and document production through whatever means are available to us.

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Lenore Albert
March 9, 2022
Page 2

Therefore, in order to spare Mr. Westmoreland further burden, we request that you stipulate that neither you nor the State Bar shall use in the course of this litigation any evidence, whether testimonial or documentary, offered by Mr. Westmoreland. Absent such an agreement, the State Bar intends in short order to secure a court order compelling Mr. Westmoreland's production of documents and appearance for deposition. Please review the enclosed proposed stipulation, and either sign and return it immediately, offer suggested revisions, or state that you do not agree to our proposal.

Finally, please note that Mr. Westmoreland has been copied on this letter so that he may be informed of the State Bar's effort to reach a resolution of this matter before taking further measures, such as moving to compel his compliance with the subpoena or seeking any other relief.

Sincerely,

*/s/ Marc Shapp*

Marc Shapp
Assistant General Counsel

Enclosure
cc: Leslie Westmoreland

**Grandt, Suzanne**

| | |
|---|---|
| **From:** | Shapp, Marc |
| **Sent:** | Tuesday, March 15, 2022 2:18 PM |
| **To:** | lenore albert; Grandt, Suzanne |
| **Cc:** | Randolph, Joan |
| **Subject:** | RE: Stipulation as to Leslie Westmoreland Facts and Evidence in Case 18-ap-01065-SC |

Ms. Albert,

If you had agreed simply to withdraw Mr. Westmoreland as a witness along the lines of the proposed stipulation we provided on March 10, then a motion to compel his deposition would have been unnecessary. Instead, you stated that you would propose stipulated facts as a condition for agreeing to withdraw Mr. Westmoreland. If we were to reach agreement, we would of course withdraw the motion to compel. However, given the impending discovery cutoff, we have no choice but to proceed—for now—with a motion to compel in case discussions with you do not result in an agreement.

Based on your email below, it does not appear that you had any intention of providing us with your proposal for stipulated facts by the close of business today. Even so, we remain open to discussions with you to find a way to eliminate the need for Mr. Westmoreland's deposition. Please advise.

Sincerely,

Marc A. Shapp (he/him/his)
Assistant General Counsel | Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2517 | Marc.Shapp@calbar.ca.gov

***Working to protect the public in support of the mission of the State Bar of California.***
Please consider the environment before printing this email.
LinkedIn | Twitter | Facebook | Instagram

*This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply email and delete all copies of the message. Thank you.*

**From:** lenore albert <lenalbert@interactivecounsel.com>
**Sent:** Tuesday, March 15, 2022 1:45 PM
**To:** Shapp, Marc <Marc.Shapp@calbar.ca.gov>; Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>
**Subject:** Stipulation as to Leslie Westmoreland Facts and Evidence in Case 18-ap-01065-SC

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Counsel,

You filed a motion after I had tried to work things out with you and draft a stipulation of facts regarding Westmoreland's evidence even though you gave me a deadline of 5PM today.

1

So, now I am going to focus on my reply brief due today with regard to my pending motion to amend. If you think your 5PM deadline today has any usefulness at this point, please let me know. I fail to see it. The dirty laundry is sitting in the Eastern District and you put it there.

Lastly, even if you come up with something useful, I cannot make your 5PM deadline or it would be doubtful because it is 1:43PM now. I cannot tell if these are fish heads to distract me or part of the scheme I saw you play out at the deposition. Since I do not even have Mr. Westmoreland's transcript yet, I have nothing but my memory to verify how it even ended. I don't think what you wrote was completely accurate, but I need the transcript to verify it.

Sincerely,

Lenore Albert, Esq.
**Law Offices of Lenore Albert**
31872 Joshua Dr #22C
Trabuco Canyon, CA 92679
Phone: 424-365-0741
https://InteractiveCounsel.com

*Consumer trial lawyer serving Michigan and California residents*

Cal Bus & Prof Code 6001.1
"Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."

If you believe this statement, you are in my tribe.

THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION. ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED.

IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE, PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY.

THANK YOU.

1  VANESSA L. HOLTON (111613)
   General Counsel
2  ROBERT G. RETANA (148677)
   Deputy General Counsel
3  SUZANNE C. GRANDT (304794)
   Assistant General Counsel
4  MARC A. SHAPP (266805)
   Assistant General Counsel
5  **OFFICE OF GENERAL COUNSEL**
   **THE STATE BAR OF CALIFORNIA**
6  180 Howard Street
   San Francisco, CA  94105-1639
7  Telephone: 415-538-2000; Facsimile: 415-538-2517
   Email: marc.shapp@calbar.ca.gov
8
9  Attorneys for Defendant State Bar of California
10
11                    UNITED STATES BANKRUPTCY COURT
12                    CENTRAL DISTRICT OF CALIFORNIA
                        SANTA ANA DIVISION
13

| | |
|---|---|
| In re LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT<br><br>     Debtor. | Chapter 7<br><br>Case No.   SA 8:18-bk-10548-ES<br><br>Cons. Adv. Nos. 8:18-ap-01065-SC (lead); 8:20-ap-01095-SC |
| LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT,<br><br>     Plaintiff,<br><br>v.<br><br>MARICRUZ FARFAN, an individual; TIMOTHY BYER, ESQ., an individual; STATE BAR OF CALIFORNIA, a public corporation; NIRA WOODS, an individual; DEVAN LUCAS, ESQ., and DOES 1 through 1 through 10, inclusive,<br><br>     Defendants. | **STIPULATION TO WITHDRAW LESLIE WESTMORELAND AS WITNESS** |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

1   This Stipulation to Withdraw Leslie Westmoreland as Witness, between the remaining

2   parties to the above-captioned litigation (this action), Plaintiff Lenore Luann Albert-Sheridan

3   (Albert) and Defendant The State Bar of California (State Bar), by and through its attorneys, is

4   made as of the last signature date below.

5                                                    **RECITALS**

6                WHEREAS, on October 2, 2021, Albert disclosed in this action, pursuant to Federal Rule

7   of Civil Procedure 26(a)(1)(A)(i), attorney Leslie Westmoreland (Westmoreland) as an

8   individual who "has knowledge of the State Bar disciplinary system and the impact and damages

9   the violation of federal law caused."

10               WHEREAS, on January 7, 2022, Albert disclosed in this action, pursuant to Federal Rule

11  of Civil Procedure 26(a)(1)(A)(i), Westmoreland as an individual who "has knowledge of the

12  State Bar disciplinary system and the impact and damages the violation of federal law caused

13  because he was one of the attorneys who hired Plaintiff while she was suspended and he used to

14  be a prosecutor that worked with the State Bar prosecutors."

15               WHEREAS, on or about December 15, 2021, the State Bar served a deposition subpoena

16  in this action on Westmoreland commanding his appearance and the production of documents on

17  January 12, 2022.

18               WHEREAS, Westmoreland requested two delays of his deposition, which delays the

19  State Bar agreed to.

20               WHEREAS, on March 4, 2022, after the State Bar declined to agree to a third delay,

21  Westmoreland briefly appeared on the record for his deposition via Zoom. Mr. Westmoreland

22  stated he was unable to proceed with the deposition, and did not offer an alternative time.

23               WHEREAS, Albert and the State Bar wish to avoid imposing further on Mr.

24  Westmoreland in relation to this action, including avoiding the need for the State Bar to seek an

25  order compelling his appearance.

26               NOW THEREFORE, the undersigned parties do mutually agree as follows:

27

28

**AGREEMENT**

1.      Albert hereby withdraws the disclosure of Westmoreland as an individual having or being likely to have discoverable information that Albert may use to support her claims or defenses in this action.

2.      Albert further agrees:

       a.   to not call or attempt to call Westmoreland to testify at any hearing, at trial, or for any other purpose in this action; and

       b.   to not introduce or attempt to introduce any document or other non-testimonial evidence received from Westmoreland in support of any motion, at any hearing, at trial, or for any other purpose in this action.

3.      The State Bar hereby agrees:

       a.   before the close of the next business day after receiving Albert's signature on this Stipulation, to inform Westmoreland via email and U.S. mail that the State Bar withdraws the subpoena issued to Westmoreland;

       b.   to not issue any further subpoena to Westmoreland in this action;

       c.   to not call or attempt to call Westmoreland to testify at any hearing, at trial, or for any other purpose in this action; and

       d.   to not introduce or attempt to introduce any document or other non-testimonial evidence received from Westmoreland in support of any motion, at any hearing, at trial, or for any other purpose in this action.

///
///
///
///
///
///
///

Stipulation to Withdraw Leslie Westmoreland as Witness                                        8:18-ap-01065-SC

1       4.      The parties further agree that the terms of this Stipulation shall apply only to this

2 action, and shall in no way limit the parties' rights with respect to any other matter.

3 SO STIPULATED,

4 Dated: March _____, 2022           MARC A. SHAPP

5

6                                 By:_____

7                                     MARC A. SHAPP
                                    Attorney for Defendant
                                    State Bar of California

8 Dated: March _____, 2022           LENORE ALBERT

9

10                                 By:_____

11                                       LENORE ALBERT
                                    Pro Se

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 17

1
2
3
4
5
6

Lenore L. Albert, Esq. SBN 210876
31872 Joshua Dr #22C
Trabuco Canyon, CA 92679
Phone 424-365-0741

Email: lenorealbert@msn.com
Debtor/Plaintiff, pro per

FILED & ENTERED

JAN 20 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte     DEPUTY CLERK

7
8

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

SANTA ANA DIVISION

11

12
13
14

In re LENORE LUANN ALBERT-
SHERIDAN d/b/a LAW OFFICES OF
LENORE ALBERT

                    Debtor,

15
16
17

LENORE LUANN ALBERT-SHERIDAN
d/b/a LAW OFFICES OF LENORE
ALBERT,

18
19

                    Petitioner/Plaintiff(s),

v.

20

FARFAN, et al.

21
22

                    Respondents/Defendants

Chapter 7

CASE NO. SA 8:18-bk-10548-ES

ADVERSARY NO. 8:18-ap-01065-SC
                    8:20-ap-01095-SC

Assigned to the Hon. Scott C. Clarkson
Ctrm: 5C – Fifth Floor

**ORDER CONTINUING DISCOVERY
CUTOFF DATES**

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to an agreement reached by the parties, Plaintiff Lenore Albert and Defendant State Bar of California submitted a stipulation to continue discovery and related discovery motion cut off date from March 15, 2022 to April 15, 2022 [Dk. 253].

GOOD CAUSE appearing, both the discovery cut-off date and discovery motion deadline of March 15, 2022 as stated in Scheduling Order dated October 27, 2021 [Dk. 230], is hereby extended to April 15, 2022. No other dates and scheduling deadlines are extended herein.

IT IS SO ORDERED.

Date: January 20, 2022

Scott C. Clarkson
United States Bankruptcy Judge

1

**ORDER CONTINUING DISCOVERY CUTOFF DATES**

*Albert v Farfan, et al* 18-ap-01065-SC/20-ap-01095-SC

1    Westmoreland to produce records responsive to Second Amended Subpoena

2    no later than April 13, 2022 and to appear and provide complete testimony at

3    deposition via Zoom on April 13, 2022 at 2 p.m., or be held in contempt of

4    Court.

5

6  I declare under penalty of perjury under the laws of the United States of America

7  that the foregoing is true and correct.

8

9  Executed on March 25, 2022, at San Francisco, California.

10

11               /s/ SUZANNE C. GRANDT

                   SUZANNE C. GRANDT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Affidavit of Suzanne C. Grandt in Support of Def. State Bar of California's Motion to Compel (1:22-mc-0043-EPG)

**PROOF OF SERVICE**

1

2      I, Joan Randolph, hereby declare: that I am over the age of eighteen years

3    and am not a party to the within above-entitled action, that I am employed in the

4    City and County of San Francisco, that my business address is The State Bar of

5    California, 180 Howard Street, San Francisco, CA 94105.

6      On March 25, 2022, I served a copy of:

7    **AFFIDAVIT OF SUZANNE C. GRANDT IN SUPPORT OF DEFENDANT
     STATE BAR OF CALIFORNIA'S MOTION TO COMPEL**

8

9    on the party(s) listed below:

10   Lenore Albert                        Leslie Westmoreland
     31872 Joshua Dr #22C                 4235 North College Avenue
11   Trabuco Canyon, CA 92679             Fresno, CA 93704
12   lenorealbert@msn.com                 lesliew1@gmail.com
     LenAlbert@InteractiveCounsel.com     Non-Party Witness
13   Pro Per

14   ☒  **By first class mail** by placing a true copy thereof in a sealed envelope with

15        postage   thereon fully prepaid and placing the envelope in the office's daily

16        mail processing center for mailing in the United States mail at San

17        Francisco, California.

18   ☒  **By electronic mail** by personally transmitting a true copy thereof via an

19        electronic mail  service connected to the internet, addressed to the email

20        address listed above.

21      I declare under penalty of perjury under the laws of the State of California

22   that the foregoing is true and correct.

23      Executed at San Francisco, California on March 25, 2022.

24

25        _/s/ Joan Randolph_
          Joan Randolph
26

27

28

Proof of Service