UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MOTION TO COMPEL LESLIE WESTMORELAND'S COMPLIANCE WITH NON-PARTY SUBPOENA, FILED BY STATE BAR OF CALIFORNIA | Case No.   1:22-mc-00043-EPG<br><br>ORDER GRANTING MOTION TO COMPEL; DENYING REQUEST FOR SANCTIONS AND MOTION FOR RECUSAL AND TRANSFER<br><br>(ECF Nos. 1, 9, 12) |

The State Bar of California (the Bar) filed this miscellaneous action on March 14, 2022, seeking to compel Leslie Westmoreland's compliance with a non-party subpoena. (ECF No. 1). Westmoreland has not filed a response to the motion. However, the plaintiff in the underlying bankruptcy action, Lenore Luann Albert-Sheridan, has filed an opposition to the motion to compel, including a request for sanctions (ECF No. 9), and has filed a motion for the Court to consider recusal and to transfer this matter to the bankruptcy court. (ECF No. 12).

Upon review of the filings, the Court will grant the Bar's motion to compel (ECF No. 1) and will deny Albert-Sheridan's request for sanctions (ECF No. 9) and motion for recusal and transfer (ECF No. 12).[1]

---

[1] The issues before the court are not dispositive of any claim or defense for purposes of Federal Rule of Civil Procedure 72(a) because they concern discovery issues ancillary to the ongoing litigation in the underlying matter. *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020) ("A motion to quash typically involves a subpoena for discovery in connection with a pending lawsuit. In that situation, the motion is non-dispositive because it disposes of an ancillary discovery issue, and not a party's claim or defense.").

1

**I.     BACKGROUND**

The underlying action is a bankruptcy case in the Central District of California, 8:18-ap-1065-SC, where Albert-Sheridan is the plaintiff and the Bar is the defendant. The Bar states that, in the bankruptcy case, Albert-Sheridan identified Westmoreland, an attorney, as an individual likely to have discoverable information. (ECF No, 8, p. 3). Accordingly, to identify any evidence that Westmoreland may provide, the Bar served Westmoreland with a subpoena commanding him to appear for a deposition and to produce documents. (*Id.* at 3, 22). The place of compliance identified in the subpoena is the Garden Inn and Suites in Fresno, California, with the compliance date initially set for January 12, 2022. (*Id.* at 22). The accompanying proof of service states that Westmoreland was personally served at an address in Fresno on December 15, 2021. (*Id.* at 23).

According to the affidavit of the Bar's counsel, the deposition was initially delayed in December 2021 due to Westmoreland's wife having surgery and delayed again in January 2022 due to Westmoreland suffering the loss of family members. (*Id.* at 3-4). After further attempts to reschedule the deposition, with instances of Westmoreland failing to respond to communications, the deposition was reset for March 4, 2022, at 9:30 a.m. (*Id.* at 4-5). However, on March 1, 2022, Westmoreland asked to delay the deposition, this time offering no explanation. (*Id.* at 5). The Bar's counsel refused to do so. (*Id.* at 5-6).

On the day of the deposition, which had been set to proceed by Zoom in a second amended subpoena, Westmoreland failed to timely appear. (*Id.* at 6, 53). After multiple attempts, Westmoreland was finally reached. (*Id.* at 6). He thereafter appeared by Zoom, acknowledged that he had received the second amended subpoena, but stated that he was unable to move forward because he was too ill but that he would be able to be deposed at a later date. (*Id.* at 7, 128-29). Additionally, Westmoreland had not produced any records pursuant to the subpoena. (*Id.* a 7).

Based on the unsuccessful attempts to depose Westmoreland and obtain documents, the Bar filed this motion to compel, stating that compliance with the subpoena is sought in Fresno, California where Westmoreland resides. (*Id.*). With the filing the motion, the Bar wrote Westmoreland in an attempt to meet and confer as required by Local Rule 251. (*Id.* at 7, 133).

1  Additionally, the motion to compel contains a proof of service on Westmoreland by mail and
2  email. (ECF No. 1, p. 3).

3  Westmoreland confirmed receipt of the motion to compel in an email on March 16, 2022,
4  but provided no date and time to meet and confer. (ECF No. 8, pp. 7, 143). In the attached email,
5  Westmoreland states that he will comply without a court order. (*Id.* at 143). However, counsel for
6  the Bar responded that Westmoreland's past behavior cast doubt on this representation and
7  instead proposed entering a stipulation for him to appear at a mutually agreeable time;
8  alternatively, the email reiterated the Bar's request to confer regarding the motion under Local
9  Rule 251(b). (*Id.*).

10  After receiving no response, counsel for the Bar wrote Westmoreland on March 21, 2022,
11  reiterating the request to meet and confer and warning him that his failure to respond would be
12  taken as a refusal to meet and confer. (*Id.* at 8, 154). Westmoreland responded that he did not
13  know why he was being deposed and asked for an explanation. (*Id.* at 8, 157). Counsel for the Bar
14  responded, explaining that his deposition was sought because Albert-Sheridan had listed him in
15  her disclosures as having knowledge relating to the bankruptcy proceedings. (*Id.* at 157).

16  On March 25, 2022, the Bar filed the affidavit of Attorney Suzanne Grandt, stating that
17  Westmoreland has failed to meaningfully confer regarding the motion as required by Local Rule
18  251(b) and asking that the Court order Westmoreland to comply with the subpoena or be subject
19  to contempt sanctions. (*Id.* at 8). The Bar states that his deposition must be obtained soon,
20  proposing April 13, 2022, at 2 p.m., because discovery in the bankruptcy action is set to close on
21  April 15, 2022. (*Id.* at 9, 169).

22  On March 25, 2022, Albert-Sheridan filed an opposition raising various objections to the
23  motion to compel and requesting monetary sanctions be issued to compensate her for her
24  expenses. (ECF No. 9). The Bar responded on March 29, 2022, arguing that Albert-Sheridan
25  lacked any standing to oppose the motion to compel on Westmoreland's behalf. (ECF No. 11).
26  On April 4, 2022, Albert-Sheridan filed motion asking this Court to consider recusal because
27  there has been a report to the Bar that she engaged in the unauthorized practice of law in a
28  separate case in this District before a different judge. (ECF No. 12). She also asked that this

matter be transferred to the bankruptcy court for decision.

## II.    LEGAL STANDARDS

A party may obtain information from a non-party in a case by serving a subpoena. Fed. R. Civ. P. 45. Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), a motion to compel compliance with the subpoena must be brought in "the district where compliance is required" and the issuing court, if different from the one where compliance is required, lacks jurisdiction to enforce the subpoena. *First Am. Cinema, LLC v. Chicken Soup for the Soul Ent., Inc.*, No. 2:19-cv-09577-PSG-GJS, 2021 WL 1526759, at *1 (C.D. Cal. Apr. 7, 2021) (noting that "the issuing court is without jurisdiction to enforce the subpoena" under Rule 45(d)(2)(B)(i)). Likewise, Rule 45(g) permits the district where compliance is required to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." However, under Rule 45(f), the court where compliance is required may transfer a motion to compel to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances."

As a general rule, a party "lacks standing to object to a subpoena issued to a nonparty witness" because of "the principle that the person served with process is the proper party to allege error." *United States v. Viltrakis*, 108 F.3d 1159, 1161 (9th Cir. 1997); *see In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 852 (9th Cir. 1991) ("The subpoenas do not seek documents pertaining to Doe Two. Neither are the subpoenas directed to him. Thus, he lacks standing to challenge the subpoenas."). There are limited exceptions to this rule; for example, a party may object to a subpoena on a non-party's behalf when they have a close relationship with the person and the person lacks the ability to protect their own interests, *Sines v. Kessler*, No. 18-MC-80080-JCS, 2018 WL 3730434, at *9 (N.D. Cal. Aug. 6, 2018), or the party may object to a subpoena when the party has a personal right or privilege regarding the information held by the non-party, *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010).

When a Rule 45 motion is filed, Local Rule 251(b) requires that the parties first meet and confer so that they can attempt to resolve their dispute. If one party fails to confer in good faith, the other may "may file and serve an affidavit so stating, [and] setting forth the nature and extent

4

of counsel's efforts to arrange the required conference." LR 251(d). And "[r]efusal of any counsel to participate in a discovery conference . . . shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel." *Id.*

### III. ANALYSIS

After considering the above standards and the circumstances of the case, the Court will grant the motion to compel.

The motion is properly before this Court as compliance is sought in this District. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). Moreover, Westmoreland has not consented to the transfer of the motion to the issuing court nor does the Court find exceptional circumstances for doing so. *See* Fed. R. Civ. P. 45(f).

Further, as detailed above, despite the Bar repeatedly seeking to compel Westmoreland's compliance with the subpoena through informal means, Westmoreland has failed to participate in a deposition or produce documents. While the affidavit and attachments indicate that Westmoreland has experienced personal circumstances that have justifiably delayed compliance with the subpoena, they also show that Westmoreland has delayed compliance at times without sufficient explanation and has been slow to respond to communications attempting to schedule a deposition based on his availability. Most notably, Westmoreland has failed to file any response opposing the motion to compel, which is grounds alone to grant the motion. LR 251(d); *see also* LR 230(c) ("A failure to file a timely opposition may also be construed by the Court as a nonopposition to the motion."). Further, in light of the soon approaching discovery-cutoff deadline in the bankruptcy action, it is unreasonable to expect, based on Westmoreland's history of delays and unresponsiveness, that he will be diligent in complying with a subpoena absent a court order.

The Court notes that Albert-Sheridan has opposed the motion to compel and has likewise requested sanctions and moved for the Court's recusal and transfer of the motion. However, Albert-Sheridan lacks standing to object because the subpoena is directed to Westmoreland, not Albert-Sheridan, and there are none of the limited circumstances present here giving her standing

to oppose the motion to compel. Moreover, while Westmoreland has inexplicably delayed compliance with the subpoena, the affidavit and accompanying attachments reflect that he is ultimately willing to comply. The Court will not entertain opposition to a motion that Westmoreland himself has not offered.

## IV.     ORDER

Based on above reasons, IT IS ORDERED as follows:

1. The State Bar of California's motion to compel (ECF No. 1) is granted;
2. Non-Party Witness Leslie Westmoreland is ordered to produce all documents responsive to the State Bar of California's amended subpoena on or before April 13, 2022;
3. Non-Party Witness Leslie Westmoreland is ordered to appear and provide testimony at a deposition via Zoom on April 13, 2022, at 2 p.m.;
4. A failure by Non-Party Witness Leslie Westmoreland to comply with this Order may subject him to contempt sanctions pursuant to Federal Rule of Civil Procedure 45(g);
5. The Clerk is directed to serve Leslie Westmoreland with a copy of this order at 4235 North College Avenue, Fresno, California 93704.
6. Albert-Sheridan's request for sanctions (ECF No. 9) is denied; and
7. Albert-Sheridan's motion for the Court to consider recusal and transfer this matter to the underlying action (ECF No. 12) is denied.

IT IS SO ORDERED.

Dated:   **April 6, 2022**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

6