1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   *IN RE* MOTION TO COMPEL LESLIE           Case No.   1:22-mc-00043-EPG
     WESTMORELAND'S COMPLIANCE
11   WITH NON-PARTY SUBPOENA, FILED            ORDER REOPENING CASE
     BY STATE BAR OF CALIFORNIA
12                                             ORDER DIRECTING CLERK OF COURT TO
                                               ASSIGN DISTRICT JUDGE
13
                                               CERTIFICATION OF FACTS REGARDING
14                                             MOTION FOR CONTEMPT FINDING

15                                             REPORT AND RECOMMENDATION,
                                               RECOMMENDING THAT THE ASSIGNED
16                                             DISTRICT JUDGE HOLD LESLIE
                                               WESTMORELAND IN CIVIL CONTEMPT
17                                             AND AWARD $1 IN SANCTIONS

18                                             (ECF No. 16)

19                                             OBJECTIONS, IF ANY, DUE WITHIN
                                               TWENTY-ONE (21) DAYS
20

21          The State Bar of California (the Bar) filed this miscellaneous action to compel Leslie

22   Westmoreland's compliance with a non-party subpoena. (ECF No. 1). After Westmoreland failed

23   to respond, the Court issued an order on April 7, 2022, compelling Westmoreland to comply with

24   the subpoena. (ECF No. 14). After hearing nothing further, the Court directed the Clerk of Court

25   to close this case on April 27, 2022. (ECF No. 15).

26          On May 6, 2022, the Bar moved to reopen the case, to find Westmoreland in civil

27   contempt for failure to comply with the Court's order, and to award it nominal sanctions of $1.

28   For the reasons given below, the Court will reopen this case, direct the Clerk of Court to assign a

                                              1

District Judge, certify the facts constituting a civil contempt, and recommend that Westmoreland be found in civil contempt and that the Bar be awarded $1 in sanctions.

## I.      BACKGROUND

### A.      Motion to Compel

The underlying action is a bankruptcy case in the Central District of California, 8:18-ap-1065-SC, where Albert-Sheridan is the plaintiff and the Bar is the defendant. In that case, Albert-Sheridan identified Westmoreland, an attorney, as an individual likely to have discoverable information. (ECF No, 8, p. 3). Accordingly, to discover any evidence that Westmoreland would provide, the Bar served Westmoreland with a subpoena commanding him to appear for a deposition and to produce documents. (*Id.* at 3, 22). The place of compliance identified in the initial subpoena was the Garden Inn and Suites in Fresno, California, with the compliance date initially set for January 12, 2022. (*Id.* at 22). The accompanying proof of service stated that Westmoreland was personally served at an address in Fresno on December 15, 2021. (*Id.* at 23).

According to the affidavit of the Bar's counsel, the deposition was initially delayed in December 2021 due to Westmoreland's wife having surgery and delayed again in January 2022 due to Westmoreland suffering the loss of family members. (*Id.* at 3-4). After further attempts to reschedule the deposition, with instances of Westmoreland failing to respond to communications, the deposition was reset for March 4, 2022, at 9:30 a.m. (*Id.* at 4-5). However, on March 1, 2022, Westmoreland asked to delay the deposition, this time offering no explanation. (*Id.* at 5). The Bar's counsel refused to do so. (*Id.* at 5-6).

On the day of the deposition, which had been set to proceed by Zoom in a second amended subpoena, Westmoreland failed to timely appear. (*Id.* at 6, 53). After multiple attempts, Westmoreland was finally reached. (*Id.* at 6). He thereafter appeared by Zoom, acknowledged that he had received the second amended subpoena, but stated that he was unable to move forward because he was too ill but that he would be able to be deposed at a later date. (*Id.* at 7, 128-29). Additionally, Westmoreland did not produce any records pursuant to the subpoena. (*Id.* a 7).

Based on the unsuccessful attempts to depose Westmoreland and obtain documents, the

Bar filed a motion to compel, stating that compliance with the subpoena was sought in Fresno, California where Westmoreland resides. (*Id.*). With the filing of the motion, the Bar wrote Westmoreland in an attempt to meet and confer as required by Local Rule 251. (*Id.* at 7, 133). Additionally, the motion to compel contained a proof of service on Westmoreland by mail and email. (ECF No. 1, p. 3).

     Westmoreland confirmed receipt of the motion to compel in an email on March 16, 2022, but provided no date and time to meet and confer. (ECF No. 8, pp. 7, 143). In an attached email, Westmoreland stated that he would comply without a court order. (*Id.* at 143). However, counsel for the Bar responded that Westmoreland's past behavior cast doubt on this representation and instead proposed entering a stipulation for him to appear at a mutually agreeable time; alternatively, the email reiterated the Bar's request to confer regarding the motion under Local Rule 251(b). (*Id.*).

     After receiving no response, counsel for the Bar wrote Westmoreland on March 21, 2022, reiterating the request to meet and confer and warning him that his failure to respond would be taken as a refusal to meet and confer. (*Id.* at 8, 154). Westmoreland responded that he did not know why he was being deposed and asked for an explanation. (*Id.* at 8, 157). Counsel for the Bar responded, explaining that his deposition was sought because Albert-Sheridan had listed him in her disclosures as having knowledge relating to the bankruptcy proceedings. (*Id.* at 157).

     On March 25, 2022, the Bar filed the affidavit of Attorney Suzanne Grandt, stating that Westmoreland had failed to meaningfully confer regarding the motion as required by Local Rule 251(b) and asked the Court to order Westmoreland to comply with the subpoena or be subject to contempt sanctions. (*Id.* at 8). The Bar stated that his deposition had to be obtained soon, proposing April 13, 2022, at 2 p.m., because discovery in the bankruptcy action was set to close on April 15, 2022. (*Id.* at 9, 169). Westmoreland never responded to the Bar's motion.

     On April 7, 2022, this Court issued an order granting the Bar's motion to compel, concluding that, despite the Bar repeatedly seeking to compel Westmoreland's compliance with the subpoena through informal means, Westmoreland failed to participate in a deposition or produce documents. (ECF No. 14).

The Court ordered Westmoreland to produce all documents responsive to the State Bar of California's amended subpoena on or before April 13, 2022; ordered him to appear and provide testimony at a deposition via Zoom on April 13, 2022, at 2 p.m.; and warned him that a failure to comply with the order may subject him to contempt sanctions pursuant to Federal Rule of Civil Procedure 45(g). The Clerk was directed to serve Westmoreland with a copy of the order, and an April 7, 2022 docket notation confirms that the Clerk did so. On April 27, 2022, after hearing nothing further, the Court directed the Clerk of Court to close the case. (ECF No. 15).

### B.    Instant Motion

On May 6, 2022, the Bar filed the instant motion, asking to reopen the case. (ECF No. 16). The Bar states that Westmoreland failed to produce any documents or attend his deposition as required by the Court's order and seeks to hold him in contempt and obtain a sanction of $1.

In support, the Bar provides the declaration of its counsel, stating that counsel emailed Westmoreland a courtesy copy of this Court's order on April 8, 2022, and that a legal secretary followed up on April 12, 2022, by email with the pertinent Zoom information for the scheduled deposition. (ECF No. 16-1, p. 2). On April 13, 2022, around 2 p.m., Bar counsel, Albert-Sheridan, and a court reporter appeared remotely for the deposition, but Westmoreland never appeared. (*Id.*). Attempts to reach him were unsuccessful, and the deposition was canceled. (*Id.*). The declaration states that Westmoreland has not contacted the Bar regarding his deposition nor has he produced any documents in response to the Court's order. (*Id.* at 3). Moreover, fact discovery has since concluded in the underlying bankruptcy action.[1] (*Id.*). Lastly, the Bar was unable to obtain a transcript from the attempted April 13, 2022 deposition until April 28, 2022, the day after this case was closed. (*Id.*).

Westmoreland has not filed any response to the Bar's motion, and the time for him to do so has expired under Local Rule 230(c). However, Lenore Albert-Sheridan, the plaintiff in the

---

[1] The Court notes that, in the bankruptcy action, the presiding judge issued an order on June 8, 2022, granting a motion by the Bar to exclude Westmoreland as a witness in that case based on his failure to comply with the subpoena. (Case No. 8:18-ap-1065-SC (ECF Nos. 335, 374)); *see GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017) (noting that a court may take judicial notice of the existence of another court's order).

4

1   underlying bankruptcy action, filed an opposition to the motion on May 27, 2022, arguing that the

2   Bar inexcusably delayed filing this motion and that it has offered no proof that Westmoreland was

3   able to comply with the Court's April 7, 2022 order. (ECF No. 18). The Bar replied on June 3,

4   2022, arguing that the opposition should be disregarded because Albert-Sheridan lacks standing

5   to make arguments on Westmoreland's behalf. The Court agrees that Albert-Sheridan, who is not

6   the subject of contempt sanctions nor the attorney of Westmoreland, lacks standing to oppose the

7   Bar's motion.[2] Thus, the Court will not address her opposition brief. *See In re Lebbos*, No. CIVS-

8   09-3371 FCD, 2010 WL 1558684, at *3 (E.D. Cal. Apr. 19, 2010) (noting that a party lacks

9   standing to challenge a civil contempt order that did not apply to that party).

10   **II.     LEGAL STANDARDS**

11          A party may obtain information from a non-party in a case by serving a subpoena. Fed. R.

12   Civ. P. 45. Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), a party may seek and obtain (as

13   the Bar has done here) in the district where compliance is required, an order compelling

14   compliance with a subpoena. Under Rule 45(g), the district where compliance is required to "hold

15   in contempt a person who, having been served, fails without adequate excuse to obey the

16   subpoena or an order related to it." And "[a] court may impose sanctions against a nonparty for

17   failure to comply with a subpoena . . . [or order] pursuant to Rule 45." *Chaudhry v. Angell*, No.

18   1:16-CV-01243-SAB, 2021 WL 1711101, at *3 (E.D. Cal. Apr. 29, 2021).

19          Where a party seeks civil contempt, the Court is required to follow the procedure of 28

20   U.S.C. § 636(e)(6):

21          [T]he magistrate judge shall forthwith certify the facts to a district judge and may
            serve or cause to be served, upon any person whose behavior is brought into
22          question under this paragraph, an order requiring such person to appear before a
            district judge upon a day certain to show cause why that person should not be
23          adjudged in contempt by reason of the facts so certified. The district judge shall
            thereupon hear the evidence as to the act or conduct complained of and, if it is
24          such as to warrant punishment, punish such person in the same manner and to the
            same extent as for a contempt committed before a district judge.
25

26   28 U.S.C.A. § 636(e)(6); *see Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th

27   _____

28   [2] This Court's April 7, 2022 order likewise concluded that Albert-Sheridan lacked standing to object to the
     motion to compel on Westmoreland's behalf. (ECF No. 14).

1   Cir. 1991) (noting that "28 U.S.C. § 636, which governs the jurisdiction and powers of

2   magistrates, requires a magistrate to refer contempt charges to a district court judge"). "In

3   certifying the facts under Section 636(e), the magistrate judges's role is to determine whether the

4   moving party can assert sufficient evidence to establish a prima facie case of contempt."

5   *Michelson v. Found. Fin., Inc.*, No. 13MC1204-CAB, 2014 WL 7366793, at *1 (S.D. Cal. Dec.

6   23, 2014); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 20-CV-01712-LAB-JLB, 2021 WL

7   2633592, at *2 (S.D. Cal. June 25, 2021) (noting that magistrate judges are to provide "a specific

8   certification of all facts supporting any recommendation that a particular individual be held in

9   contempt"). Accordingly, the Court will certify the pertinent facts regarding contempt and make a

10  recommendation based on those facts and the pertinent law.

11          "Civil contempt is appropriate only when a party fails to comply with a court order that is

12  both specific and definite." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989).

13  And a party is required to take all reasonable steps within the party's power to insure compliance

14  with a court's order. *Id.* at 466. Moreover, "[t]he absence of wilfulness does not relieve from civil

15  contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with

16  an order of the court or to compensate for losses or damages sustained by reason of

17  noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Lastly, "[t]he

18  proof for civil contempt must be clear and convincing—a higher standard than the preponderance

19  of the evidence standard but less stringent than beyond a reasonable doubt." *Balla*, 869 F.2d at

20  466.

21  **III.   ANALYSIS**

22          **A.      Request to Reopen Case**

23          As an initial matter, the Court will grant the Bar's request to reopen this case. Citing Rule

24  60(b)(6), which allows a court to relieve a party of a final order based on "any . . . reason that

25  justifies relief,"[3] the Bar states that no deadline was given to seek contempt; it acted expeditiously

26  in bringing this motion; and it was only able to obtain the transcript from the April 13, 2022

27  _____

28  [3] While the Bar refers to the text of Rule 60(b)(6), it mistakenly cites "Rule 60(e)," which abolishes varies
bills and writs, such as "bills of review." (ECF No. 16, p. 7).

attempted deposition on April 28, 2022, one day after the Court closed this case. (ECF No. 16, p. 7).

The Court reopens the case, but not pursuant to Rule 60(b), which "applies only to final judgments or final, appealable orders," with a final decision being "one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ewing v. Megrdle*, No. CV 12-01334 MWF AJW, 2015 WL 1675030, at *3 (C.D. Cal. Mar. 26, 2015) (internal citations and quotation marks omitted). Here, the Court's order regarding the motion to compel was not case dispositive because the underlying bankruptcy action continues to be litigated on the merits. *See Cognate BioServices, Inc. v. Smith*, No. CIV. WDQ-13-1797, 2015 WL 1256499, at *6 n.19 (D. Md. Mar. 17, 2015) ("Judge Sullivan's order was a normal discovery decision and was not dispositive-the case continues to be litigated extensively by the parties and MacroCure under WDQ–13–1797."). Accordingly, the Court will direct the Clerk of Court to reopen this case. *See Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-CV-01277-JAD-NJ, 2015 WL 4918065, at *2 (D. Nev. Aug. 18, 2015) (noting that administrative closure of miscellaneous action does not change otherwise nondispostive nature of underlying decision).

### B.      Request for Contempt Finding and Sanctions

The Bar requests that Westmoreland be held in contempt and be required to pay a $1 sanction for failing to comply with the Court's order compelling compliance with the subpoena. (ECF No. 16, pp. 7-8). As grounds, the Bar argues that it is uncontroverted that Westmoreland disregarded this Court's Order without any justification by failing to appear for his deposition and failing to produce any documents. (*Id.* at 9). Based on the below certification of facts, the Court will recommend that the Bar's request be granted.

#### 1.      Certification of Facts in Support of Contempt Finding

As required by 28 U.S.C. § 636(e)(6), the Court certifies the facts supporting a finding of contempt:

- On March 14, 2022, the Bar filed a motion to compel Westmoreland's compliance with a non-party subpoena. (ECF No. 1).
- The subpoena (and amended subpoena) sought Westmoreland's deposition and for him to

1   produce certain documents. (ECF No. 8, pp. 22-27; 53-57).

2   • After Westmoreland filed no opposition to the motion to compel, the Court issued an

3     order on April 7, 2022, granting the motion to compel. (ECF No. 14).

4   • This order provided as follows:

5       ○ "Non-Party Witness Leslie Westmoreland is ordered to produce all documents

6         responsive to the State Bar of California's amended subpoena on or before April

7         13, 2022";

8       ○ "Non-Party Witness Leslie Westmoreland is ordered to appear and provide

9         testimony at a deposition via Zoom on April 13, 2022, at 2 p.m.";

10      ○ "A failure by Non-Party Witness Leslie Westmoreland to comply with this Order

11        may subject him to contempt sanctions pursuant to Federal Rule of Civil

12        Procedure 45(g)";

13      ○ "The Clerk is directed to serve Leslie Westmoreland with a copy of this order at

14        4235 North College Avenue, Fresno, California 93704."

15  • The Clerk of Court entered a notation on the docket on April 7, 2022, noting that this

16    order was served on Westmoreland.

17  • According to the uncontroverted declaration of Bar counsel,

18      ○ Counsel emailed Westmoreland a courtesy copy of this order on April 8, 2022, and

19        a legal secretary emailed him on April 12, 2022, a Zoom invitation for the

20        deposition scheduled for April 13, 2022. (ECF No. 16-1, p. 2).

21      ○ Westmoreland did not appear for his deposition on April 13, 2022. (*Id.* at 2-3).

22      ○ Westmoreland has not produced any documents responsive to the subpoena. (*Id.* at

23        3).

24      ○ Westmoreland has not contacted the Bar's counsel regarding the subpoena since

25        the Court's issued the order granting the motion to compel. (*Id.*).

26  • On May 6, 2022, the Bar moved to reopen the case, to hold Westmoreland in contempt,

27    and to be awarded $1 in sanctions. (ECF No. 16).

28  • The Bar has filed a proof of service that it served its motion on Westmoreland. (ECF No.

8

16, p. 10; *see* ECF No. 16-1, p. 114).

- Westmoreland has not filed a timely response to the motion. *See* LR 230(c).

**2.      Recommendation Based on Certified Facts**

Based on these certified facts, the Court recommends that Westmoreland be held in civil contempt. The Court entered a clear and definite order for Westmoreland to appear and provide testimony at a deposition via Zoom on April 13, 2022, at 2 p.m. and to produce documents responsive to the subpoena, warning him that a failure to do so may subject him to contempt sanctions under Rule 45(g). This order was served on Westmoreland by the Clerk of Court, and he was provided on April 12, 2022, the information to participate by Zoom. However, Westmoreland never appeared at the deposition, never produced any documents responsive to the subpoena, and never contacted the Bar regarding compliance with the Court's order. Moreover, Westmoreland has never filed any response to the Bar's motion for contempt. Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a nonopposition to the motion.").

Given these facts, the Bar has established a prima facie case of civil contempt against Westmoreland by clear and convincing evidence based on his failure to comply with this Court's April 7, 2022 order. And the Bar has shown that it is entitled to its requested contempt sanction of $1.

**IV.      ORDER AND RECOMMENDATIONS**

Based on above reasons, IT IS ORDERED that the State Bar of California's motion (ECF No. 16) is granted to the extent that it seeks to reopen this case. The Clerk of Court shall reopen this case and assign a District Judge.[4]

Additionally, IT IS RECOMMENDED as follows:

1.   The State Bar of California's motion (ECF No. 16) be granted as to its request to find Leslie Westmoreland in contempt and request for sanctions;

---

[4] The Court will not order Westmoreland to appear before the assigned District Judge under 28 U.S.C. § 636(e)(6), but instead defers to the District Judge's discretion in whether to order Westmoreland to appear.

2.  Leslie Westmoreland be held in civil contempt based on his failure to comply with this Court's April 7, 2022, order;

3.  Leslie Westmoreland be ordered to pay $1 as a sanction to the Bar;

4.  This matter be closed; and

5.  The Clerk is directed to serve Leslie Westmoreland with a copy of this order at 4235 North College Avenue, Fresno, California 93704.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a litigant with standing may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __June 29, 2022__                          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE